IN FORMAT TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BZ-2761
(Inmate Number)

TERRANCE MONTAGUE
(Name of Plaintiff)                     (Case Number)

SCI-ROCKVIEW,
Box A, Bellefonte, PA 16823-0820        COMPLAINT
(Address of Plaintiff)

vs.

ROBERT W. MEYERS, ROBERT S. BITNER,
DAVID J. WAKEFIELD, TERRY L. WHITMAN,
JACK M. ALLAR, LARRY LIDGETT,
LT. DECKER, MAJOR YANCEY,
JEFFREY A. RACKOVAN

TO BE FILED UNDER: 42 U.S.C. §1983 - STATE OFFICIALS

I. Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   MONTAGUE VS ENGLISH ET AL, CASE NUMBER CA 99-158

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at you institution?
   X Yes ___ No

   B. Have you filed a grievance concerning the facts relating to this complaint? X Yes ___ No

   If your answer is no, explain why not _____

   C. Is the grievance process completed? X Yes ___ No

III. Defendants

   A. Defendant Robert W. Meyers employed as the Superintendant at SCI-Rockview, Box A, Bellefonte, PA 16823-0820

   B. Defendant Robert S. Bitner employed as a member of the Central Office Review Committe (CORC) at SCI-Camp Hill, PA 17001-0598

   C. Defendant David J. Wakefield employed as Deputy Superintendant at SCI-Rockview, Box A, Bellefonte, PA 16823-0820

   D. Defendant Terry L. Whitman is employed as Deputy Superintendant at SCI-Rockview, Box A, Bellefonte, PA 16823-0820

   E. Defendant Jack Allar is employed as Unit Manager at SCI-Rockview, Box A, Bellefonte, PA 16823-0820

   F. Defendant Larry Lidett is employed as Health Care Administrator at SCI-Rockview, Box A, Bellefonte, PA 16823-0820

   G. Defendant Lt. Decker is employed as Block Lieutenant at SCI-Rockview, Box A, Bellefonte, PA 16823-0820

   H. Defendant Major Yancy is employed as Major of the guards at SCI-Rockview, Box A, Bellefonte, PA 16823-0820

   I. Defendant Jeffert Rackovan is employed as Grievance Coordinator at SCI-Rockview, Box A, Bellefonte, PA 16823-0820

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes.)

   1. The Department of Corrections (D.O.C.) has put out a Policy Statement, Policy Subject: Smoking in Department of Corrections Buildings and Facilities, Policy Number: 15.3.6, Date of issue: 5/20/94, Effective Date: 8/22/94.

   2. SCI-Mahanoy put out a Policy Statement, Policy Subject Institutional Smoking Policy - SCI-Mahanoy, Policy Number: 15.3.6 Mah1, Date of issue: 8/1/94, Effective Date: 8/22/94, V. Policy "... When these preferences conflict, the preferences of the nonsmoker shall prevail. The right of an individual to protect his or her health shall take precedence over an individual's desire to smoke. Smoking shall be permitted/prohibited as specified herein....;" VI. Procedures " 3. ...inmate individually occupied cells/rooms or double cells/rooms as follows: a. Unit Managers or staff responsible for assignment of inmates to cells/rooms shall make a determination of the inmate's smoking and non-smoking preference prior to initiating the placement and upon arrival at the facility.; b. Every attempt shall be made to honor inmates' smoking preference. Inmates who are nonsmokers may be housed in a cell/room with another nonsmoking inmate. In the event the nonsmoking inmate requests to be assigned with a specific

inmate who is a smoker, his/her request may be honored provided there are no overriding security concerns. This request shall be documented in the DC-15, waiving his/her rights to cell/room with a nonsmoker.

c. Nonsmoking inmates currently assigned to a cell/room with a smoking inmate may request to be reassigned to another cell/room. The Unit Manager or staff responsible for assignment will establish a waiting list for these moves. Actual cell/room reassignments shall be based on availability, appropriateness of cell/room mates, an inmate's health condition which may be aggravated by ETS and the inmate's position on the list.

