**JUDGE'S COPY**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE MONTAGUE, Plaintiff | : | No. 1:CV-00-0895 |
| v. | : | |
| ROBERT W. MEYERS, et. al. Defendants | : | (M.J. Smyser) |

FILED
HARRISBURG
OCT 0 6 2000
MARY E. D'ANDREA,
Per_____
DEPUTY CLERK

## MOTION FOR ORDER COMPELLING DISCOVERY UNDER RULE 37

Plaintiff Terrance Montague request for Order compelling discovery, under Rule 37, because of defendants failure to make or cooperate in discovery of the documents as follows:

1. Plaintiff in his request for "Production of Documents," first set, has received his Medical Record which shows that he does have and has been treated for Asthmas with Asthmas medicine since 11/01/95,

2. Plaintiff in his complaint has claimed that "12. On 4/27/00, I got out of the Hole and was placed on A-Block in Cell 332 with another heavy smoker and again it is causing me breathing problems where I am constantly at Sick-Call, and have again filed a Grievance." The defendants in their "Answer" to the complaint have stated "12. ADMITTED in part, DENIED in part. Admitted that on April 27, 2000 plaintiff was placed on A-Block, Cell 332 with an inmate of plaintiff's choosing. The remainder of this numbered paragraph is Denied." On 8/11/00, the plaintiff in his "Production of Documents," second set, requested "(a) The inmate Move and/or Assignment Sheet for the week of the 4/27/00, so plaintiff can prove that he was transferred to A block, Cell 332," where this inmate call-out sheet will show that plaintiff was transferred from the hole by the administration without plaintiff's choosing. On or about 9/11/00, the defendants in "Defendants' Response to Plaintiff's Second Request for Production of Documents have stated "A. OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information."

3. In regards the issue in Paragraph #1. above, Plaintiff has also requited in said "Production of Documents," "(b) The inmate (voluntary) Move Sheet, requested and signed by plaintiff and the inmate in Cell 332, that shows that plaintiff voluntarily moved to Cell 332," where plaintiff asserts that there is no such Move Sheet and that he was moved by the administration from the Hole to Cell 332. Defendants in said Response stated "B. OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information."

4. Plaintiff in his Supplement to the complaint has claimed that "13. On 6/28/00, plaintiff was released from the Hole and was assigned to A Block, Cell 137, with inmate Gregory Postel, AM-9438, who is a heavy smoker." The defendants in their "Answer" to the complaint have stated "13. Denied." On 8/11/00, the plaintiff in his "Production of Documents," second set, requested "(c) The inmate Move and/or Assignment Sheet for the week of the 6/28/00, that proves that the plaintiff was transferred to A block, Cell 137," where this inmate call-out sheet will show that plaintiff was transferred from the hole by the administration. On or about 9/11/00, the defendants in "Defendants' Response to Plaintiff's Second Request for Production of Documents have stated "C. OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information."

5. In regard to the issues in paragraph #4., above, plaintiff in said "Production of Documents" has requested "(d) The Log in RHU (the Hole), which will list the Names and/or institutional numbers of the inmates housed in RHU for the month of June, 2000," which will also prove that plaintiff was in the Hole. Where defendants in said Response stated "D. OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information."

6. On 9/17/00, plaintiff in accordance with Rule 37 served upon defendants a reasonable notice to file a "Motion for Order Compelling Discovery" of the matter stated above.

Dated: 10-5-00

Terrance Montague, BZ-2761
SCI-Rockview
Box A, Bellefonte, PA
16823-0820