JUDGE'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE MONTAGUE, | : | |
| Plaintiff | : | No. 1:CV-00-0895 |
| | : | |
| v. | : | |
| | : | |
| ROBERT W. MEYERS, et. al. | : | (M.J. Smyser) |
| Defendants | : | |

FILED
HARRISBURG
NOV 1 4 2000
MARY E. D'ANDREA, CLE
Per_____
DEPUTY CLERK

## MOTION FOR ORDER COMPELLING DISCOVERY UNDER RULE 37

Plaintiff Terrance Montague request for Order compelling discovery, under Rule 37, because of defendants failure to make or cooperate in discovery of the documents as follows:

1. Plaintiff in his request for "Production of Documents," first set, has received his Medical Record which shows that he does have and has been treated for Asthmas with Asthmas medicines since 11/01/95.

2. Plaintiff in his complaint has claimed that "12. On 4/27/00, I got out of the Hole and was placed on A-Block in Cell 332 with another heavy smoker and again it is causing me breathing problems where I am constantly at Sick-Call, and have again filed a Grievance." The defendants in their "Answer" to the complaint have stated "12. Admitted in part, Denied in part. Admitted that on April 27, 2000 plaintiff was placed on A-Block, Cell 332 with an inmate of plaintiff's choosing. The remainder of this numbered paragraph is denied." On 8/11/00, the plaintiff in his " Production of Documents," second set, requested "(a) The inmate Move and/or Assignment Sheet for the week of 4/27/00, so plaintiff can prove that he was transferred to A-Block, Cell 332," where this Inmate Call-out Sheet will show that plaintiff was transferred from the hole by the administration without plaintiff's choosing. On or about 9/11/00, the defendants in "Defendants' Response to Plaintiff's Second Request for Production of Documents" have stated "A. OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information."

3. In regards to the issue in Paragraph #1, above, plaintiff has also requested in said "Production of Documents," "(b) The inmate (voluntary) Move Sheet, requested and signed by plaintiff and the inmate in Cell 332, that shows that plaintiff voluntarily moved to Cell 332," where plaintiff asserts that there is no such Move Sheet and that he was moved by the administration from the Hole to Cell 332. Defendants in said Response stated "B. OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production

of relevant and admissible information."

4. Plaintiff in his "Supplement to the Complaint" has claimed that "13. On 6/28/00, plaintiff was released from the Hole and was assigned to A-Block, Cell 137, with inmate Gregory Postel, AM-9438, who is a heavy smoker." The defendants in their "Answer" to the complaint have stated "13. Denied." On 8/11/00, the plaintiff in his "Production of Documents," second set, requested "(c) The inmate Move and/or Assignment Sheet for the week of the 6/28/00, that proves that the plaintiff was transferred to A-Block, Cell 137," where this Inmate Call-Out Sheet will show that plaintiff was transfered from the hole by the administration. On or about 9/11/00, the defendants in "Defendants' Response to Plaintiff's Second Request for Production of Documents have stated "C. OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information."

5. In regards to the issue in Paragraph #4, above, plaintiff in said "Production of Documents," has requested "(d) The Log in RHU (the Hole), which will list the Names and/or institutional numbers of the inmates housed in RHU FOR THE MONTH OF June, 2000," which will also prove that plaintiff was in the Hole, where defendants in said Response stated "D. OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information."

6. On 9/17/00, plaintiff in accordance with Rule 37 served upon defendants a reasonable notice to file a "Motion for Order Compelling Discovery" of the matter stated above.

Dated: 11-10-00

Terrance Montague, BZ-2761
SCI-Rockview
Box A, Bellefonte, PA
16823-0820

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE, :
        Plaintiff : No. 1:CV-00-0895
  :
v. :
  :
ROBERT W. MEYERS, et. al. : (M.J. Smyser)
        Defendants :

## BRIEF IN SUPPORT

Rule 26, of the Federal Rules of Civil Procedures with Local Rules provides for general provisions Governing Discovery.

Through Discovery, the plaintiff can obtain documents created by prison officials. See Murphy v. Keller, 950 F.2d 290, 293 (5th CIR. 1992) (Directing District Court to allow discovery of documents such as duty roster and personnel records so that plaintiff could identify the officers who beat him).

Rule 34, of the Federal Rules of Civil Procedures with Local Rules provides for the production of documents and things.

Rule 37, of the Federal Rules of Civil Procedures with Local Rules provides for actions taken by plaintiff for failure by defendant's failure to make or cooperate in Discovery and this Court's sanctions against defendants and for the filing of this Motion.

In Hammond Packing Co. v. Arkansas, 1909, 29 S.Ct. 370, 212 U.S. 322, 53 L.Ed. 530, the Court authorized an array sanctions as a means of compelling the production of evidence.

In Hovey v. Elliott, 1897, 17 S.Ct. 841, 167 U.S. 409, 42 L.Ed. 215, the Court authorized sanctions for the mere purpose of punishing for contempt.

WHEREFORE, this Motion should be accepted by this court, Discovery material requested Ordered, and/or the granting of sanctions and expenses granted, including the deciding of any and/or all allegations or issues in plaintiff's favor.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE
  Plaintiff
  v.
ROBERT W. MEYERS, et al.,
  Defendants

No. 1:CV-00-0895
(M.J. Smyser)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within

MOTION FOR ORDER COMPELLING DISCOVERY
UNDER RULE 37

alone with BRIEF in SUPPORT was served upon the following individuals by placing same into the inmate outgoing mail box for mailing on date) 11-10-00

Gregory R. Neuhauser, SDAG
OFFICE OF ATTORNEY GENERAL
COMMONWEALTH OF PENNSYLVANIA
STRAWBERRY SQUARE
HARRISBURG PA 17120

CLERK'S OFFICE
U.S. DISTRICT COURT
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

Respectfully sub
_Terrance Montague_
TERRANCE MONTAGUE
SCI-ROCKVIEW
BOX A, BELLEFONTE PA
16823