JUDGE'S COPY

(copy 16)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,  :
      Plaintiff  :
        :     No. 1:CV-00-0895
    v.  :
        :     (M.J. Smyser)
ROBERT W. MEYERS, et al.,  :
      Defendants  :

FILED
HARRISBURG, PA

NOV 2 7 2000

MARY E. D'ANDREA, CLE
Per _____
Deputy Clerk

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY

### Introduction

This is a civil action for injunctive relief and damages brought pursuant to 42 U.S.C. §

1983. Plaintiff, an inmate at the State Correctional Institution at Rockview, Pennsylvania ("SCI-

Rockview") claims that his constitutional rights have been violated because he is a non-smoker

with a respiratory condition and the SCI-Rockview officials have assigned him to a cell with an

inmate who smokes. Defendants answered the complaint on July 31, 2000, responding to the

plaintiff's factual assertions and denying that they have violated plaintiff's constitutional rights.

In July and August 2000, plaintiff served two (2) sets of requests for production of

documents upon defendants. Defendants responded to the first set on August 17, 2000 and to the

second set on September 11, 2000. Defendants supplemented their response to plaintiff's second

set by letter to plaintiff dated September 15, 2000. (See Exhibits A, B and C hereto). On or

about October 5, 2000, plaintiff filed a motion for order compelling discovery from defendants.

By order dated October 27, 2000, the Court deemed plaintiff's motion withdrawn in accordance

with Rule 7.5 of the Rules of Court. Plaintiff renewed his request for an order compelling

discovery by filing on November 14, 2000, a motion and a one-page "brief." This memorandum

is submitted by defendants in opposition to plaintiff's motion to compel discovery.

**Question Presented**

> **Whether plaintiff's motion to compel discovery of documents from defendants should be denied?**

**Argument**

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY OF DOCUMENTS FROM DEFENDANTS SHOULD BE DENIED.

Plaintiff's motion to compel discovery seeks production of two types of internal prison documents maintained at SCI-Rockview to which defendants have objected. While defendants have produced plaintiff's medical records for him which plaintiff acknowledges at ¶ 1 of his motion to compel, defendants have objected to the other requests on grounds of materiality, relevance or overbreadth. For the reasons that follow, plaintiff's motion to compel discovery should be denied.

**A.    Inmate Move and/or Assignment Sheets**

Plaintiff claims a need for this category of documents to "prove that he was transferred to A-block, cell 332" on April 27, 2000. (Plaintiff's motion, ¶ 2). Defendants have admitted in their answer at ¶ 12 that plaintiff was placed on A-block, cell 332 on April 27, 2000. (Answer, ¶ 12). There is no need for the production of this document and plaintiff's request would not lead to the production of relevant and admissible information that plaintiff does not already possess. Thus, plaintiff's motion to compel should be denied.

**B.    RHU Log listing names and number of inmates housed in RHU.**

Plaintiff makes no argument whatsoever as to the need for this category of documents.  If we are to assume that plaintiff would like to know the names of inmates who could be witnesses for him, presumably he should know who was housed near his cell in the RHU.  Nonetheless, there is no allegation in the complaint that plaintiff was housed with a smoker in the RHU.  Indeed, there are no allegations whatever that any conditions of confinement in the RHU are material or relevant to the issue of whom plaintiff should have been celled with <u>outside</u> the RHU.  Thus, plaintiff's motion to compel should be denied.

<u>Conclusion</u>

For the above-stated reasons, plaintiff's motion for order compelling discovery should be denied.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By:    _Gregory Neuhauser_
GREGORY R. NEUHAUSER
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

DATE: November 27, 2000

Disc
8-17-0

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,              :
      Plaintiff               :
                    :    No. 1:CV-00-0895
    v.                    :
                    :    (M.J. Smyser)
ROBERT W. MEYERS, et al.,        :
      Defendants              :

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST
## FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 34, defendants, by their attorneys, submit the following response to plaintiff's request for production of documents dated July 24, 2000.

A.    Plaintiff's Medical Records.

Defendants agree to produce the documents covered by this numbered request for plaintiff's inspection and copying at a date and time mutually agreeable to the parties.

B.    All plaintiff's filed grievances and their responses.

OBJECTION on grounds of materiality, overbreadth and not reasonably calculated to lead to admissible evidence. Notwithstanding this objection but without waiver of it, defendants agree to produce for inspection and copying at a date and time mutually agreeable to the parties a copy of plaintiff's written grievances and responses thereto regarding plaintiff's claim of a need to be housed on a non-smoking block or non-smoking cell.



COMMONWEALTH'S
EXHIBIT
A
PENGAD-Bayonne, N.J.

C.    All memos, notes and requests slips that were written by defendants or any any Department of Corrections personnel that relate or pertain to the plaintiff and this situation, including plaintiffs asthma, plaintiff's exposure to smoke, plaintiff not being moved to a non-smoking block.

OBJECTION on grounds of materiality, overbreadth and not reasonably calculated to lead to admissible evidence. Notwithstanding this objection but without waiver of it, defendants agree to produce for inspection and copying at a date and time mutually agreeable to the parties a copy of plaintiff's written grievances and responses thereto regarding plaintiff's claim of a need to be housed on a non-smoking block or non-smoking cell.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By:    _Gregory Neuhauser_

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA   17120**
**717-787-8106**

**DATE:  August 17, 2000**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,                    :
      Plaintiff                          :
                                         :   No. 1:CV-00-0895
    v.                                     :
                                         :   (M.J. Smyser)
ROBERT W. MEYERS, et al.,              :
      Defendants                         :

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, defendants, by their attorneys, submit the following response to plaintiff's request for production of documents dated August 11, 2000:

A.     OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information.

B.     OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information.

C.     OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information.

D.     OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information.

COMMONWEALTH'S
EXHIBIT
B

E.    Defendants agree to produce the documents covered by this numbered request at a

date and time mutually agreeable to the parties.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By:    _____
GREGORY R. NEUHAUSER
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA    17120
717-787-8106

DATE: September 11, 2000



COMMONWEALTH OF PENNSYLVANIA
## OFFICE OF ATTORNEY GENERAL

**September 15, 2000**

MIKE FISHER
ATTORNEY GENERAL

**REPLY TO:**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**
**FAX: 717-772-4526**
**DIRECT: 717-787-8106**

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

Re:   <u>Montague v. Meyers, et al.</u>
      No. M.D. Pa. No. 1:CV-00-0895

Dear Mr. Montague:

On September 11, 2000, I served upon you a copy of Defendants' Response to Plaintiff's Second Request for Production of Documents.  Response E stated that defendants would produce requested sick call request sheets from April, May, June and July of this year.  When I advised you that we would produce the documents, I was under the mistaken impression that the Department of Corrections maintained these kinds of documents.  Unfortunately, I was incorrect. In point of fact, these kinds of documents are routinely purged shortly after the date on which they are generated.  Accordingly, I must amend Defendants' Response dated September 11, 2000 to read as follows:

E.    No such documents exist.

Thank you for your cooperation.

Sincerely,

Gregory R. Neuhauser
Senior Deputy Attorney General

GRN/dg

COMMONWEALTH'S
**EXHIBIT**
C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,                :
      **Plaintiff**               :
                           :     No. 1:CV-00-0895
      v.                    :
                           :     (M.J. Smyser)
ROBERT W. MEYERS, et al.,      :
      **Defendants**          :

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER**, Senior Deputy Attorney General for the

Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **November**

**27, 2000**, I caused to be served a true and correct copy of the foregoing document

**Memorandum in Opposition to Plaintiff's Motion or Order Compelling Discovery**

depositing it in the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**