UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE, | : CIVIL NO. 1:CV-00-0895 |
| Plaintiff | : |
| v. | : (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, ROBERT S. BITNER, DAVID J. WAKEFIELD, TERRY L. WHITMAN, JACK ALLAR, LARRY LIDGETT, LT. DECKER, MAJOR YANCY and JEFFREY A. RACKOVAN, Defendants | : |

FILED
HARRISBURG, PA

DEC 18 2000

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### ORDER

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on May 18, 2000. On July 6, 2000, the plaintiff filed a supplemental complaint.

The parties consented to proceed before a magistrate judge, and on July 14, 2000, this case was reassigned to the undersigned magistrate judge.

AO 72A
(Rev.8/82)

On July 31, 2000, the defendants filed an answer to the complaint and supplemental complaint.

On November 14, 2000, the plaintiff filed a motion to compel discovery and a brief in support of that motion. On November 27, 2000, the defendants filed a brief in opposition to the motion to compel.

In his complaint, the plaintiff claims that the defendants required him to share a cell with inmates who smoke and that the smoke aggravates his asthma. The plaintiff alleges that on a number of different occasions he was forced to share a cell with inmates who smoke. More specifically, the plaintiff alleges that on April 27, 2000, after he got out of the Restricted Housing Unit, he was placed on A Block in cell 332 with a heavy smoker. (Complaint at ¶12). The plaintiff further alleges that on June 28, 2000, after he was again released from the Restricted Housing Unit, he was assigned to A Block in cell 137 with another heavy smoker. (Supplemental Complaint at ¶13).

The plaintiff is seeking an order compelling the defendants to provide the documents requested in the following

2

AO 72A
(Rev.8/82)

requests for the production of documents: a) the inmate move and/or assignment sheet for the week of 4/27/00 (which he seeks to prove that he was transferred to A-Block, Cell 332); b) the inmate (voluntary) move sheet, requested and signed by the plaintiff and the inmate in Cell 332 (which he seeks to show that he voluntarily moved to Cell 332); c) the inmate move and/or assignment sheet for the week of 6/28/00 (which he seeks to prove that he was transferred to A-Block, Cell 137); and d) the log in the RHU (the hole) (which he seeks to learn the names and/or institutional numbers of the inmates housed in the RHU for the month of June, 2000). The defendants objected to each of these requests as follows: "OBJECTION on grounds of materiality and relevance inasmuch as discovery of the information covered by this numbered request would not lead to the production of relevant and admissible information."

In their brief in opposition to the plaintiff's motion to compel, the defendants argue that because they have admitted in their answer that the plaintiff was placed in A Block Cell 332 on April 27, 2000, the production of the inmate move and assignment sheets for this date would not lead to the production of relevant and admissible information that the plaintiff does not already possess. We disagree.

3

Although the defendants admitted in their answer that on April 27, 2000 the plaintiff was placed in A Block Cell 332, the defendants go on to state in their answer that the plaintiff was placed in "Cell 332 with an inmate of plaintiff's choosing." (Doc. 10 at ¶12). The plaintiff disputes that he chose to cell with the inmate in Cell 332. Rather, his claim depends on his allegations that he was placed in cells with smokers against his will and after he had notified the defendants of his medical condition and of his desire to cell with non-smokers. The plaintiff's request for the move and/or assignment sheets for the week of 4/27/00 and his request for the voluntary move sheet signed by the plaintiff and the inmate in Cell 332 may lead to relevant evidence. The plaintiff's motion to compel will be granted as to these requests.

In their answer, the defendants deny the plaintiff's allegation that on 6/28/00 he was released from the RHU and assigned to A Block Cell 137 with a heavy smoker. (Doc. 10 at ¶13). In their brief in opposition to the motion to compel, the defendants did not address the plaintiff's request for the inmate move and/or assignment sheet for the week of 6/28/00. For the same reasons as are stated above with respect to the inmate move and/or assignment sheet for the week of 4/27/00,

4

AO 72A
(Rev.8/82)

the plaintiff's request for the inmate move and/or assignment sheet for the week of 6/28/00 may lead to relevant evidence. The plaintiff's motion to compel will be granted as to this request.

The plaintiff requested the RHU log listing the names and/or institutional numbers of the inmates housed in the RHU in June of 2000. The plaintiff states that he is seeking the log in order to prove that he was in the RHU. As there does not appear to be any dispute about the fact that the plaintiff was in the RHU and since the plaintiff does not claim that he was housed with a smoker while he was in the RHU, we will deny the plaintiff's motion to compel as to this request.

AND NOW, this 18th day of December, 2000, **IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 15) to compel is **GRANTED IN PART AND DENIED IN PART.** The plaintiff's motion is granted with respect to his Requests for the Production of Documents lettered A, B and C. The defendants shall provide the documents responsive to those requests within ten days of the date of this Order. The plaintiff's motion to compel is

denied with respect to his Request for the Production of Documents lettered D.

                                                 /s/ J. Andrew Smyser
                                                 J. Andrew Smyser
                                                 Magistrate Judge

DATED: December _18_, 2000.

AO 72A
(Rev.8/82)