IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

v.

ROBERT W. MEYERS, et al.,
    Defendants

No. 1:CV-00-0895

(M.J. Smyser)

## DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, defendants, by their counsel, move the Court for an enlargement of time to respond to plaintiff's requests for admissions. In support hereof, defendants state as follows:

1. This is a civil action for damages brought pursuant to 42 U.S.C. § 1983.

2. Plaintiff is an inmate incarcerated by the Pennsylvania Department of Corrections.

3. On December 21, 2000, counsel for defendants received two (2) sets of requests for admissions from plaintiff.[1] (See Exhibits A and B hereto).

4. Responses to plaintiff's requests for admissions are due by January 22, 2001.

5. Due to the investigation needed to prepare responses to the requests for admissions and due to other litigation responsibilities, including the preparation of the brief for the Court of Appeals in Singletary v. Pennsylvania Dept. of Corrections, et al., 3d Cir. No. 00-3579 (M.D. Pa. No. 4:CV-99-0255), counsel for defendants finds he is in need of additional time in which to file responses to plaintiff's requests for admissions.

---

[1] Although both sets of requests are labeled "First Set," there are substantive differences between the two.

6. The Court recently extended the discovery deadline to May 1, 2001. (Order of 1/9/01). Therefore, plaintiff will not be prejudiced by an enlargement of time until February 9, 2001 for defendants' responses to his requests for admissions.

**WHEREFORE**, defendants' motion for enlargement of time should be granted.

Respectfully submitted,

**D. MICHAEL FISHER**
Attorney General

By: /s/ Gregory Neuhauser
**GREGORY R. NEUHAUSER**
Senior Deputy Attorney General

**SUSAN J. FORNEY**
Chief Deputy Attorney General
Chief, Litigation Section

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

DATE: January 19, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
       Plaintiff

   v.

ROBERT W. Meyers, et al.,
       Defendants

No. 1:CV-00-0895

(M.J. Smyser)

RECEIVED
DEC 21 2000
OFFICE OF ATTORNEY GENERAL
LITIGATION SECTION

### REQUEST FOR ADMISSIONS, 1st. SET

Plaintiff Terrance Montague requests defendant Robert W. Meyers within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true:

(a) When an inmates is released from the Hole he is assigned to a Block and a cell, the inmate does not chose.

(b) On 4/27/00, plaintiff was released from the Hole and was assigned to A-Block, Cell 332, with another inmate.

(c) The move to A-Block, Cell 332, was not of plaintiff's chossing.

(d) The inmate who was in Cell 332, when plaintiff moved in, was a smoker.

(e) On 6/28/00, Plaintiff was released from the Hole and was assigned to A-Block, Cell 137, with inmate Gregory Postel, AM-9438.

(f) The inmate who was in Cell 137, when plaintiff moved in, was a smoker.

(g) The move to Cell 137 was not of plaintiff's choosing.

Dated: 12-18-00

Terrance Montague, B2-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

v.

    No. 1:CV-00-0895

    (M.J. Smyser)

ROBERT W. Meyers, et al.,
    Defendants

## REQUEST FOR ADMISSIONS, 1st. SET

Plaintiff Terrance Montague requests defendant Larry Lidgett within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true:

(a) As the Health Care Administrator you have access to plaintiff's Medical Records.

(b) Plaintiff has a respiratory disease (Asthmas) and uses an inhaler which he gets as part of his medical treatment.

(c) Plaintiff has been on bottom bed and non-smoking Status since he got to SCI-Rockview and/or before he got to SCI-Rockview.

(d) On 6/30/00, at 1140 a.m., plaintiff went over to the medical to use the oxygen tank because he had trouble breathing.

(e) Plaintiff has gone over to medical to use the oxygen tank on other occasions because of his trouble in breathing.

(f) The Medical Staff at SCI-Rockview has been trying to have plaintiff moved to the Non-smoking Block since he got his non-smoking Status.

(g) That since plaintiff's transfer to SCI-Rockview his treatments for Asthmas has increased in dosage, and/or strenght.

(h) Since plaintiff's transfer to SCI-Rockview his Asthmas has become worse.

(i) Since plaintiff has been at SCI-Rockview he has been getting a Steroid Inhaler and a Regular Inhaler for his Asthmas.

Dated: 12-18-00

Terrance Montague  BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

        No. 1:CV-00-0895

v.

        (M.J. Smyser)

ROBERT W. MEYERS, et al.,
    Defendants

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **January 19, 2001,** I caused to be served a true and correct copy of the foregoing document **Defendants' Motion for Enlargement of Time** by depositing it in the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

                                                     GREGORY R. NEUHAUSER
                                                     **Senior Deputy Attorney General**