IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

    v.

ROBERT W. MEYERS, et al.,
    Defendants

No. 1:CV-00-0895

(M.J. Smyser)

## MEMORANDUM IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR SANCTIONS

### Introduction

This is a civil action for damages brought pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate incarcerated at the State Correctional Institution at Rockview, Pennsylvania (SCI-Rockview). Defendants are officials or employees at SCI-Rockview.

Plaintiff has filed a motion for sanctions. On the same page as his motion, plaintiff cites some legal argument as his "brief in support." This memorandum is submitted by defendants in opposition to plaintiff's motions for sanctions.

### Statement of Facts

In July and August 2000, plaintiff served two (2) sets of requests for production of documents upon defendants. Defendants responded to the first set on August 17, 2000 and to the second set on September 11, 2000. Defendants supplemented their response to plaintiff's second set by letter to the plaintiff dated September 15, 2000. Thereafter, plaintiff filed a motion for order compelling discovery and defendants opposed the motion. By order dated December 18, 2000, the Court granted in part and denied in part plaintiff's motion to compel discovery. Defendants were directed to provide certain documents to plaintiff within ten days of the date of

the order. In accordance with Rule 6(a) of the Federal Rules of Civil Procedure, that ten-day due date was January 3, 2001.

On December 19, 2000, undersigned counsel for defendants advised the Superintendent's Assistant at SCI-Rockview, Jeffrey A. Rackovan, of the Court's December 18 decision on the motion to compel and directed that the subject documents be produced for plaintiff. (Exhibit A). Mr. Rackovan advised that he would do so during the week of December 26, 2000. (Id.) During that week, however, plaintiff was transferred to SCI-Waymart, Wayne County, Pennsylvania, for medical reasons. (Id.) Undersigned counsel was first advised of plaintiff's transfer on January 2, 2001. (Id.) By letter dated January 2, 2001, counsel advised plaintiff that his deposition previously scheduled for January 4, 2001 at SCI-Rockview would be canceled and rescheduled. (Exhibit B).

On January 17, 2001, counsel received a letter from plaintiff inquiring as to the status of the documents to be produced for him. (Exhibit C). By letter of the same date, January 17, 2001, defendants' counsel advised plaintiff of the reason he had not received his documents, i.e., that he had been transferred to SCI-Waymart for medical reasons and counsel did not know how long plaintiff would be at SCI-Waymart or his medical condition. (Exhibit D). Since as of January 17, plaintiff had returned to SCI-Rockview, counsel then advised Mr. Rackovan to produce the documents for plaintiff and they were so produced. (Id.) Counsel's letter also requested plaintiff to withdraw his motion for sanctions, but to date plaintiff has not done so.

**Question Presented**

> Whether sanctions are called for because plaintiff's receipt of the documents was delayed slightly due to his medical transfer?

2

**Argument**

### SANCTIONS ARE NOT CALLED FOR BECAUSE PLAINTIFF'S RECEIPT OF THE DOCUMENTS WAS DELAYED SLIGHTLY DUE TO HIS MEDICAL TRANSFER.

While Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to award sanctions or make such other order as is just when a party fails to obey an order compelling discovery, the circumstances of the present matter do not justify plaintiff's request for sanctions. See Newman v. GHS Osteopatic, Inc., 60 F.3d 153, 155 (3d Cir. 1995) (Rule 37 decision is committed to sound discretion of district court; where substantial justification and lack of harm are present, sanctions are not appropriate).

Immediately upon receipt of the Court's order granting plaintiff's motion to compel discovery in part, counsel for defendants advised the Superintendent's Assistant at SCI-Rockview that the subject documents needed to be produced for plaintiff by January 3, 2001. Counsel was advised that the documents would be produced for plaintiff during the week of December 26, 2000. On January 2, 2001, counsel was advised that plaintiff had been transferred to SCI-Waymart for medical reasons for an undetermined amount of time. As a result, plaintiff's deposition previously scheduled for January 4, 2001 at SCI-Rockview was postponed and counsel so advised plaintiff. On January 17, 2001, counsel received a letter from plaintiff advising that he was back at SCI-Rockview and inquiring as to the status of the documents. By letter of the same date, counsel explained why he waited to produce the documents for plaintiff and advised that they would be produced at once for him now that he had returned to SCI-Rockview.

3

Under these circumstances, sanctions are not appropriate. It was reasonable for counsel to await plaintiff's return to SCI-Rockview since the documents to be produced were located at SCI-Rockview and counsel had no information from plaintiff as to plaintiff's medical condition at SCI-Waymart. The slight delay between the January 3 deadline in the Court's December 18 order and the actual production to plaintiff was not unreasonable or in bad faith, and plaintiff can demonstrate no harm from such a short delay.

