2 a

(32)

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE, Plaintiff
v.
ROBERT W. MEYERS, et al., Defendants

No. 1:CV-00-0895

(M.J. Smyser)

FILED
HARRISBURG
FEB 2 2001
MARY E. D'ANDREA, CLERK
Per ___ DEPUTY CLERK

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING**

## Introduction

This is a civil action for damages brought pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate incarcerated at the State Correctional Institution at Rockview, Pennsylvania (SCI-Rockview). Defendants are officials or employees at SCI-Rockview. Plaintiff complains that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because he was double-celled with an inmate who smokes for several periods of time.

Plaintiff has filed a "motion for supplemental pleading" supported by a one-sentence "brief in support." Construing plaintiff's motion as a request for leave to file a supplemental pleading under Fed. R. Civ. P. 15(d), defendants submit this memorandum in opposition to plaintiff's motion.

## Question Presented

> Whether the motion to file a supplemental pleading should be denied where it raises matters unrelated to the claim of the original complaint?

**Argument**

**THE MOTION TO FILE A SUPPLEMENTAL PLEADING SHOULD BE DENIED BECAUSE IT RAISES MATTERS UNRELATED TO THE CLAIM OF THE ORIGINAL COMPLAINT.**

Plaintiff has filed a motion to supplement his pleading. Because it appears plaintiff intends to set forth events subsequent to those in his original complaint and to add parties to the case, plaintiff's motion should be reviewed under the standards of Fed.R.Civ.P. 15(d). See Owens-Illinois, Inc. v. Lake Shore Land Co., Inc., 610 F.2d 1185, 1188 (3d Cir. 1979); Chase v. Ward, 2000 WL 572711*2 (E.D. Pa. 2000) (copy attached).

Rule 15(d) provides that, upon motion of a party, the court may, upon terms that are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences which have happened since the date of the pleading sought to be supplemented. Fed.R.Civ.P. 15(d), 28 U.S.C. Whether to allow a party to supplement his pleading is committed to the sound discretion of the court. United States v. Princeton Gamma - Tech, Inc., 817 F.Supp. 488, 496 (D.N.J. 1993); Nottingham v. Peoria, 709 F.Supp. 542, 544 (M.D. Pa. 1988). Factors to be considered by the court include the promotion of a justiciable disposition of the case, the delay or inconvenience which the allowance of the pleading would cause, and the prejudice to the rights of the parties to the action. Nottingham, supra. In addition, a court may deny leave to file a supplemental pleading where that pleading relates only indirectly to the original complaint and the allegedly new cause of action arose out of an entirely unrelated set of facts or concerns a defendant not implicated in the original complaint. Id. Finally, the court should consider

whether the proposed pleading represents a cognizable cause of action that could withstand a motion to dismiss. Princeton Gamma-Tech, supra, 817 F.Supp. at 496.

Plaintiff's proposed supplemental pleading in this case raises matters unrelated to his original complaint. The original complaint addresses his conditions of confinement at SCI-Rockview at various times before the filing of the complaint on May 18, 2000; the proposed supplemental pleading concerns a one-time incident on January 7, 2001 at an entirely different institution involving people other than the defendants. Thus, proposed new defendants would be brought in on a cause of action which would not be part of the original cause of action. As such, plaintiff's request to supplement should be denied. See, e.g., Warren v. Cheltenham Township, 1995 WL 355288*2 (E.D. Pa. 1995); Seymour-Jones v. LeFebvre, 1991 WL 165203*1 (E.D. Pa. 1991) (copies attached).

Moreover, it is highly unlikely that, even if plaintiff's motion to supplement were granted, the new pleading would survive a motion to dismiss. The proposed supplement alleges a one-time event involving plaintiff's exposure to a corrections officer's smoking a pipe "while walking up and down the unit...." (Plaintiff's Motion, ¶ 1). This event, even if true, hardly satisfies the standard applicable to a cognizable Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).

Accordingly, plaintiff's motion for leave to file a supplemental complaint should be denied.

**Conclusion**

For the above-stated reasons, plaintiff's motion for leave to supplement his pleading should be denied.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

**By:** [signature]
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**717-787-8106**

**DATE: February 2, 2001**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

**Henry CHASE,**
**v.**
**Cynthia WARD and Wackenhut Corrections Corporation, incorrectly named as "Health Services".**

**No. CIV. A. 98-4100.**

May 10, 2000.

