**JUDGE'S COPY**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

       v.                                    No. 1:CV-00-0895

                                             (M.J. Smyser)

ROBERT W. MEYERS, et al.
    Defendants

FILED
HARRISBURG, PA
FEB 13 2001
MARY E. D'ANDREA, CLERK
Deputy Clerk

PLAINTIFF'S RESPONSE TO DEFENDANTS' MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE SUPPLEMENTAL PLEADINGS

Introduction

   This is a civil action for damages brought pursuant to 42 U.S.C. §1983. Defendants are officials or employees at SCI-Rockview. Plaintiff is complaining that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, where defendants knew plaintiff had Asthma, was twice double-celled with an inmate who were (heavey) smokers, where plaintiff has been trying to show the Court that his Asthmas has gotten progressively worst since he has been incarcerated at SCI-Rockveiw because defendants have allowed inmates and prison officials and employees to smoke on the blocks with very high levels of ETS in the air, while knowing that there were very poor ventilations systems on the blocks, and that since the Pennsylvania has come out with a Smoking Policy banding smoking in state buildings, defendants are still allowing inmates to smoke in the cells with that same still very poor ventilation system. Since the filing of this action plaintiff is suffering from officials and employees at SCI-Rockview harassing him in retaliation for filing this action.

   Plaintiff has filed several "Motions for supplemental pleading" because of this harassment.

Arugment

       THE MOTION TO FILE A SUPPLEMENTAL PLEADING
       SHOULD NOT BE DENIED BECAUSE IT RAISES
       MATTERS OF HARASSMENT IN RETALIATION FOR
       THE FILING OF THIS ACTION

   Plaintiff has filed several motions to supplement his pleadings since the state of this action because plaintiff is being harassed in regards to and/or in retaliation for filing this action as set forth in the follows occurrences:

   1. Defendants are still keeping plaintiff on A-Block instead

of moving him to the Non-smoking Block, where defendants knew that plaintiff has Asthma, that inmates smoke in the cells, the block has very poor ventilation, that there are high levels of ETS in the air, and the Medical Department has filed for an administrative move for plaintiff to be moved to the Non-smoking Block.

2. Sgt. Curtis, the A-Block Sgt., knew that plaintiff had in this §1983 action, but was smoking on the block in front of plaintiff's cell, and Sgt. Curtis has admitted to same to the Facility Grievance Coordinator after plaintiff filed an Official Inmate Grievance.

3. Defendants transferred plaintiff to SCI-Waymart for mental evaluation as harassment and to delay the deposition scheduled deposition on 1/4/01.

4. On 2/3/01, plaintiff went to A-Block Desk to get his Law-library Pass, Sgt. Brezler was smoking a cigarette, and while plaintiff was standing there waiting, Sgt. Brezler deliberately blew smoke in plaintiff's face twice before he gave plaintiff the pass, where plaintiff has filed a "Official Inmate Grievance," and would like to again supplement his pleading to include this incident.

Conclusion

For the above-stated reasons, plaintiff's motion for leave to supplement his pleading should be granted in part because of the Harassment.

Dated: 2-11-01

Terrance Montague, BZ-2751
Box A, Bellefonte, PA
#6823-0820