JUDGE'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

v.

ROBERT W. MEYERS, et al.
    Defendants

No. 1:CV-00-0895

(M.J. Smyser)

FILED
HARRISBURG, PA
FEB 14 2001
MARY E. D'ANDREA, CLE
Per _____ Deputy Clerk

RESPONSE TO DEFENDANT'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Terrance Montague response to defendants "Memorandum in Opposition to Plaintiff's Motion for Sanctions" as follows:

## Statement of Facts

1. Defendants had plaintiff transferred to SCI-Waymart, from 12/27/00 - 1/11/01, for a mental health evaluation and his Deposition on 1/4/01 was canceled and rescheduled because to this transfere.

2. On or about 1/2/01, Defendant's counsel Mr. Neuhauser advised plaintiff by mail at SCI-Waymart of said cancellation of the Deposition on 1/4/01 (see defendant's Exhibit "B").

3. On or about 1/10/01, plaintiff was forced to send a follow-up letter to defendant's counsel Mr. Neuhauser requesting said documents.

4. On 1/11/01, plaintiff forced to send a follow-up "Request Slip" to Mr. Rackovan Requesting said documents, and Mr. Rackovan responded "Mr. Montague, we had these documents copied and when I came over to give them to you, you were gone to Waymart or someplace. I sent the documents to attorney Neuhauser. You'll have to contact him, or have your attorney contact him, to get the documents."

## Argument

SANCTIONS ARE CALLED FOR BECAUSE DEFENDANTS
HAVE ACTED IN BAD FAITH AT TIMES THROUGHOUT
THIS ACTION, AND IN THIS PARTICULAR INCIDENT
HAVE FORCED PLAINTIFF TO HUNT DOWN SAID
DOCUMENTS

5. Defendants in there answers to the complaint denied that plaintiff had asthma, where discovery of documents proved otherwise.

6. Defendants in there answers to the complaint denied that plaintiff was assigned to cell 332, on 4/27/00, and even lied and stated that this move was of plaintiff's own choosing, where discovery of documents now prove otherwise.

7. Defendants in there answers to the complaint denied that that plaintiff came out of the Hole and was assigned to Cell 137, where discovery of documents now prove otherwise.

8. That Defendants have denied plaintiff discovery said documents, and opposed plaintiff's "Motion to Compel" with evasion of the issue.

9. Plaintiff transferred to SCI-Waymart was a just a way (a conspiracy) for defendants to delay said Deposition on 1/4/01, were this transfer for mental health evaluation was done for no other reason, where this is not done to other inmates who do not have some mental health problem (in the past, present, or foreseeable future) documented in there medical record and said evaluation is not ordered by a Doctor or Mental Health Official treating plaintiff or a Court.

10. All defendants, including defendant Rackovan, and defendant's counsel knew plaintiff's whereabouts in sufficient time to deliver said documents to plaintiff before plaintiff was force to hunt down said documents.

11. Mr. Rackovan's response to plaintiff's "Request Slip" on 1/11/01 shows that defendant's counsel Mr. Neuhauser was sent said documents, but never forwarded them to plaintiff until plaintiff hunted them down.

12. If plaintiff had not have written said follow-up "Request Slip" and/or letter to the defendants, plaintiff would still not have gotten said documents when he did.

Dated: 2-2-01

Terrance Montague
Terrance Montague, BZ-2761
Box A, Bellefonte, PA
16823-0820