*See Attachment* 2-26-0 SC

(41)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE, | CIVIL NO. 1:CV-00-0895 |
| Plaintiff | |
| v. | (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, ROBERT S. BITNER, DAVID J. WAKEFIELD, TERRY L. WHITMAN, JACK ALLAR, LARRY LIDGETT, LT. DECKER, MAJOR YANCY and JEFFREY A. RACKOVAN, Defendants | |

FILED FEB 23 2001 PER HARRISBURG, PA. DEPUTY CLERK

<u>ORDER</u>

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on May 18, 2000. On July 6, 2000, the plaintiff filed a supplemental complaint. The plaintiff claims that the defendants required him to share a cell with inmates who smoke and that the smoke aggravates his asthma.

AO 72A

The parties consented to proceed before a magistrate judge, and on July 14, 2000, this case was reassigned to the undersigned magistrate judge.

On July 31, 2000, the defendants filed an answer to the complaint and supplemental complaint.

On January 26, 2001, the plaintiff filed a motion for leave to file a supplemental complaint. On January 31, 2001, the plaintiff filed a second motion for leave to file a supplemental complaint. On February 6, 2001, the plaintiff filed a third motion for leave to file a supplemental complaint. The defendants have filed briefs in opposition to the plaintiff's motions. On February 13, 2001, the plaintiff filed a reply brief.

Rule 15(d) of the Federal Rules of Civil Procedure provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.

2

AO 72A

> If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

The decision whether to allow a supplemental complaint to be filed is a matter for the discretion of the trial court. *Nottingham v. Peoria*, 709 F.Supp. 542, 544 (M.D. Pa. 1988). The rules governing amended and supplemental pleadings are generally liberally construed in favor of permitting such pleadings consistent with the goal of ensuring that all related claims are litigated in a single action. *United States Automobile Assoc. v. Foster*, 783 F.Supp. 916, 919 (M.D. Pa. 1992). Factors that should be considered include: 1) the promotion of a justiciable disposition of the case; 2) the delay or inconvenience the allowance of a supplemental pleading will cause; and 3) the prejudice to the rights of the parties to the action. *Nottingham, supra*, 709 F.Supp. at 544. Whether the pleading raises a meritorious claim is also a factor that may be considered. *Foster, supra*, 783 F.Supp. at 918. In addition, "a court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out [of] an entirely unrelated set of facts and relates

3

to a defendant not implicated in the original complaint." *Nottingham, supra,* 709 F.Supp. at 544.

In the plaintiff's first motion (doc. 30) for leave to file a supplemental complaint, the plaintiff seeks to supplement his complaint with an allegation that while he was temporarily incarcerated at the State Correctional Institution at Waymart (SCI-Waymart), a corrections officer was smoking a pipe in a non-smoking area. We will deny this motion to supplement. The plaintiff's claims in the instant case concern his exposure to smoke while incarcerated at the State Correctional Institution at Rockview (SCI-Rockview). The defendants are officials and employees at SCI-Rockview. That the plaintiff was exposed to smoke on one occasion while temporarily housed at SCI-Waymart is at best only indirectly related to the cause of action in this case and it is not related at all to the defendants named in this case.

In the plaintiff's second motion (doc. 31) for leave to file a supplemental complaint, the plaintiff seeks to supplement his complaint with allegations that he has still not been moved to a non-smoking block and additional instances of his exposure to tobacco smoke at SCI-Rockview. We will deny

4

this motion to supplement. The claim in this case is that the plaintiff has been and is being exposed to tobacco smoke against his will and that the exposure to tobacco smoke aggravates the plaintiff's asthma. If the case proceeds to trial the plaintiff will be allowed to present evidence of his alleged continuing exposure to tobacco smoke. There is no need for the plaintiff to supplement his complaint with allegations of additional instances of exposure to tobacco smoke.

In the plaintiff's third motion (doc. 34) for leave to file a supplemental complaint, the plaintiff seeks leave to supplement his complaint with allegations that he was temporarily transferred to SCI-Waymart for a mental health evaluation in retaliation for filing the instant lawsuit. The defendants state that "if the plaintiff truly wants to interject the issue of his mental health status into this case by challenging the Department of Corrections's decision to transfer him temporarily from SCI-Rockview to SCI-Waymart for medical reasons, defendants will not oppose plaintiff's request." Since the defendants do not oppose the plaintiff's third motion for leave to supplement his complaint, we will grant that motion.

5

AND NOW, this 23rd day of February, 2001, **IT IS HEREBY ORDERED** that the plaintiff's first and second motions (docs. 30 & 31) for leave to supplement his complaint are **DENIED**. **IT IS FURTHER ORDERED** that the plaintiff's third motion (doc. 34) for leave to supplement his complaint is **GRANTED**. Within twenty days of the date of this Order, the plaintiff may file a supplemental complaint alleging that his transfer to SCI-Waymart was in retaliation for the filing of the instant action.

> J. Andrew Smyser
> Magistrate Judge

DATED: February 23, 2001.

AO 72A
(Rev 8/82)

```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

                 * * MAILING CERTIFICATE OF CLERK * *

                          February 23, 2001


Re:  1:00-cv-00895    Montague v. Meyers



True and correct copies of the attached were mailed by the clerk
to the following:


     Terrance Montague
     SCI-R
     SCI at Rockview
     BZ-2761
     P.O. Box A
     Bellefonte, PA  16823

     Gregory R. Neuhauser, Esq.
     Office of Attorney General
     Strawberry Square
     15th Floor
     Harrisburg, Pa  17120



cc:
Judge                           ( )            ( ) Pro Se Law Clerk
Magistrate Judge                (✓)            ( ) INS
U.S. Marshal                    ( )            ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen  ( )   PA Atty Gen ( )
                                         DA of County ( )   Respondents ( )

Bankruptcy Court                ( )
Other_____    ( )
                                                 MARY E. D'ANDREA, Clerk
```

DATE: _____2/23/01_____          BY: _____X SM_____
                                          Deputy Clerk