2 Cr

(43)
3/2/01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
      **Plaintiff**

                 :      No. 1:CV-00-0895

      v.

                 :      (M.J. Smyser)

ROBERT W. MEYERS, et al.,
      **Defendants**

                 :

**FILED**
HARRISBURG, PA

MAR 01 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR SANCTIONS

**Introduction**

This is a civil action for damages brought pursuant to 42 U.S.C. § 1983. Plaintiff is an

inmate incarcerated at the State Correctional Institution at Rockview, Pennsylvania (SCI-

Rockview). Defendants are officials or employees at SCI-Rockview.

On February 14, 2001, plaintiff filed a motion for sanctions. This is the second motion

for sanctions plaintiff has filed within the past five weeks. On the same page as his motion,

plaintiff cites some legal argument as his "brief in support." This memorandum is submitted by

defendants in opposition to plaintiff's motions for sanctions.

**Statement of Facts**

In July and August 2000, plaintiff served two (2) sets of requests for production of

documents upon defendants. Defendants responded to the first set on August 17, 2000 and to the

second set on September 11, 2000. Defendants supplemented their response to plaintiff's second

set by letter to the plaintiff dated September 15, 2000. Thereafter, plaintiff filed a motion for

order compelling discovery and defendants opposed the motion. By order dated December 18,

2000, the Court granted in part and denied in part plaintiff's motion to compel discovery.

## Question Presented

> Whether plaintiff's motion for sanctions should be denied because there was substantial justification or a good-faith basis for defendants to object to plaintiff's request for documents?

## Argument

**PLAINTIFF'S MOTION FOR SANCTIONS SHOULD BE DENIED BECAUSE THERE WAS SUBSTANTIAL JUSTIFICATION OR A GOOD-FAITH BASIS FOR DEFENDANTS TO OBJECT TO PLAINTIFF'S REQUEST FOR DOCUMENTS.**

While it is not entirely clear from plaintiff's one-page motion and brief, it appears that plaintiff believes sanctions are in order because in his view there was not substantial justification for defendants to object to plaintiff's requests for production of documents. Although the Court granted plaintiff's motion to compel in part, there was substantial justification for defendants to object to production of internal prison documents or, at least, there was a good-faith basis for doing so. As such, plaintiff's motion for sanctions should be denied.

Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that, if a motion for order compelling discovery is granted, the Court shall order the party whose conduct required the motion "to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that...the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(4). Plaintiff in this case is proceeding pro se. He has no recoverable attorney's fees in connection with his motion to compel. Furthermore, his motion

2

for sanctions fails to demonstrate what "expenses" he incurred in making the motion. On this basis alone, therefore, plaintiff's motion is deficient and may be denied under Rule 37.

Even assuming plaintiff's motion for sanctions were not deficient on its face, it nonetheless should be denied. As defendants' memorandum in opposition to plaintiff's motion for order compelling discovery pointed out, there was substantial justification or, at least, a good-faith basis for opposing plaintiff's request for the internal prison documents he sought. In the first place, since the Court denied plaintiff's motion to compel production of the RHU log, that denial cannot be the basis for sanctions. In the second place, defendants objected to production of inmate move and assignment sheets because, in defendants' view, they were not necessary or relevant to plaintiff's claim. While the Court disagreed with defendants' position, plaintiff's motion for sanctions fails to address how that position was not substantially justified or, at least, not taken in good faith.

If "reasonable people could differ" as to whether the party "must comply" with the discovery request, there is substantial justification. Reygo Pacific Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982) (citing Wright & Miller, Federal Practice and Procedure § 2288). Plaintiff's motion for sanctions fails to make a showing that reasonable people could not disagree as to whether a prison inmate should have access to internal prison documents regarding the movement and assignment of inmates or that defendants' belief as to the relevance of those documents was taken in bad faith. The fact that plaintiff and defendants had differing views as to plaintiff's need for the prison documents he sought does not render defendants' position unjustified. Reygo, supra.

3

## Conclusion

For the above-stated reasons, plaintiff's motion for sanctions should be denied.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By: _____
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA   17120**
**717-787-8106**

**DATE:  March 1, 2001**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,  
      Plaintiff

v.

ROBERT W. MEYERS, et al.,  
      Defendants

:  
:  
:      No. 1:CV-00-0895  
:  
:      (M.J. Smyser)  
:  
:  
:

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the

Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **March 1,**

**2001,** I caused to be served a true and correct copy of the foregoing document **Memorandum in**

**Opposition to Plaintiff's Motion for Sanctions** by depositing it in the United States mail, first-

class postage prepaid to the following:

Terrance Montague, BZ-2761  
SCI-Rockview  
Box A  
Bellefonte, PA 16823-0820

**GREGORY R. NEUHAUSER**  
**Senior Deputy Attorney General**