● **ORIGINAL** ●

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE, : | |
|     Plaintiff : | |
| : | No. 1:CV-00-0895 |
| v. : | |
| : | (M.J. Smyser) |
| ROBERT W. MEYERS, et al., : | |
|     Defendants : | |

FILED
HARRISBURG
MAR 1 2 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### ANSWER TO SUPPLEMENTAL COMPLAINT

Defendants, by their counsel, hereby answer plaintiff's supplemental complaint filed March 1, 2001.

### FIRST DEFENSE

The numbered allegations of the supplemental complaint are answered as follows:

1. DENIED.

2. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

3. ADMITTED in part; DENIED in part. ADMITTED that on December 27, 2000, plaintiff was transferred to SCI-Waymart for assessment of needs and treatment possibilities. DENIED that SCI-Waymart is a "mental health facility" inasmuch as that term is not defined.

4. ADMITTED in part; DENIED in part. ADMITTED that plaintiff was transferred without his consent. Defendants are WITHOUT KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegation that the transfer was without plaintiff's knowledge to be able to admit it; therefore, it is DENIED.

5. ADMITTED in part; DENIED in part. ADMITTED that at the time of plaintiff's transfer he was not actively seeking or participating in mental health treatment options.

DENIED that none was available to plaintiff. DENIED is the implication that none was appropriate or warranted for plaintiff. DENIED also is the implication that a needs assessment was inappropriate.

6. ADMITTED in part; DENIED in part. ADMITTED that at the time of plaintiff's transfer he did not have a mental breakdown or other type of acute mental episode. DENIED is the implication that a needs assessment was inappropriate.

7. DENIED.

8. Defendants are WITHOUT KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of this numbered allegation to be able to admit it; therefore, it is DENIED.

9. Defendants are WITHOUT KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of this numbered allegation to be able to admit it; therefore, it is DENIED.

10. DENIED.

11. DENIED.

12. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

13. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

14. This numbered paragraph contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

The remainder of the supplemental complaint contains conclusions of law to which NO RESPONSE is required; to the extent they are deemed factual, they are DENIED.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

At no time have defendants, either individually or in concert with others, deprived or sought to deprive plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

### FOURTH DEFENSE

At all material times, defendants have acted with a reasonable good-faith belief in the lawfulness of their actions and are entitled to immunity therefor.

### FIFTH DEFENSE

Plaintiff is entitled to no relief whether compensatory or equitable.

**WHEREFORE**, judgment should be entered in favor of defendants.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By: /s/ Gregory Neuhauser
GREGORY R. NEUHAUSER
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106
DATE:  March 12, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE,<br>    Plaintiff | :<br>:<br>:    No. 1:CV-00-0895 |
| v. | :<br>:    (M.J. Smyser) |
| ROBERT W. MEYERS, et al.,<br>    Defendants | :<br>: |

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **March 12, 2001**, I caused to be served a true and correct copy of the foregoing document **Answer to Supplemental Complaint** by depositing it in the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

_____
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**