ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,                    :
      **Plaintiff**

                    :     **No. 1:CV-00-0895**

      **v.**                  :

                    :     **(M.J. Smyser)**

ROBERT W. MEYERS, et al.,              :
      **Defendants**        :

**FILED**
**HARRISBURG**

MAY 0 9 2001

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

### DEFENDANTS' MEMORANDUM
### IN OPPOSITION TO  PLAINTIFF'S MOTION
### TO AMEND THE SUPPLEMENTAL COMPLAINT

### Introduction

    In this civil action for damages brought pursuant to 42 U.S.C. §1983,

plaintiff has filed a fourth motion to supplement his complaint, dated May 3, 2001.

By order dated February 23, 2001, the Court denied plaintiff's first and second

motions to supplement and granted plaintiff's third motion to supplement.  The

third motion added the claim that plaintiff's transfer from SCI-Rockview to SCI-

Waymart for mental health evaluation in December 2000 was in retaliation for the

exercise of protected rights, which is the subject of the fourth motion to

supplement.

    Defendants oppose plaintiff's latest motion to supplement and submit this

memorandum in opposition.

## Argument

While the decision whether to allow a party to supplement his pleading is committed to the discretion of the Court, <u>Nottingham v. Peoria</u>, 709 F.Supp. 542, 544 (M.D.Pa. 1988), there is no persuasive reason to permit plaintiff's latest supplement. Plaintiff's most recent motion to supplement does not seek to add allegations concerning events subsequent to the supplement permitted by the Court on February 23, 2001. All that the proposed supplement would do is add a legal argument to the factual allegations already before the Court concerning plaintiff's transfer to SCI-Waymart. As such, the proposed pleading would not withstand a motion to dismiss and, therefore, leave to file it should be denied. <u>Untied States v. Princeton Gamma-Tech, Inc.</u>, 817 F.Supp. 488, 496 (D.N.J. 1993).

## Conclusion

For the above-stated reasons, plaintiff's motion to amend the supplemental complaint dated May 3, 2001 should be denied.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**


By: _____

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA   17120**
**717-787-8106**

**DATE:  May 9, 2001**

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRANCE MONTAGUE,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:CV-00-0895** |
| **v.** | : | |
| | : | **(M.J. Smyser)** |
| **ROBERT W. MEYERS, et al.,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General

for the Commonwealth of Pennsylvania, Office of Attorney General, hereby

certify that on **May 9, 2001**, I caused to be served a true and correct copy of the

foregoing document **Defendants' Memorandum in Opposition to Plaintiff's**

**Motion to Amend the Supplemental Complaint,** by depositing it in the United

States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**