UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE MONTAGUE, | : | CIVIL NO. **1:CV-00-0895** |
| Plaintiff | : | |
| v. | : | (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, | : | |
| ROBERT S. BITNER, | : | |
| DAVID J. WAKEFIELD, | : | |
| TERRY L. WHITMAN, | : | |
| JACK ALLAR, | : | |
| LARRY LIDGETT, | : | |
| LT. DECKER, | : | |
| MAJOR YANCY and | : | |
| JEFFREY A. RACKOVAN, | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

JUN 1 1 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

### ORDER

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on May 18, 2000. On July 6, 2000, the plaintiff filed a supplemental complaint. The plaintiff claims that the defendants required him to share a cell with inmates who smoke and that the smoke aggravates his asthma.

AO 72A

The parties consented to proceed before a magistrate judge, and on July 14, 2000, this case was reassigned to the undersigned magistrate judge.

On July 31, 2000, the defendants filed an answer to the complaint and supplemental complaint.

On January 26, 2001, the plaintiff filed a motion for leave to file a supplemental complaint. On January 31, 2001, the plaintiff filed a second motion for leave to file a supplemental complaint. On February 6, 2001, the plaintiff filed a third motion for leave to file a supplemental complaint. By an Order dated February 23, 2001, we denied the plaintiff's first and second motions to leave to supplement his complaint and we granted the plaintiff's third motion for leave to supplement his complaint. The plaintiff was granted twenty days to file a supplemental complaint alleging that his transfer to SCI-Waymart was in retaliation for the filing of the instant action.

On March 1, 2001, the plaintiff filed a supplemental complaint which alleged that his transfer to SCI-Waymart was in retaliation of the filing of the instant action. On March 12,

2

2001, the defendants filed an answer to the supplemental complaint.

On May 8, 2001, the plaintiff filed a motion to amend his supplemental complaint and a brief in support of that motion. The plaintiff also submitted a proposed amended supplemental complaint. On May 9, 2001, the defendants filed a brief in opposition to the plaintiff's motion for leave to amend his supplemental complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the United States Supreme Court identified factors to be considered when ruling on a motion to amend:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial

3

AO 72A

> of an opportunity to amend is within the
> discretion of the District Court, but outright
> refusal to grant the leave without any
> justifying reason appearing for the denial is
> not an exercise of discretion; it is merely an
> abuse of that discretion and inconsistent with
> the spirit of the Federal Rules.

*Id.* In this circuit prejudice to the non-moving party is the touchstone for denial of leave to amend. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Id.*

The plaintiff's proposed amended supplemental complaint does not add any additional defendants or any additional claims. Rather, the proposed amended supplemental complaint merely contains allegations which amplify the plaintiff's claim that his transfer to SCI-Waymart was in retaliation for the filing of the instant action. The plaintiff's claim that he was transferred in retaliation for filing the instant action is a claim in this case. If the case proceeds to trial, the plaintiff will be allowed to present relevant evidence concerning that claim. If the defendants file a motion for summary judgment addressing that claim, the plaintiff may

4

AO 72A

present relevant evidence concerning that claim. There is no need for the plaintiff to amend his supplemental complaint to add additional allegations concerning that claim and no purpose would be served by adding those additional allegations. Accordingly, the plaintiff's motion to amend his supplemental complaint will be denied.

On November 14, 2000, the plaintiff filed a motion to compel discovery and a brief in support of that motion. By an Order dated December 18, 2000, the plaintiff's motion to compel was granted in part and denied in part. The plaintiff's motion was denied with respect to his request for the RHU log listing the name and/or institutional numbers of the inmates housed in the RHU in June of 2000.

On February 14, 2001, the plaintiff filed a document entitled "Request for Award of Expenses of Motion, Under Rule 37" and a brief in support of that motion. Despite the title of the document, the body of the document states that the court misunderstood the plaintiff's request for the RHU log. The plaintiff states that he wanted the log only to show that he was in the RHU.

5

On March 1, 2001, the defendants filed a document entitled "Memorandum in Opposition to Plaintiff's Motion for Sanctions." We construe this document as a brief in opposition to the plaintiff's "Request for Award of Expenses of Motion, Under Rule 37."

We did not misunderstand the plaintiff's request for the RHU log. In our order granting in part and deny in part the plaintiff's motion to compel we stated that the plaintiff had sought the RHU log in order to prove that he was in the RHU, and we denied his motion to compel the RHU log because there did not appear to be any dispute about the fact that the plaintiff was in the RHU.

To the extent that the plaintiff is seeking expenses in connection with his motion to compel, we will deny that motion. By an Order dated February 21, 2001, we already denied a prior motion for sanctions filed by the plaintiff.

The plaintiff's "Request for Award of Expenses of Motion, Under Rule 37" will be denied.

6

AND NOW, this 11th day of June, 2001, **IT IS HEREBY ORDERED** that the plaintiff's motion (docs. 45) to amend his supplemental complaint is **DENIED**. **IT IS FURTHER ORDERED** that the plaintiff's motion (doc. 39) for an award of expenses is **DENIED**.

                                    /s/ J. Andrew Smyser
                                    J. Andrew Smyser
                                    Magistrate Judge

DATED: June  11 , 2001.

7

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 11, 2001

Re:  1:00-cv-00895   Montague v. Meyers

True and correct copies of the attached were mailed by the clerk to the following:

Terrance Montague
SCI-R
SCI at Rockview
BZ-2761
P.O. Box A
Bellefonte, PA  16823

Gregory R. Neuhauser, Esq.
Office of Attorney General
Strawberry Square
15th Floor
Harrisburg, Pa  17120

```
cc:
Judge                          ( )           ( ) Pro Se Law Clerk
Magistrate Judge               ( )           ( ) INS
U.S. Marshal                   ( )           ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )   Pltf's Attorney ( )

Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )   PA Atty Gen ( )
                                         DA of County  ( )   Respondents ( )

Bankruptcy Court               ( )
Other_____       ( )
```

MARY E. D'ANDREA, Clerk

DATE: 6/11/01  BY: /s/ STV
Deputy Clerk