# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,　　　　　　:
　　　　　　　　Plaintiff　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　No. 1:CV-00-0895
　　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　(Magistrate Judge Smyser)
ROBERT W. MEYERS, et al.,　　　　　:
　　　　　　　　Defendants　　　　　　:

FILED
HARRISBURG

AUG 1 6 2001

MARY E. D'ANDREA, C
Per_____
DEPUTY CLERK

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND FOR A TEMPORARY RESTRAINING ORDER

### Introduction

In this civil action for equitable relief and damages brought pursuant to 42 U.S.C §1983, defendants have filed a motion for summary judgment supported by a statement of material facts, a set of documentary exhibits and a memorandum of law.  Plaintiff's response to defendants' motion was due by July 30, 2001.

Not having received a response from plaintiff, the Court on August 8, 2001, directed plaintiff to file his response to defendants' motion for summary judgment on or before August 22, 2001.  On August 15, 2001, defendants' counsel received a copy of plaintiff's "motion for extension of time and for a TRO to allow plaintiff to make copies," together with a "brief in support."[1]

---

[1]While plaintiff's motion is dated August 9, 2001, the envelope in which it was mailed has a postmark of August 14, 2001, and it was received at the office of undersigned counsel on

## Argument

Although plaintiff has had ample time in which to file a response to defendants' motion for summary judgment, defendants do not oppose an additional enlargement of time of a reasonable length, for plaintiff to file his response, given his <u>pro</u> <u>se</u> status.

Defendants do oppose, however, the issuance of a temporary restraining order because plaintiff cannot establish his right to relief and such extraordinary relief is unnecessary.  <u>See</u>, <u>e.g.</u>, <u>Fink v. Supreme Court of Pennsylvania</u>, 646 F.Supp. 569, 570 (M.D.Pa. 1986) (Muir, J.); <u>Northern Pennsylvania Legal Services, Inc. v. County of Lackawanna</u>, 513 F.Supp. 678, 681 (M.D.Pa. 1981) (Nealon, J.).

Before a court enters a temporary restraining order, it should determine  1) whether plaintiff has made a strong showing that he is likely to prevail on the merits; 2) whether the injury is imminent; 3) whether the injury is irreparable; 4) whether granting the injunction will substantially harm other parties interested in the proceedings; and 5) whether such an injunction will adversely affect the public interest.  <u>Fink</u>, <u>supra</u>.  If the movant cannot establish each element of the test, the temporary restraining order should not issue.  <u>Id</u>.  <u>See</u>

---

August 15, 2001, six days after plaintiff's certification of service.  (<u>See</u> attachments).

also Skehan v. Board of Trustees of Bloomsburg State College, 353 F.Supp. 542,

543 (M.D.Pa. 1973)(Muir, J.).

Plaintiff has made no showing of satisfaction of any of the elements

of the standard for a temporary restraining order.  As a pro se litigant who has

been granted modified in forma pauperis status, plaintiff is not excused from the

usual and customary costs — like photocopying — which are associated with

litigation.  Thus, plaintiff cannot make a strong showing that he is likely to prevail

on a claim of entitlement to freedom from submitting copies of documents (even

assuming such a claim were properly part of this case).  Furthermore, plaintiff has

failed to demonstrate that he has exhausted his available administrative remedies

with respect to a claim for copies of documents.  This alone would preclude

success on the merits and accordingly bars preliminary relief.  Fortes v. Harding,

19 F.Supp.2d 323, 326 n.3 (M.D.Pa. 1998) (Vanaskie, J.).

If plaintiff's argument is that he is simply not permitted to photocopy

certain documents, regardless of his ability to pay for copies, plaintiff has made no

showing that the documents he seeks to submit are material to his response.  Thus,

he cannot demonstrate that his claimed "injury" is either imminent or irreparable.

Fink, 646 F.Supp. at 570.

As an accommodation to plaintiff, however, defendants are willing to

forego insistence upon a service copy of "policy statements" and "medical records" with their service copy of plaintiff's summary judgment response, because defendants' counsel has access to Department of Corrections policy statements and plaintiff's medical records. Defendants simply request that plaintiff identify with particularity which policy statements and which portions of his medical records he cites or relies upon in his response to defendants' motion for summary judgment so that defendants may be able to respond to plaintiff's arguments, if necessary. By agreeing to forego service of their copies, defendants do not suggest that plaintiff should be excused from filing copies of supporting documents with the Clerk.

