JUDGE'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Copy

(59)

| | | |
|---|---|---|
| TERRANCE MONTAGUE, Plaintiff | : | CIVIL NO. 1:CV-00-0895 |
| v. | : | (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, et al Defendants | : | |

PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS WITH ADDITIONAL FACTS IN SUPPORT

FILED
HARRISBURG, PA

AUG 17 2001

MARY E. D'ANDREA, CLERK
Per ____ Deputy Clerk

1. ADMITTED.

2. ADMITTED.

3. ADMITTED.

4. ADMITTED.

5. DENIED IN PART. ADMITTED IN PART. IT IS DENIED THAT PLAINTIFF WAS HOUSED IN THE MENTAL HEALTH UNIT AT SCI-ROCKVIEW. SEE "EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, EXHIBIT "45A." IT IS ADMITTED THAT PLAINTIFF WAS TEMPORARY TRANSFERRED TO SCI-WAYMART, BUT SCI-WAYMART IS TWO JAILS IN ONE, WHERE PLAINTIFF WAS TRANSFERRED TO THE MENTAL HEALTH UNIT WHERE THEY HOUSE INMATES WITH MENTAL PROBLEMS, INCLUDING THE CRIMINALLY INSANE. ALL ELSE IS ADMITTED.

6. DENIED IN PART. ADMITTED IN PART. IT IS DENIED THAT PLAITNIFF WAS EVER MOVED TO CELL 5014 ON A-BLOCK. SEE "EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, EXHIBIT "45A," WHICH CLEARLY SHOWS AN ERROR, WHERE IT SHOWS THAT ON 2/29/00 PLAINTIFF MOVED TO CELL 5018 AND THEN MOVED TO CELL 3018, ALL ON THE SAME DAY. IT IS ADMITTED THAT PLAINTIFF WAS MOVED FROM THE RHU TO CELL 3032 ON 4/27/00, PLAINTIFF POINTS OUT THAT HE WAS MOVED FROM THE RHU TO CELL 3032 ON 4/27/00. ALL ELSE IS ADMITTED.

7. ADMITTED.

8. DENIED. THE UNIT MANAGER WITH OTHER PRISON OFFICIALS IGNORED PLAINTIFF'S PLEAS, (SEE COMPLAINT) "REQUEST TO STAFF," (SEE "REQUEST TO STAFF" PLAINTIFF'S EXHIBIT "A") AND "INMATE GRIEVANCES," (SEE "INMATE GRIEVANCES," PLAINTIFF'S EXHIBIT "B").

9. DENIED. THE UNIT MANAGER WAS ADVISED BY MEDICAL STAFF (SEE MEDICAL RECORDS PLAINTIFF'S EXHIBIT "C"

10. ADMITTED IN PART. DENIED IN PART. IT IS ADMITTED THAT PLAINTIFF TALKED TO THE UNIT MANAGER, MR. KERSTETTER, IN FEBRUARY 2001, ABOUT MOVING TO THE NON-SMOKING BLOCK, WHERE PLAINTIFF VOICED

HIS CONCERNS BECAUSE HE HAD HEARD ABOUT INMATES AND GUARDS SMOKING ON THE NON-SMOKING BLOCK, WHERE PLAINTIFF WAS AFRAID THAT HE MIGHT GET AN INMATE IN HIS CELL WHO IS SMOKING UNDERCOVER IN THE CELL, WHERE MR. KERSTETTER TOLD PLAINTIFF THAT HE WAS DOING WHAT HE COULD TO STOP THIS ACTIVITY, BUT PLAINTIFF FELT THAT THIS SO-CALLED NON-SMOKING BLOCK WAS NO BETTER THAN WHERE PLAINTIFF WAS ALREADY AT, WHERE PLAINTIFF WAS IN A CELL BY HIMSELF, WHERE MR. KERSTETTER HANDED PLAITIFF A "REQUEST TO STAFF MEMBER" TO FILL OUT STATING THAT PLAINTIFF WANTED TO STAY ON A-BLOCK. SEE PLAINTIFF'S EXHIBITS "D," AFFIDAVITS FROM OTHER INMATES TO CONFIRM THAT INMATES AND GUARDS SMOKE ON THE NON-SMOKING BLOCK. ALL ELSE IS DENIED.

11. DENIED IN PART. ADMITTED IN PART. IT IS DENIED THAT PLAINTIFF EVER DISAGREED TO ABIDE BY THE RULES AND PROCEDURES OF THE NON-SMOKING BLOCK. IT IS ADMITTED THAT PLAINTIFF HAD TO AGREE TO ABIDE BY THE RULES AND PROCEDURES OF THE NON-SMOKING BLOCK BEFORE HE WAS TRANSFERRED TO SAID NON-SMOKING BLOCK.

12. DENIED. PLAINTIFF WAS NEVER UNDER ANY KIND OF MENTAL HEALTH TREATMENT, AND HAS NEVER HAD ANY MENTAL HEALTH EPISODES WHICH REQUIRE SAID ASSESSMENT OF NEEDS OR TREATMENT POSSIBILITIES, THE ONLY REASON FOR PLAINTIFF'S TRANSFER WAS IN RETALIATION FOR HIM FILING THIS INSTANT ACTION.

13. ADMITTED.

14. NO RESPONSE REQUIRED.

ADDITIONAL FACTS IN SUPPORT

15. PLAINTIFF WAS PUT INTO CELLS WITH SMOKERS. SEE AFFIDAVITS FROM THOSE CELLMATE SMOKERS, EXHIBIT "E."

16. PLAINTIFF MEDICAL RECORDS SHOWS THAT HE DOES HAVE ASTHMAS, A SERIOUS MEDICAL CONDITION, AND/OR A HISTORY OF RESPIRATORY AILMENTS, WHICH IS IRRITATED BY CIGARETTE SMOKE, AND/OR REQUIRES HIM TO BE IN A SMOKE-FREE ENVIRONMENT. SEE MEDICAL RECORDS, EXHIBIT "B."

17. D.O.C. POLICY "SMOKING IN DEPARTMENT OF CORRECTIONS BUILDING AND FACILITIES, 15.3.6," AND "SCI-ROCKVIEW SMOKING POLICY, 15.3.6 ROC1," AND D.O.C. MANAGEMENT DIRECTIVE, 205.19" SHOW THAT THERE WAS A SMOKING POLICY IN PLACE, WITH SAFEGUARDS, TO PREVENT PLAINTIFF FROM BEING CELLED WITH A SMOKER WITHOUT HIS CONSENT.

18. D.O.C. FAILED TO ENFORCE ITS NONSMOKING POLICY AND/OR DISCIPLINE THOSE WHO VIOLATE IT.

19. THE D.O.C. HAS SUPPLIED INFORMATION ON THE DANGERS OF SECOND HAND SMOKE.

20. THAT GUARDS HAVE DELIBERATELY BLEW SMOKE IN FRONT OF PLAINTIFF'S CELL TO RETALIATE AGAINST HIM FOR FILING THIS INSTANT ACTION.

Dated: 8-14-01

Terrance Montague
Terrance Montague, BZ-2751
Box A, Bellefonte, PA
16823-0820