see att

(61)
8-23-01
sc

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,                :     CIVIL NO. 1:CV-00-0895
                                  :
         Plaintiff                :
                                  :
     v.                           :     (Magistrate Judge Smyser)
                                  :
ROBERT W. MEYERS,                 :
ROBERT S. BITNER,                 :
DAVID J. WAKEFIELD,               :
TERRY L. WHITMAN,                 :
JACK ALLAR,                       :
LARRY LIDGETT,                    :
LT. DECKER,                       :
MAJOR YANCY and                   :
JEFFREY A. RACKOVAN,              :
         Defendants               :

FILED
HARRISBURG, PA

AUG 2 2 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

## ORDER

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on May 18, 2000. On July 6, 2000, the plaintiff filed a supplemental complaint. The plaintiff claims that the defendants required him to share a cell with inmates who smoke and that the smoke aggravates his asthma.

AO 72A
(Rev.8/82)

The parties consented to proceed before a magistrate judge, and on July 14, 2000, this case was reassigned to the undersigned magistrate judge.

On July 31, 2000, the defendants filed an answer to the complaint and supplemental complaint.

By an Order dated February 23, 2001, we granted the plaintiff's motion for leave to supplement his complaint, and the plaintiff was granted twenty days to file a supplemental complaint alleging that his transfer to SCI-Waymart was in retaliation for the filing of the instant action.

On March 1, 2001, the plaintiff filed a supplemental complaint which alleged that his transfer to SCI-Waymart was in retaliation for the filing of the instant action. On March 12, 2001, the defendants filed an answer to the supplemental complaint.

On June 27, 2001, the defendants filed a motion for summary judgment. After requesting and receiving an extension of time, on July 10, 2001 the defendants filed a statement of material facts, a brief and documents in support of their

AO 72A
(Rev.8/82)

motion for summary judgment. The plaintiff did not file a brief in opposition to the motion to dismiss as required by Local Rule 7.6, Rules of Court, M.D. Pa. By an Order dated August 8, 2001, the plaintiff was ordered to file a brief in opposition to the motion for summary judgment, a response to the defendant's statement of material facts and any summary judgment evidence in opposition to the motion on or before August 22, 2001.

On August 16, 2001, the plaintiff filed a motion for an extension of time and for a temporary restraining order. The plaintiff states that SCI-Rockview has a policy against allowing, or simply will not allow, inmates to make copies of Department of Corrections policy statements and medical records. The plaintiff is requesting that the court order the defendants to allow him to make copies of his exhibits in opposition to the defendants' motion for summary judgment. On August 16, 2001, the defendants filed a response to the plaintiff's motion for an extension of time and motion for a temporary restraining order.

On August 17, 2001, the plaintiff filed a response to the defendants' motion for summary judgment, a brief in

AO 72A
(Rev.8/82)

opposition to the motion and a response to the defendants' statement of material facts.

A party seeking preliminary injunctive relief bears the burden of persuading the court that: (1) the moving party has a reasonable probability of success on the merits; (2) the moving party will be irreparably injured if the relief is denied; (3) granting the preliminary relief will not result in even greater harm to the other party; and (4) granting preliminary relief will be in the public interest. *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987). To obtain a temporary restraining order the moving party must meet those four requirements and also must establish that the threatened injury is imminent. *Fink v. Supreme Court of PA*, 646 F. Supp. 569, 570 (M.D. Pa. 1986).

The plaintiff has not established that he will be irreparably injured if the court does not order the defendants to allow him to make photocopies of his exhibits. The defendants state that as an accommodation to the plaintiff, the plaintiff need not serve them with copies of policy statements or his medical records since the defendants already have copies of those documents. In this one instance, the court will waive

4

the requirement of Local Rule 5.2 that the original and two copies of documents be filed with the court. The plaintiff will be permitted to file only the original (which may be a copy) of his exhibits in support of his opposition to the defendants' motion for summary judgment.

We note that the plaintiff may copy other documents by hand.

We will deny the plaintiff's request for a temporary restraining order. We will grant the plaintiff's request for an extension of time to file his exhibits in support of his opposition to the defendants' motion for summary judgment.

AND NOW, this 22nd day of August, 2001, **IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 55) for an extension of time and for a temporary restraining order is **GRANTED IN PART AND DENIED IN PART.** The plaintiff's request for a temporary restraining order is **DENIED.** The plaintiff's request for an extension of time to file his exhibits in support of his opposition to the defendants' motion for summary judgment is **GRANTED.** The plaintiff shall file and serve his exhibits on or before September 4, 2001. The defendants may file a reply

5

brief in support of their motion within ten days after being served with the plaintiff's exhibits.

                                                    J. Andrew Smyser
                                                    Magistrate Judge

Dated: August 22, 2001.

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 22, 2001

Re:  1:00-cv-00895    Montague v. Meyers

True and correct copies of the attached were mailed by the clerk to the following:

    Terrance Montague
    SCI-R
    SCI at Rockview
    BZ-2761
    P.O. Box A
    Bellefonte, PA  16823

    Gregory R. Neuhauser, Esq.
    Office of Attorney General
    Strawberry Square
    15th Floor
    Harrisburg, Pa  17120

```
cc:
Judge                            ( )            ( ) Pro Se Law Clerk
Magistrate Judge                 (/)            ( ) INS
U.S. Marshal                     ( )            ( ) Jury Clerk
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      ( )
Ctroom Deputy                    ( )
Orig-Security                    ( )
Federal Public Defender          ( )
Summons Issued                   ( ) with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5              ( )
Order to Show Cause              ( ) with Petition attached & mailed certified mail
                                     to:  US Atty Gen  ( )    PA Atty Gen ( )
                                          DA of County ( )    Respondents ( )

Bankruptcy Court                 ( )
Other_____        ( )
```

MARY E. D'ANDREA, Clerk

DATE: _____8/22/01_____          BY: ___*STS*___
                                          Deputy Clerk