● ORIGINAL ●

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

v.

ROBERT W. MEYERS, et al.,
    Defendants

No. 1:CV-00-0895

(Magistrate Judge Smyser)

### DEFENDANTS' MOTION FOR INVOLUNTARY DISMISSAL

Defendants, by their attorneys, move the Court for involuntary dismissal of the action on the ground that plaintiff has failed to comply with the Court's order of August 22, 2001. In support hereof, defendants state the following:

1. This is a civil action for equitable relief and damages brought pursuant to 42 U.S.C. §1983 by an inmate of a state correctional institution.

2. On June 27, 2001, defendants filed a motion for summary judgment. The supporting statement of material facts, documentary exhibits and memorandum of law were filed on July 10, 2001.

3. On August 22, 2001, counsel for defendants received Plaintiff's Response to Defendants' Statement of Material Facts ("Response") and Brief in Opposition to Defendants' Motion for Summary Judgment.[1]

---

[1] While plaintiff's certificates of service are dated August 14, 2001, the documents were not postmarked until August 20, 2001 and were not received by defense counsel until August 22, 2001, even though the clerk's copies were received and docketed on August 17, 2001.

4. Plaintiff's response and brief refer to exhibits plaintiff supposedly had filed with the clerk. No exhibits accompanied defendants' service copy of the response and brief, however.

5. By order dated August 22, 2001, the Court directed plaintiff to file and serve the exhibits in support of his opposition to defendants' motion for summary judgment.

6. To date, plaintiff has not complied with the Court's August 22, 2001 order.

7. The Court and defendants are entitled to know what documents plaintiff relies upon for his opposition to the motion for summary judgment.

8. Failure of plaintiff to comply with the Court's August 22 order prevents defendants from filing an appropriate reply and demonstrates a wilful disregard for the Court's authority.

9. As such, plaintiff's actions are subject to sanction, including dismissal of the case. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3rd Cir. 1984).

Wherefore, defendants' motion for involuntary dismissal should be granted.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By: *[signature]*
GREGORY R. NEUHAUSER
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

DATE: September 7, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE, :
    Plaintiff :
        : No. 1:CV-00-0895
v. :
        : (Magistrate Judge Smyser)
ROBERT W. MEYERS, et al., :
    Defendants :

### CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **September 7, 2001**, I caused to be served a true and correct copy of the foregoing document **Defendants' Motion for Involuntary Dismissal** by depositing it in the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

*[signature]*
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**