IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE,<br>Plaintiff | : <br> : <br> : No. 1:CV-00-0895 |
| v. | : <br> : (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, et al.,<br>Defendants | : <br> : |

FILED
HARRISBURG, PA

SEP 26 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## REPLY MEMORANDUM FOR DEFENDANTS

### Introduction

In this civil action for injunctive relief and damages brought by an inmate of a state correctional institution under 42 U.S.C. §1983, the defendant-corrections officials have filed a motion for summary judgment supported by a statement of material facts, a set of documents and a memorandum of law. Plaintiff has responded to the defendants' motion for summary judgment with a response, a set of exhibits[1] and a memorandum of law. This memorandum is submitted by defendants in reply.

### Argument in Reply

1. *Plaintiff's Claim for Injunctive Relief*

---

[1]Plaintiff's exhibits were not filed by the deadline set by the Court in its order of August 22, 2001. That order required plaintiff to file his supporting documents by September 4, 2001; however, plaintiff did not file them until September 13, 2001. Defendants have filed a motion for involuntary dismissal for plaintiff's failure to comply with the Court's August 22, 2001 order.

In his brief in opposition to defendants' motion, plaintiff makes no argument in response to defendants' contention that his claim for injunctive relief has been rendered moot. (See Defendants' Brief at 8-10). In fact, plaintiff admits in his response to defendants' statement of material facts that he was transferred to the non-smoking block on April 30, 2001 (SMF 7) and that the SCI-Rockview administration has no plans to transfer plaintiff from that block. (SMF 14).[2] As a consequence, plaintiff's request for injunctive relief has been rendered moot and should be dismissed. See Rosetti v. Shalala, 12 F.3d 1216, 1224 (3d Cir. 1993).

2. *Plaintiff's Claim of Retaliation*

In response to defendants' motion for summary judgment on the retaliatory transfer claim, all that plaintiff presents is his own unverified statement that the transfer created a "significant" hardship for him and his unsupported belief that the transfer was in retaliation. Without conceding that the transfer created any hardship for plaintiff, much less a "significant" one,[3] the fact remains

---

[2]Plaintiff did not respond to this numbered fact; therefore, it is deemed admitted. M.D.Pa.R. 56.1.

[3]Plaintiff's hardship argument apparently is based on the fact that SCI-Waymart is designated as the State's forensic treatment unit for male inmates. (Plaintiff's Exhibit H-2). Plaintiff's own exhibit, however, reveals that this is not the only purpose for the institution; SCI-Waymart not only has a treatment unit but also a regular housing section for adult male offenders. (Id.) In any event, plaintiff's claimed hardship fails to satisfy his burden to show that the temporary transfer, which plaintiff agrees lasted only three weeks (SMF 13), was sufficiently "adverse" within the meaning of Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) and Allah v.

-2-

that plaintiff has offered no admissible evidence that the filing of this lawsuit was "a substantial or motivating factor" in the decision to transfer him temporarily to another prison 7½ months later. As such, plaintiff has failed to meet his burden under Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001), and defendants' motion for summary judgment should be granted on this claim. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1996)(failure of non-moving party to adduce evidence on material point upon which party bears the burden of proof requires entry of summary judgment).

3. *Plaintiff's Eighth Amendment Claim for Damages*

The bulk of plaintiff's opposition papers is devoted to his claim for damages under the Eighth Amendment, which is based on his assertion that defendants were deliberately indifferent to his health and safety because he was required to be housed with a cellmate who smokes for short periods of time from December 1999 to May 2000. Plaintiff does not take issue with defendants' presentation of the applicable Eighth Amendment standards. (See Defendants' Brief at 3-6). Plaintiff suggests, however, that there is a dispute of material fact which calls for the denial of defendants' motion.

---

Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).

-3-

While there is no doubt from plaintiff's records that he suffers from an asthmatic condition[4] and that, before his transfer to the non-smoking block[5], he had been double-celled with a smoker for short periods of time, plaintiff's opposition papers do not satisfy his burden under Helling v. McKinney, 509 U.S. 25 (1993). Plaintiff has not demonstrated with admissible evidence that, for the short periods of time about which he complains, he was exposed to such unreasonably high levels of ETS that it constituted a grave risk violative of contemporary standards of decency. Id. at 36. He was not required to be in his cell 24 hours a day nor do his opposition papers evidence any significant harm — either at the time or in the future. Thus, the objective component of the Eighth Amendment standard is not satisfied by plaintiff's opposition documents.

