see at

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE MONTAGUE, | : | CIVIL NO. **1:CV-00-0895** |
| Plaintiff | : | |
| v. | : | (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, | : | |
| ROBERT S. BITNER, | : | |
| DAVID J. WAKEFIELD, | : | |
| TERRY L. WHITMAN, | : | |
| JACK ALLAR, | : | FILED |
| LARRY LIDGETT, | : | HARRISBURG, PA |
| LT. DECKER, | : | SEP 27 2001 |
| MAJOR YANCY and | : | |
| JEFFREY A. RACKOVAN, | : | MARY E. |
| Defendants | : | PER____ DEPUTY CLERK |

### ORDER

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on May 18, 2000. On July 6, 2000, the plaintiff filed a supplemental complaint. The plaintiff claims that the defendants required him to share a cell with inmates who smoke and that the smoke aggravates his asthma.

The parties consented to proceed before a magistrate judge, and on July 14, 2000, this case was reassigned to the undersigned magistrate judge.

On July 31, 2000, the defendants filed an answer to the complaint and supplemental complaint.

By an Order dated February 23, 2001, we granted the plaintiff's motion for leave to supplement his complaint, and the plaintiff was granted twenty days to file a supplemental complaint alleging that his transfer to SCI-Waymart was in retaliation for the filing of the instant action.

On March 1, 2001, the plaintiff filed a supplemental complaint which alleged that his transfer to SCI-Waymart was in retaliation for the filing of the instant action. On March 12, 2001, the defendants filed an answer to the supplemental complaint.

On June 27, 2001, the defendants filed a motion for summary judgment. After requesting and receiving an extension of time, on July 10, 2001 the defendants filed a statement of material facts, a brief and documents in support of their motion for summary judgment. The plaintiff did not file a brief in opposition to the motion to dismiss as required by Local Rule 7.6, Rules of Court, M.D. Pa. By an Order dated August 8, 2001, the plaintiff was ordered to file a brief in

opposition to the motion for summary judgment, a response to the defendant's statement of material facts and any summary judgment evidence in opposition to the motion on or before August 22, 2001.

On August 17, 2001, the plaintiff filed a response to the defendants' motion for summary judgment, a brief in opposition to the motion and a response to the defendants' statement of material facts. By an Order dated August 22, 2001 the court granted the plaintiff's request for an extension of time to file his exhibits in support of his opposition to the defendants' motion for summary judgment. The plaintiff was ordered to file and serve his exhibits on or before September 4, 2001.

On September 6, 2001, the defendants filed a motion for involuntary dismissal of this action and on September 7, 2001, they filed a brief in support of that motion. The defendants contend that this action should be dismissed because the plaintiff failed to serve and file his exhibits are ordered.

On September 13, 2001, the plaintiff filed his exhibits.

3

On September 17, 2001, the plaintiff filed a brief in opposition to the defendants' motion for involuntary dismissal. The plaintiff asserts that he timely gave the exhibits to prison officials for mailing but that the exhibits were returned to him by prison officials twice without being mailed. On September 5, 2001, the Business Manager at SCI-Rockview returned the documents to the plaintiff because the plaintiff had requested that the documents be sent by UPS. *See Doc. 64*. The Business Manager informed the plaintiff that because he had a negative account balance he was only allowed to anticipate the deposit of funds into his account for regular first class postage. *Id*. On September 7, 2001, the Business Manager at SCI-Rockview again returned the documents to the plaintiff because the plaintiff had requested a certified return receipt. *See Doc. 67*. The Business Manager again informed the plaintiff that because he had a negative account balance he was only allowed to anticipate the deposit of funds into his account for regular first class postage. *Id*.

The Third Circuit has established a six part test, enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), for reviewing all sanction orders which deprive a party of the right to proceed with or defend a

4

claim. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.*

In the instant case, the plaintiff's failure to timely file and serve his exhibits was due to his requests to have the exhibits sent by UPS and with a return receipt. We have no basis to conclude that the plaintiff's conduct in making such requests was in bad faith.

The defendants concede that they were served with the exhibits on September 13, 2001. *See Doc. 68-Defendants' Motion for Enlargement of Time to File Reply Brief in Support of Motion for Summary Judgment.* The defendants have not been prejudiced by the delay.

5

The plaintiff has not shown a serious history of dilatoriness in this case. The court will address the meritoriousness of the claims in connection with the pending summary judgment motion.

The court does not believe that any sanction is warranted in this case and certainly not the extreme sanction of dismissal of the action. Accordingly, the defendants' motion for involuntary dismissal will be denied.

AND NOW, this 27th day of September, 2001, **IT IS HEREBY ORDERED** that the defendants' motion (doc. 62) for involuntary dismissal is **DENIED**.

J. Andrew Smyser
Magistrate Judge

Dated: September 27, 2001.

6

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 27, 2001

Re: 1:00-cv-00895   Montague v. Meyers

True and correct copies of the attached were mailed by the clerk to the following:

Terrance Montague
SCI-R
SCI at Rockview
BZ-2761
P.O. Box A
Bellefonte, PA 16823

Gregory R. Neuhauser, Esq.
Office of Attorney General
Strawberry Square
15th Floor
Harrisburg, Pa 17120

```
cc:
Judge                         ( )           ( ) Pro Se Law Clerk
Magistrate Judge              (✓)           ( ) INS
U.S. Marshal                  ( )           ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( ) with N/C attached to complt. and served by:
                                  U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( ) with Petition attached & mailed certified mail
                                  to: US Atty Gen  ( )   PA Atty Gen ( )
                                      DA of County ( )   Respondents ( )
Bankruptcy Court              ( )
Other_____  ( )
```

MARY E. D'ANDREA, Clerk

DATE: _9-27-01_      BY: _____
                                                                                                                       Deputy Clerk