3. That plaintiff does not smoke, had a respiratory disease (Asthmas) and uses an inhaler which he gets as part of his medical treatment here at SCI-Rockview.

4. On/before 12/27/99 plaintiff told and/or wrote to Larry Lidgett, Major Yancey, Mr. Kushwara, Lt. Solete, and Mr. Duck, that he did not smoke, had a respiratory disease (Asthmas) and uses an inhaler, that the inmate put in his cell was a smoker, and was causing him breathing problems, but no action was taken.

5. On 12/28/99 plaintiff filed an Official Inmate Grievance #ROC0768-99 to the Grievance Coordinator, Mr Jeffrey Rackovan, that he did not smoke, had a respiratory disease (Asthmas) and uses an inhaler, that the inmate put in his cell was a smoker, and was causing him breathing problems, Deputy Wakefield, Mr. Whitman, Major Yancy, and the Unit Manager, Mr. Duck, were sent a copy and/or make aware of these proceedings, plaintiff was moved from Building A and no other action was taken.

6. On/before 2/6/00, while residing on back on Building A in cell #518, plaintiff from the call-out found out that a inmate/smoker was scheduled to move into his cell, and told and/or wrote to Larry Lidgett, Lt. Decker, Major Yancey and the new Unit Manger of Building A, Mr. Allar, that he did not smoke, had a respiratory disease (Asthmas) and uses an inhaler, that the inmate put in his cell was a smoker, and was causing him breathing problems, but no action was taken.

7. On 2/7/00 this inmate/smoker was moved into plaitniff's cell.

8. On 2/7/00 plaintiff filed an Official Inmate Grievance #ROC-0073-00 to the Grievance Coordinator, Mr Jeffrey Rackovan, that he did not smoke, had a respiratory disease (Asthmas) and uses an inhaler, that the inmate put in his cell was a smoker, and was causing him breathing problems, Deputy Wakefield, Mr. Whitman, Mr. Allar, Mr. Zurybida were sent a copy and/or make aware of these proceedings, but no action was taken.

9. On 2/29/00 plaintiff moves to a cell with an inmate who does not smoke and will give up the bottom bunk after tiering search, where plaintiff is not only needs and/or has a "medical non-smokers status," but also has a medical "bottom bunk status".

10. On/about 2/29/00 plaintiff filed a Grievance Appeal to Superintendent, R. W. Meyers, that he did not smoke, had a respiratory disease (Asthmas) and uses an inhaler, that the inmate put in his cell was a smoker, and was causing him breathing problems, but no action was taken.

11. On 3/2/00 plaintiff filed a Grievance Appeal to the Central Office Review Committee (CORC), Robert S. Bitner, that he did not smoke, had a respiratory disease (Asthmas) and uses an inhaler, that the inmate put in his cell was a smoker, and was causing him breathing problems, but no action was taken.

V. RELIEF

(State briefly exactly what the court to do for you, Make no legal arguments. Cite no cases or statutes.)

1. Place an Injunction or Restraining Order against defendant and/or the Department of Corrections (D.O.C.) to prevent them from putting another smoker in plaintiff's cell.

2. Award plaintiff monetary damages of $1000.00 per day, from each defendant, for each day (2/5/00 - 2/29/00) defendants kept him in that cell with a smoker for mental and physical pain and suffering.

3. Award plaintiff a monetary sum of $10,000.00 to punish defendants. AND JURY DEMANDED.

Signed this 8th day of MAY, 2000.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

5/8/00
(Date)

_____
(Signature of Plaintiff)

NEW FACTS

12. ON 4/27/00 I GOT OUT OF THE HOLE AND WAS PLACE ON-A BLOCK IN CELL 332 WITH ANOTHER HEAVEY SMOKER AND AGAIN IT IS CAUSING ME BREATHING PROBLEMS WHERE I AM CONSTANTLY AT SICK-CALL, AND HAVE AGAIN FILED A GRIEVANCE