**Conclusion**

For the above-stated reasons, plaintiff's motion for sanctions should be denied.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

By: *[signature]*

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA   17120**
**717-787-8106**

**DATE:  January 26, 2001**

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE,<br>    Plaintiff | :<br>: |
| | :     No. 1:CV-00-0895 |
| v. | : |
| | :     (M.J. Smyser) |
| ROBERT W. MEYERS, et al.,<br>    Defendants | :<br>: |

## DECLARATION

Gregory R. Neuhauser, Senior Deputy Attorney General, hereby declares under penalty of perjury in accordance with 28 U.S.C. § 1746 that the following is true and correct to the best of his personal knowledge.

1.  On December 19, 2000, I received a copy of the Court's order dated December 18, 2000, which granted plaintiff's motion to compel in part.

2.  The same day, I advised the Superintendent's Assistant at SCI-Rockview, Jeffrey A. Rackovan, of the Court's decision and directed that the subject documents be produced for plaintiff. Mr. Rackovan advised he would do so during the week of December 26, 2000.

3.  On January 2, 2001, I was informed that plaintiff had been transferred the previous week from SCI-Rockview to SCI-Waymart for medical reasons. By letter dated January 2, 2001, I advised plaintiff that his previously scheduled deposition on January 4, 2001 would be postponed.

4.  On January 17, 2001, I received a letter from plaintiff from SCI-Rockview inquiring as to the status of the documents. By letter of the same date, I advised plaintiff that the reason he had not received the documents was his transfer to SCI-Waymart for medical reasons. Since I did not know plaintiff's condition or how long plaintiff would be at SCI-Waymart, and

EXHIBIT A

since the documents to be produced were located at SCI-Rockview, I decided to wait a short period of time to see if plaintiff returned to SCI-Rockview.

5. Since as of January 17 plaintiff had returned to SCI-Rockview, I advised Mr. Rackovan to produce the documents right away for plaintiff and he did so.

                                                                                        **GREGORY R. NEUHAUSER**

Executed on the 25th day of January, 2001,
   at Harrisburg, Pennsylvania



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

January 2, 2001

MIKE FISHER
ATTORNEY GENERAL

REPLY TO:
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA   17120
FAX: 717-772-4526
DIRECT: 717-787-8106

Terrance Montague, BZ-2761
SCI - Waymart
P.O. Box 256, Route 6
Waymart, PA  18472-0256

Re: Montague v. Meyers, et al.
No. M.D. Pa. No. 1:CV-00-0895

Dear Mr. Montague:

Due to your transfer from SCI - Rockview to SCI - Waymart, the deposition previously scheduled for January 4, 2001 will be canceled. I will notify you of a new date at a later time.

Sincerely,

Gregory R. Neuhauser
Senior Deputy Attorney General

GRN/lac

EXHIBIT B


RECEIVED JAN 17 2001 OFFICE OF ATTORNEY GENERAL LITIGATION SECTION

No. L:CV-00-0895
(M.J. Smyser)

Dear Mr. Neuhauser

May you please tell me why I haven't received the discovery from you yet that the court order you to give me within 10 days from 12-18-00. May you please send me this discovery

Date: 1-10-01

Thank you very much
Terrance Montague

EXHIBIT C



**COMMONWEALTH OF PENNSYLVANIA**
OFFICE OF ATTORNEY GENERAL

**January 17, 2001**

MIKE FISHER
ATTORNEY GENERAL

**REPLY TO:**
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA  17120
FAX:  717-772-4526
DIRECT:  717-787-8106

Terrance Montague, BZ-2761
SCI - Waymart
P.O. Box 256, Route 6
Waymart, PA  18472-0256

Re:  <u>Montague v. Meyers, et al.</u>
No. M.D. Pa. No. 1:CV-00-0895

**Dear Mr. Montague:**

I received today your letter dated January 10, 2001 regarding the documents that are due to you. The reason you did not receive them in December was that you had been transferred to SCI-Waymart. Since I did not know the reason for your transfer (other than that it was for a medical reason) or how long you would be at SCI-Waymart, I decided to cancel your deposition and postpone the production of documents until I could find out how long you were going to be at Waymart. Since you now have advised me that you have returned to Rockview, I have requested that Mr. Rackovan produce the documents for you. By the time you receive this letter, you should have the documents you seek.

In view of this, would you kindly withdraw your motion for sanctions? There does not seem to be much reason to pursuing it at this point.

Sincerely,

Gregory R. Neuhauser
Senior Deputy Attorney General

GRN/dg

**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

          No. 1:CV-00-0895

v.

          (M.J. Smyser)

ROBERT W. MEYERS, et al.,
    Defendants

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **January 25, 2001**, I caused to be served a true and correct copy of the foregoing document **Memorandum in Opposition to Plaintiff's Motion for Sanctions** by depositing it in the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

_[signature]_
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**