MEMORANDUM

WALDMAN.

*1 This is a 42 U.S.C. § 1983 action. Plaintiff is an inmate in the Delaware County correctional system. In his initial Complaint, plaintiff alleged that defendants Cynthia Ward and Wackenhut Corrections Corporation, incorrectly identified as "Health Services" ("Wackenhut"), acted with deliberate indifference in failing to provide him with adequate medical treatment for a venereal disease in violation of the Eighth Amendment.

In an Amended Complaint, plaintiff added Warden Irwin Goldberg as a defendant and asserted an additional Eighth Amendment claim based on a subsequent failure to provide adequate care when plaintiff suffered burns, cuts and contusions. [FN1]

FN1. Warden Goldberg was not added to the caption as a party defendant. An appearance (Doc. # 11) was entered on his behalf by Robert M. Diorio, Esq. and Christopher R. Mattox, Esq. on July 8, 1999.

Plaintiff then filed a Second Amended Complaint with additional details. He alleged that he was diagnosed with "shillings," a painful condition, and that when his medication for the condition ran out, his attempts to receive further medication were ignored. Plaintiff alleged that as a result, he has rashes over eighty percent of his body as well as scars and sores. Plaintiff alleged that defendants were aware he has full blown AIDS and thus that any ailment is dangerous to his health.

Plaintiff then filed a Third Amended Complaint, naming Wackenhut/George W. Hill Facility and Warden Irwin Goldberg as defendants. [FN2]

Plaintiff alleged a myriad of constitutional violations which he has allegedly suffered in retaliation for filing this and other civil lawsuits. [FN3] These include denial of access to a law library, denial of religious materials, denial of showers and exercise for six days, deprivation of property, denial of telephone privileges and of visitation on three occasions, a delay in receipt of mail during a two and a half week period, verbal threats and being beaten and sprayed with mace by officers.

FN2. Presumably, Wackenhut/George W. Hill Correctional Facility is the same party as Wackenhut Correctional Corporation. Defendants do not argue that the wrong party was named. Plaintiff does not appear to assert the claims in the Third Amended Complaint against defendant Ward.

FN3. Plaintiff has filed sixteen § 1983 suits over the past five years against various law enforcement officials and prison authorities. Eleven have been dismissed as frivolous.

Presently before the court is defendants' revised Motion to Dismiss plaintiff's various Complaints pursuant to Fed.R.Civ.P. 12(b)(6) & (15). [FN4]

FN4. Dismissal for failure to state a claim is appropriate only when it clearly appears that plaintiff can prove no set of facts to support the claim which would entitle him to relief. See Conley v.. Gibson, 355 U.S. 41, 45-46 (1957); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir.1984). Such a motion tests the legal sufficiency of a claim accepting the veracity of the claimant's allegations. See Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir.1990); Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir.1987). A complaint may be dismissed when the facts alleged and the reasonable inferences therefrom are legally insufficient to support the relief sought. See Pennsylvania ex. rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 179 (3d Cir.1988).

Plaintiff's has alleged that medical treatment for his venereal disease was delayed six weeks, that medical treatment for burns was delayed for two days and that he received no adequate treatment for rashes. Plaintiff has alleged that he persistently filed sick call slips, letters, grievances and other requests for medical treatment, and that Ms. Ward and Warden Goldberg had personal knowledge of his complaints regarding lack of medical care.

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

Plaintiff has alleged that for two days he received only tylenol for first and second degree burns on his face, neck and back he sustained in prison. He has alleged that Dr. Victoria Gessner, who saw him two days later, advised that his injuries were serious, that he should have been treated immediately and sent to an outside hospital because his burns were too extensive to be treated properly at the jail.

Plaintiff has alleged that he was not treated for painful and irritating sores over his body for six weeks in 1999 despite sending numerous letters to defendant Ward, the head medical administrator and Warden Goldberg complaining about the lack of medical treatment. Ms. Ward never responded to the requests and Warden Goldberg did not respond for six weeks after which he visited plaintiff and told him he would receive treatment. It is not clear from the face of the complaint that treatment was provided even at that time.