For these reasons, plaintiff cannot satisfy the standard for the issuance of a temporary restraining order. <u>Fink</u>, <u>supra</u>.

## Conclusion

Plaintiff's motion for temporary restraining order should be denied.

Respectfully submitted,

**D. MICHAEL FISHER**
Attorney General

By: *Gregory Neuhauser*
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA    17120
717-787-8106

DATE: August 15, 2001

TERRANCE MONTAGUE          } CIVIL NO. 1: CV-00-0895
        V. PLAINTIFF       } (MAGISTRATE Judge SMYSER
ROBERT W. MEYERS, ET AL    }
        DEFENDANTS         }

## CERTIFICATE OF SERVICE

I TERRANCE MONTAGUE Hereby certify that on August 9th 2001
I CAUSED TO be Served A True AND correct Copy OF THE
MOTION FOR EXTENSION OF TIME AND FOR A TRO TO ALLOW
PLAINTIFF TO MAKE COPIES ALONE WITH BRIEF IN SUPPORT
WAS SENT TO THE Following by PLACING IT IN THE INMATE
OUTGOING MAILBOX


DATED: 8-9-2001
GREGORY R. NEUHAUSER
OFFICE OF ATTORNEY GENERAL
COMMONWEALTH OF PENNSYLVANIA
STRAWBERRY SQUARE
HARRISBURG, PA 17120



_Terrance Montague_
SCI-ROCKVIEW
BOX A
BELLEFONTE, PA 16823-0820
TERRANCE MONTAGUE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,                    :    CIVIL NO. 1:CV-00-0895
                    Plaintiff        :
                                     :
         v.                          :    (Magistrate Judge Smyser)
                                     :
ROBERT W. MEYERS, et al              :
                    Defendants       :

### MOTION FOR EXTENSION OF TIME AND FOR A
### TRO TO ALLOW PLAINTIFF TO MAKE COPIES

PLAINTIFF TERRANCE MONTAGUE REQUEST FOR ENLARGEMENT OF TIME
PURSUANT TO RULE 6 OF THE FEDERAL RULES OF CIVIL PROCEDURES, AND
TO GRANT HIM AN TEMPORARY RESTRAINING ORDER PURSUANT TO RULE 65 OF
THE FEDERAL RULES OF CIVIL PROCEDURES TO ALLOW HIM TO MAKE COPIES
OF HIS EXHIBITS TO SEND WITH HIS RESPONSE TO DEFENDANTS MOTION FOR
SUMMARY JUDGEMENT, BECAUSE SCI-ROCKVIEW'S LIBRARY (WHERE INMATES
COPIES ARE MADE) HAS A POLICY AGAINST INMATES MAKING COPIES OF "POLICY
STATEMENTS," AND MEDICAL RECORDS AND/OR JUST WILL NOT ALLOW PLAINTIFF
TO COPY SAME.

Dated: 8-9-01

Terrance Montague, BZ-2761
Box A, Bellefonte, PA
16823-0820

### BRIEF IN SUPPORT

RULE 6 OF THE FEDERAL RULES OF CIVIL PROCEDURES PROVIDES FOR
AN ENLARGEMENT OF TIME.

RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURES PROVIDES FOR
THE ISSUANCE OF AN TRO.

Dated: 8-9-01

Terrance Montague, BZ-2761
Box A, Bellefonte, PA
16823-0820

RECEIVED
Office of Attorney General
AUG 1 5 2001
Litigation Section

NAME: *Leonard Montague*
NUMBER: B2-8761
BOX A
BELLEFONTE, PA. 16823-0820

INMATE MAIL
PA DEPT OF
CORRECTIONS

GREGORY R. NEIDHAUSER
OFFICE OF ATTORNEY GENERAL
COMMONWEALTH OF PENNSYLVANIA
STRAWBERRY SQUARE
HARRISBURG, PA 17120

17120/0081



BELLEFONTE
AUG 14'01
PA.

PB METER
7107728

$0.34

U.S. POSTAGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,          :
    Plaintiff               :
                    :     No. 1:CV-00-0895
          v.               :
                    : (Magistrate Judge Smyser)
ROBERT W. MEYERS, et al.,   :
    Defendants              :

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General

for the Commonwealth of Pennsylvania, Office of Attorney General, hereby

certify that on **August 16, 2001**, I caused to be served a true and correct copy of

the foregoing document **Defendants' Response to Plaintiff's Motion for**

**Extension of Time and for a Temporary Restraining Order** by depositing it in

the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**