Similarly, plaintiff has not refuted defendants' supporting documents on the subjective prong of the Eighth Amendment standard. Efforts were made to change cellmates for plaintiff as needed until such time as he would agree to the conditions for transfer to a non-smoking block (SMF 6-12). While plaintiff's

---

[4]Plaintiff's own exhibits demonstrate that he has received treatment for the asthmatic condition. (Plaintiff's Ex. F). We do not understand plaintiff's Eighth Amendment claim to involve an allegation that his treatment is inadequate, but even if it were to be so construed, it is apparent that it would be untenable. See Estelle v. Gamble, 429 U.S. 97 (1976).

[5]SMF 7, 11.

-4-

documents at most demonstrate that one physician's assistant eventually recommended a non-smoking block for plaintiff (Plaintiff's Ex. C-1), there is no evidence that plaintiff's condition was sufficiently serious to override all other security and housing considerations on plaintiff's cellblock. As plaintiff's own exhibit demonstrates (Plaintiff's Ex. B-17), plaintiff was advised by the Superintendent of the institution that he needed to identify a non-smoking cell partner for unit staff to consider as a suitable cellmate. Had plaintiff done so and the partner was approved, he could have avoided having certain inmates celled with him for the short periods of time complained about. (Id.) More significantly, however, the Superintendent advised plaintiff that once the physician's assistant made her recommendation, it was being reviewed for medical necessity to determine if plaintiff should be moved to a single cell until transfer to the non-smoking block could be arranged. (Id.)

While this response from the Superintendent apparently was not satisfactory to plaintiff, it nonetheless was consistent with the policy with which plaintiff argues defendants failed to comply. (Plaintiff's Ex. G-1). That institutional policy provided in pertinent part as follows:

> Non-smoking inmates currently assigned to
> a cell with a smoking inmate may request to
> be reassigned to another cell/room. The Unit

>Manager or staff responsible for assignment will establish a waiting list for these moves. Actual cell reassignments shall be based on availability, appropriateness of cell/cellmates, an inmate's health condition which may be aggravated by ETS and the inmate's position on the list.

(Plaintiff's Ex. G-5).

Thus, even assuming arguendo that plaintiff's condition was sufficiently serious, that plaintiff cooperated with staff in attempting to locate an appropriate non-smoking cellmate, that the short-term exposure was to unreasonably high levels of ETS, and that plaintiff would have gone to the non-smoking block as soon as possible,[6] plaintiff cannot demonstrate the required culpable state of mind on the part of the defendants to constitute deliberate indifference. See Grote v. Ramirez, 1998 WL 757081 (9th Cir. 1998)(copy attached to defendants' principal brief), citing Helling, 809 U.S. at 29-30. Defendants attempted to work with plaintiff to find an appropriate non-smoking cellmate (SMF 8) and he chose not to transfer to the non-smoking block when given the opportunity (SMF 10), but when he agreed to the rules and procedures on the non-smoking block, he was transferred. (SMF 11). Under these

---

[6]Plaintiff refused to transfer to the non-smoking block in February 2001, preferring to remain on A-block in a single cell. (See SMF 10 and Plaintiff's Response).

-6-

circumstances, plaintiff cannot demonstrate that defendants knew of and consciously disregarded an excessive risk to plaintiff's health. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

**Conclusion**

For these reasons and those presented in their brief filed July 10, 2001, defendants' motion for summary judgment should be granted.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

By: *[signature]*
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

**DATE: September 26, 2001**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE,<br>　　　Plaintiff | :<br>:<br>: No. 1:CV-00-0895 |
| v. | :<br>: (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, et al.,<br>　　　Defendants | :<br>: |

### CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **September 26, 2001**, I caused to be served a true and correct copy of the foregoing document **Reply Memorandum for Defendants** by depositing it in the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　GREGORY R. NEUHAUSER
　　　　　　　　　　　　　　　　　　**Senior Deputy Attorney General**