***2** To state an Eighth Amendment claim for denial of medical treatment, a plaintiff must show that he had a serious medical condition and that the defendant responded with "deliberate indifference" to that condition. See Wilson v. Seiter, 501 U.S. 294, 303 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference may be shown by the delay of necessary treatment for non-medical reasons. See Rouse v. Plaintier, 182 F.3d 192, 197 (3d Cir.1999); Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir.1987), cert. denied, 486 U.S. 1006 (1988).

A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Lanzaro, 834 F.2d at 347 (citations omitted). Plaintiff has sufficiently alleged serious medical needs. To be deliberately indifferent, a prison official must know of and disregard a serious risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994) ; Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir.1993). Thus, medical malpractice or negligence is not sufficient to sustain a constitutional claim. See Estelle, 429 U.S. at 105; Plasko v. City of Pottsville, 852 F.Supp 1258, 1264 (E.D.Pa.1994).

There is no respondeat superior liability under § 1983. See Durmer, 991 F.2d at 69 n. 14; Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir.1976). To be liable, a defendant must personally participate or knowingly acquiesce in the unconstitutional conduct. See Capone v. Marinelli, 868 F.2d 102, 106 n. 7 (3d Cir.1989); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988); Jones v. Culinary Manager II, 30 F.Supp.2d 491, 496 (E.D.Pa.1998). Plaintiff has sufficiently alleged that the defendants knew of his medical conditions and knowingly acquiesced in the denial or delay of treatment for them. [FN5]

FN5. A warden who is not a medical professional is not deliberately indifferent merely for failing to respond directly to the medical complaints of an inmate who is being treated by professional staff on whose expertise the warden may rely. See Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir.1993). It is not clear from the face of plaintiff's pleadings, however, that he was receiving medical care at the time he complained to Warden Goldberg. Also, it is alleged that the Warden was involved in the process and he promised plaintiff he would ensure the provision of medical treatment. This is sufficient to withstand a motion to dismiss. See Saunders v. Horn, 960 F.Supp. 893, 896 (E.D.Pa.1997).

Plaintiff's Third Amended Complaint, however, is another matter.

Defendants argue that this Complaint, whether viewed as an amendment or supplement to his prior pleadings, is procedurally defective as plaintiff failed to secure leave of court to file it and failed to file a "certificate of service" with it. Defendants assert that if the Third Amended Complaint is construed as a supplemental pleading, it is barred for failure to comply with Fed.R .Civ.P. 15(d) and if it is construed as an amended pleading, it should be dismissed for failure to comply with Fed.R.Civ.P. 15(a). The Third Amended Complaint is most accurately characterized as a supplemental pleading as it sets forth subsequent events and represents additions to the earlier pleadings. See Owens-Illinois, Inc. v. Lake Shore Land Co., Inc., 610 F.2d 1185, 1188 (3d Cir.1979); Wright, Miller & Kane, Federal Practice and Procedure: Jurisdiction 2d § 1504. Plaintiff's purpose was not to supplant a prior complaint entirely, but to add additional causes of action.

***3** Rule 15(d) provides that "(u)pon motion of a party the court may, upon reasonable notice and upon terms such as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

date of the pleading sought to be supplemented." Plaintiff did not request leave of court to file this supplement and did not include a certificate of service. As plaintiff is proceeding pro se, however, the court will determine on the merits whether leave to supplement should be granted. [FN6]

FN6. Plaintiff has provided the court with a "Notification to Defendants [sic] Attorney's [sic]" in which he states that until the court's April 6, 1999 order, he was not aware that he had to serve copies of the complaints to defense counsel and is now forwarding such copies. It is also apparent that defendants have received a copy of the Third Amended Complaint.

Whether to allow a party to file a supplemental pleading is committed to the discretion of the court and is freely granted when doing so will promote the efficient disposition of the entire controversy between the parties, will not cause undue delay and will not prejudice the rights of any of the parties. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 1504 at 186-187. Leave is properly denied, however, to the extent a proposed pleading sets forth claims which could not withstand a motion to dismiss and would thus be futile.

Defendants do not claim that they would be prejudiced or that any inefficiency or undue delay would result from granting leave. Defendants do argue that plaintiff has set forth no facts from which their personal involvement can be inferred and the Third Amended Complaint thus fails to state a claim upon which relief may be granted.

It is well established that "[a]n action that would otherwise be permissible is unconstitutional if it is taken in retaliation for the exercise of the right of access to the courts." Bradley v. Pittsburgh Board of Education, 910 F.2d 1172, 1177 (3d Cir.1990); Anderson v. Horn, 1997 WL 152801, *3 (E.D.Pa. March 28, 1997); Prisoners' Legal Ass'n v. Roberson, 822 F.Supp. 185, 189 (D.N.J.1993). Plaintiff has claimed that he has been subject to a number of retaliatory acts because he exercised his right of access to the courts.

Insofar as plaintiff has attempted to plead independent claims under § 1983, he has largely failed to do so. See, e.g., Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973) (threatening words and gestures by correctional officers do not constitute § 1983 violation); Hudson v. Palmer, 468 U.S. 517, 533 (1984)(unauthorized intentional deprivation of property does not constitute due process violation where meaningful post deprivation remedy available); Williams v. Frame, 821 F.Supp. 1093, 1098 (E.D.Pa.1993) (Pennsylvania provides meaningful remedy for wrongful deprivation of property); Flanagan v. Shively, 783 F.Supp. 922, 934 (M.D.Pa.), aff'd, 980 F.2d 722 (3d Cir.1992), cert. denied, 114 S.Ct. 95 (1993) (neither convicted prisoners nor their family have constitutional right to visitation); Anderson v. Horn, 1997 WL 152801, at *9 (E.D.Pa. March 28, 1997) (temporary denial of hygiene items does not violate prisoner's right to be free from cruel and unusual punishment); Briggs v. Heidlebaugh, 1997 WL 318081, *3 (E.D.Pa. May 21, 1997) (denial of shower for two weeks not constitutional violation); DiFilippo v. Vaughn, 1996 WL 355336, *5 (E.D.Pa. June 24, 1996) (Eighth Amendment does not require inmates be given frequent showers); Bensinger v. Boyle, 1995 WL 422795, *2 (E.D.Pa. July 14, 1995) (deprivation of exercise for five straight days not constitutional violation); Acosta v. McGrady, 1999 WL 158471, *7 (E.D.Pa. Mar 22, 1999) (prisoner has no constitutional right to use telephone where other means of communication are available).

***4** Plaintiff has facially pled claims for denial of religious materials, for an alleged beating and macing by several corrections officers and for denial of access to legal materials insofar as this has hindered efforts to assist in any pending criminal case or to pursue a non-frivolous legal claim to vindicate basic constitutional or civil rights. See Lewis v. Casey, 518 U.S. 343, 354 (1996). Whether the Third Amended Complaint is construed as asserting a retaliation claim or independent constitutional violations, however, plaintiff has not shown that the defendants participated or knowingly acquiesced in the alleged retaliatory acts. See Rode, 845 F.2d at 1207-08 (defendant must have personal involvement; Hampton, 546 F.2d at 1082 (§ 1983 liability cannot be predicated on respondeat superior). [FN7]

FN7. Plaintiff also is barred from proceeding in forma pauperis on any claim which does not involve an imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir.1997) Rauso v. Sutton, 1999 WL 482632, *1 (E.D.Pa. June 30, 1999); Bolongogo v. Horn, 1997 WL 599160, *2 (E.D.Pa. July 23, 1997).

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

Accordingly, the Third Amended Complaint will be dismissed and defendants' motion will otherwise be denied.

ORDER

AND NOW, this day of May, 2000, upon consideration of defendants' revised Motion to Dismiss (Doc. # 16), consistent with the accompanying memorandum, IT IS HEREBY ORDERED that said Motion is GRANTED in part in that plaintiff's Third Amended Complaint, filed without leave on August 10, 1999, is DISMISSED and said Motion is otherwise DENIED; and, IT IS FURTHER ORDERED that plaintiff's Motions to Oppose Defendants' Motion (Docs. # 17 & 18), which although styled and docketed as motions are in fact merely plaintiff's responses in opposition to defendants' motion to dismiss, are DENIED as moot.

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

**Daryll WARREN, by his Mother and Next Friend Glenis R. Warren
v.
CHELTENHAM TOWNSHIP, Gregory Dougherty, badge No. 60, Finesteen, Police Officer, A,D,C,D, Unknown Officers.**

**No. CIV. A. 94-4999.**

June 8, 1995.

MEMORANDUM

POLLAK

*1 Before the court are plaintiff's motions for leave (1) to amend the complaint and (2) to file a supplemental complaint. In the first motion, the plaintiff seeks (a) to correct the names of five of the defendants, and (b) to add as defendants the Cheltenham Township Police Department and Chief of Police Stephen Ott. In the second motion, the plaintiff seeks to add a claim against the municipal defendant, as well as other as-yet-unidentified individual defendants, that has accrued subsequent to the filing of this complaint. In conjunction with the second motion, the plaintiff seeks an extension of the discovery schedule. I will address each of the two motions in turn.

The First Motion

There being no objection to the proposed correction of the names of five of the defendants, that aspect of the first motion--the motion to amend the complaint--will be granted.

The defendants do object to the second aspect of the first motion--the proposal to add the Township Police Department and Chief of Police Ott--and with good reason:

As the defendants correctly point out, the "Cheltenham Township Police Department is simply an administrative unit of Cheltenham Township and is therefore not a suable entity...." Defendants' Answer to Plaintiffs' [sic] Motion for Leave to Amend Complaint, at 2. A municipality's police department has no separate legal existence from the municipality itself, so there is no reason to include the police department as a separate defendant. See Chan v. City of Chicago, 777 F.Supp. 1437, 1442 (N.D. Ill.1991). There is no reason, then, to add Cheltenham's police department as a defendant in this action.

The addition to this action as a defendant of Chief of Police Ott, individually and in his official capacity, would be permitted if there were any factual allegations that would support possible liability on Ott's part. The liability sought to be attributed to Ott seems to be chiefly predicated on the assertion that "[t]he individual officers named as Defendants report to Chief Officer Stephen Ott." Motion for Leave to Amend Complaint by Adding Two Parties and Correcting the Names of Five Defendants Under Rule 15(a) and Local Rule 20, at 3. In addition, the plaintiff asserts that (1) he only recently learned of Ott's name and of the fact that he "conducted/ supervised an internal investigation in regard to the ... incident" that serves as the gravamen of this dispute, and (2) Ott is responsible for the supervision and training of those under him. Brief in Support of Motion for Leave to Amend Complaint by Adding Two Parties and Correcting the Names of Five Defendants Under Rule 15(a) and Local Rule 20, at 4. But liability under the theory of respondeat superior is not available under 42 U.S.C. § 1983. Accordingly, there is no viable claim of liability on Ott's part, [FN1] and the plaintiff's request to add Ott as a defendant will therefore be denied.

The Second Motion

In the motion to file a supplemental complaint, the plaintiff seeks to add to this suit claims that stem from the plaintiff's encounter with members of the Cheltenham Township Police Department on or about March 24, 1995--13 months after the February 18, 1994, encounter which is the subject of the original complaint. The plaintiff seeks identical relief to that sought in the initial complaint, which is also a civil rights action involving members of the Cheltenham Township Police Department. But the supplemental complaint seeks the addition of new, as-yet-unidentified, defendants to this action.

*2 Although the addition of new defendants is permitted by Federal Rule of Civil Procedure 15(d)--the rule which governs the filing of supplemental complaints--it is only to be allowed when the supplemental complaint is not "a new cause of action but merely part of the same old cause of action."

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

Griffin v. County Sch. Bd. of Prince Edward Cty., 377 U.S. 218, 226 (1964). Although the plaintiff's claims embodied in the proposed supplemental complaint involve individuals who work for the Cheltenham Township Police Department-- including at least one, Gerald Glover, who is a defendant in the original complaint--it appears likely that at least some of the not-yet-identified defendants in the supplemental complaint would not be persons who are already defendants.

Since the claims that arise out of the events of March 24, 1995, constitute a "new cause of action" and appear to involve persons who are strangers to the existing cause of action, the filing of a supplemental complaint is not warranted. Accordingly, the motion for leave to file a supplemental complaint will be denied.

Because the supplemental complaint will not be filed, an extension of the discovery schedule would not appear to be warranted. That request will, therefore, also be denied.

An appropriate order follows.

ORDER

For the reasons set forth in the Memorandum filed herewith, it is hereby ORDERED as follows:

1. The plaintiff's motion to amend the complaint (doc. no. 13) is GRANTED in part and DENIED in part: to the extent that the plaintiff seeks to correct the names of five defendants, the motion is GRANTED; to the extent that the plaintiff seeks to add additional defendants, the motion is DENIED. The plaintiff shall file a corrected complaint within five days of the entry of this Memorandum/Order.
2. The plaintiff's motion to file a supplemental complaint (doc. no. 15) is DENIED.
3. The plaintiff's request for an extension of the discovery schedule is DENIED.

FN1. "To render [a defendant supervisory officer] personally liable under section 1983, the [plaintiff] must show that he participated in violating [plaintiff's] rights, or that [the defendant] directed others to violate them, or that he ... had knowledge of and acquiesced in his subordinates' violations." Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir.1995). But no such showing has been attempted in the motion to amend the complaint. Ott could, presumably, be charged in his official capacity if it were alleged that as "a policymaker for the Township," he "authorized policies that led to the violations or permitted practices that were so permanent and well settled as to establish acquiescence." Id. at 1191. But no such allegations have been made. (It may be noted that it is not entirely clear what real-world-from-a-litigation-perspective consequences would flow from the addition of Ott as an official defendant given the presence of the Township as a defendant.)

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

**William SEYMOUR/JONES,**
**v.**
**Alan J. LEFEBVRE, et al.**

**Civ. A. No. 90-2267.**

Aug. 22, 1991.

William Seymour/Jones, in pro. per.

Ronald P. Schiller, Philadelphia, Pa., for Bill Baldini & W.C.A.U. (CBS Inc.)

Denise A. Kuhn, Office of Attorney General, Philadelphia, Pa., for Alan J. LeFebvre.

Madeleine Schachter, New York City, CBS Inc. and Bill Baldini.

MEMORANDUM AND ORDER

VanARTSDALEN, Senior District Judge.

*1 Plaintiff, William Seymour/Jones (Jones), has filed a motion seeking reconsideration of the Order of August 12, 1991, denying his motion to file a supplemental complaint in this action. For the reasons discussed herein, I will deny the motion.

This action arose out of a news segment taped and broadcast on March 28, 1990 on WCAU-TV, concerning overcrowding at Graterford Prison. Jones, an inmate at the prison, alleges that he was improperly photographed in connection with the news segment. Jones' proposed supplemental complaint concerned alleged improper conduct on the part of defendant Alan J. LeFebvre and other prison officials in denying Jones outside work clearance and pre-release home furlough status. Although these allegations might properly be the subject of a separate action, they are wholly unrelated to the facts underlying this action, and I therefore denied Jones' request to amend the complaint to include such allegations.

Jones now argues that in denying him leave to file an amended or supplemental complaint, I disregarded the provisions of Rule 15 of the Federal Rules of Civil Procedure. Specifically, Jones points to subsections (a), (c) and (d) of that Rule. Under Rule 15(a), once a responsive pleading has been served, a party may amend its pleading only by leave of court. Although leave is to "be freely given when justice so requires," Fed.R.Civ.P. 15(a), it may be denied when the amendment would involve prejudice to the opposing party. Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir.1984). In this case, the proposed amendments involve more than additional related claims or legal theories, they concern only one of the three defendants, and are entirely new and separate claims based on unrelated facts and events. Moreover, they would involve additional discovery at a point when the discovery period has almost expired. [FN1] Allowing the proposed amendments would thus involve significant prejudice to the opposing parties, Jones's motion will therefore be denied.

Jones' reliance on subsections (c) and (d) of Rule 15 is also misplaced. Rule 15(c) involves relation back of a claim or defense asserted in an amended pleading that arose out of the same conduct, transaction or occurrence set forth in the original pleading. The claims contained in the proposed amendments do not arise out of the same conduct as those in the original complaint and Rule 15(c) is therefore inapplicable. Similarly, a motion seeking leave to file a supplemental pleading under Rule 15(d) is properly denied where the claim asserted in the supplemental pleading is unrelated to the original pleading. 6a C. Wright and A. Miller, Federal Practice and Procedure, § 1510 at 208.

An order follows.

ORDER

For the reasons stated in the foregoing memorandum, it is ORDERED that plaintiff's motion for reconsideration is DENIED.

FN1. All discovery in this matter is to be completed by September 13, 1991.

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRANCE MONTAGUE,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:CV-00-0895** |
| **v.** | : | |
| | : | **(M.J. Smyser)** |
| **ROBERT W. MEYERS, et al.,** | : | |
| **Defendants** | : | |

**CERTIFICATE OF SERVICE**

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **February 2, 2001**, I caused to be served a true and correct copy of the foregoing document **Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File Supplemental Pleading** by depositing it in the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**