IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,  : CIVIL NO. 1:CV-00-0895
  PLAINTIFF :
 : (MAGISTRATE JUDGE SMYSER)
v. :
 :
ROBERT W. MEYERS, ET AL :
  DEFENDANTS :

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. THE COMMONWEALTH OF PENNSYLVANIA HAS IN ESTABLISHED "MANAGEMENT DIRECTIVE, SMOKING IN COMMONWEALTH BUILDINGS/FACILITIES, 205.19 (7/1/97)."

2. THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS (D.O.C.) HAS IN ESTABLISHED "D.O.C. POLICY, SMOKING IN D.O.C. BUILDINGS AND FACILITIES, #5.3.6 (5/20/94)," AND "D.O.C. POLICY STATEMENT, SCI-ROCKVIEW SMOKING POLICY, #5.3.6 ROC 1".

3. "D.O.C. POLICY STATEMENT, SCI-ROCKVIEW SMOKING POLICY, #5.3.6 ROC 1," IN ITS RELEVANT PARS, PROVIDES:
II. PURPOSE:
THIS POLICY IS DESIGNED TO FOSTER THE HEALTH, SAFETY AND PERSONAL PREFERENCE OF ALL. IT IS NOT INTENDED TO TOTALLY PROHIBIT SMOKING IN SCI-ROCKVIEW BUILDINGS AND STRUCTURES, BUT DOES RESTRICT IT TO SPECIFIED AREAS AND UNDER CERTAIN CRITERIA.

SMOKING POSES A SIGNIFICANT RISE TO THE HEALTH OF THE SMOKER AND NON-SMOKER. IT CAN DAMAGE SENSITIVE TECHNICAL EQUIPMENT AND CAN BE A SAFETY HAZARD. IN SUFFICIENT CONCENTRATION, ENVIRONMENT TOBACCO SMOKE (ETS) CAN BE HAZARDOUS TO NON-SMOKERS IN THE WORK ENVIRONMENT AND MAY BE HARMFUL TO INDIVIDUALS WITH HEART AND RESPIRATORY DISEASES AND ALLERGIES RELATED TO TOBACCO SMOKE. ENVIRONMENT TOBACCO SMOKE (ETS) OR EXPOSURE TO SECONDHAND SMOKE IS EXPECTED TO CAUSE AN ADDITIONAL 53,000 DEATHS ANNUALLY IN THE UNITED STATES, PRIMARILY DUE TO LUNG CANCER AND HEART DISEASE.

SMOKING ACCOUNTS FOR OVER 400,000 DEATHS ANNUALLY IN THE UNITED STATES, AND THIS POLICY IS PROVIDED TO ASSIST EMPLOYEES, THE PUBLIC AND INMATES IN FINDING A REASONABLE ACCOMMODATION BETWEEN THOSE WHO DO NOT SMOKE AND THOSE WHO DO. IT DEMONSTRATES THE INSTITUTION'S DESIRE TO IMPROVE THE HEALTH OF ALL EMPLOYEES AND INMATES.

THE PURPOSE OF THIS POLICY IS TO PROMOTE A SAFE AND HEALTHFUL ENVIRONMENT FOR INMATES, EMPLOYEES AND THE PUBLIC ASSOCIATED WITH THIS INSTITUTION. IT IS INTENDED TO REDUCE THE HEALTH RISKS ASSOCIATED WITH EXPOSURE TO ENVIRONMENT TOBACCO SMOKE WHILE MINIMIZING THE INCONVENIENCE TO INDIVIDUALS WHO SMOKE.

V. POLICY:
IT IS THE POLICY OF SCI-ROCKVIEW TO RESPECT THE PREFERENCES OF BOTH THE NON-SMOKER AND THE SMOKER IN ALL OF THE INSTITUTION BUILDINGS. THIS SHALL BE INTERPRETED TO ALSO INCLUDE COMMONWEALTH VEHICLES. WHEN THESE PREFERENCES CONFLICT, THE PREFERENCES OF THE NON-SMOKER SHALL PREVAIL. THE RIGHT OF AN INDIVIDUAL TO PROTECT HIS OR HER HEALTH SHALL TAKE PRECEDENCE OVER AN INDIVIDUAL'S DESIRE TO SMOKE. SMOKING SHALL BE PERMITTED/PROHIBITED AS SPECIFIED HEREIN.

IT IS ALSO RECOGNIZED THAT IMPLEMENTING A SMOKE FREE POLICY ON THE INMATE POPULATION MAY HAVE NEGATIVE RAMIFICATIONS. THEREFORE, FACILITY MANAGERS MAY CREATE AND MAINTAIN NON-SMOKING INMATE HOUSING UNITS AND OR CELLING ARRANGEMENTS.

VI. PROCEDURE:
D. INMATES WHO ARE NON-SMOKERS SHALL BE HOUSED IN A CELL WITH ANOTHER NON-SMOKING INMATE IF THEY REQUEST TO DO SO. IN THE EVENT THE NON-SMOKING INMATE REQUESTS TO BE ASSIGNED WITH A SPECIFIC INMATE WHO IS A SMOKER, HIS REQUEST MAY BE HONORED PROVIDED THERE ARE NON OVERRIDING SECURITY CONCERNS. THIS REQUEST SHALL BE DOCUMENTED IN THE DC-15, WAIVING HIS RIGHTS TO CELL/ROOM WITH A NON-SMOKER.

E. NON-SMOKING INMATES CURRENTLY ASSIGNED TO A CELL WITH A SMOKING INMATE MAY REQUEST TO BE REASSIGNED TO ANOTHER CELL/ROOM. THE UNIT MANAGER OF STAFF RESPONSIBLE FOR ASSIGNMENT WILL ESTABLISH A WAITING LIST FOR THESE MOVES. ACTUAL CELL REASSIGNMENTS SHALL BE BASED ON AVAILABILITY, APPROPRIATENESS OR CELL/CELLMATES, AN INMATES' HEALTH CONDITION WHICH MAY BE AGGRAVATED BY ETS AND THE INMATE'S POSITION OF THE LIST.

F. THE FACILITY MANAGER MAY MAKE EXCEPTION TO THE ABOVE DEPENDING ON SPACE AVAILABILITY AND SECURITY REQUIREMENTS OR HIS/HER FACILITY.

4. PLAINTIFF DOES NOT SMOKE. SEE EXHIBIT "A," PLAINTIFF'S AFFIDAVIT.

5. PLAINTIFF HAS RESPIRATORY DISEASE (ASTHMA) AND USES AN INHALER WHICH HE GETS AS PART OF HIS MEDICAL TREATMENT FOR ASTHMA. SEE DEFENDANT LARRY LIDGETT'S ANSWER TO PLAINTIFF'S "REQUEST FOR ADMISSIONS," PARAGRAPH #(G).

6. "D.O.C., POLICY STATEMENT, CONSOLIDATED INMATE GRIEVANCE REVIEW SYSTEM, DC-ADM 804," IN ITS RELEVANT PARTS, PROVIDES:
V. POLICY:
INFORMAL RESOLUTION OF PROBLEMS - ALL INMATES ARE EXPECTED TO ATTEMPT TO RESOLVE PROBLEMS OR DIFFERENCES WITH STAFF ON AN INFORMAL BASIS THROUGH DIRECT CONTACT OR BY SENDING A REQUEST SLIP TO APPROPRIATE STAFF. ACTION TAKEN BY THE INMATE TO RESOLVE THE SITUATION MUST BE INDICTED ON THE GRIEVANCE FORM, SECTION B.

...IT SHOULD BE COMPLETED ACCORDING TO THE DIRECTIONS PROVIDED....

IT IS REQUIRED THAT A GENUINE EFFORT BE MADE TO RESOLVE THE PROBLEM BEFORE THE GRIEVANCE SYSTEM IS USED. THE INMATE MUST DOCUMENT THESE EFFORTS IN SECTION B OF THE GRIEVANCE FORM. FAILURE TO DO SO MAY RESULT IN THE GRIEVANCE BEING RETURNED TO THE INMATE WITHOUT ACTION. THE INMATE MAY THEN REFILE THE GRIEVANCE WITH SECTION B PROPERLY COMPLETED.

7. ON/BEFORE 12/27/98 PLAINTIFF TOLD AND/OR WROTE TO LARRY LIDGETT, MAJOR YANCEY, MR. KUSHWARA, LT. SOLETE, AND MR. DUCK, THAT HE DID NOT SMOKE, HAD A RESPIRATORY DISEASE (ASTHMA), USES AN INHALER, THAT THE INMATE PUT IN HIS CELL WAS A SMOKER, AND WAS CAUSING HIM BREATHING PROBLEMS. SEE DEFENDANTS "ANSWER" TO THE COMPLAINT, PARAGRAPH #4.

8. ON 12/28/99 PLAINTIFF FILED AN OFFICIAL INMATE GRIEVANCE ROC-0768-99 TO THE GRIEVANCE COORDINATOR, MR. JEFFREY RACKOVAN, THAT HE DID NOT SMOKE, HAS RESPIRATORY DISEASE (ASTHMA), USES AN INHALER, THAT THE INMATE PUT IN HIS CELL WAS A SMOKER, AND WAS CAUSING HIM BREATHING PROBLEMS, DEPUTY WAKEFIELD, MR. WHITMAN, MAJOR YANCEY, AND THE UNIT MANAGER, MR. DUCK, WERE SENT A COPY AND/OR WERE MADE AWARE OF THESE PROCEEDINGS, PLAINTIFF WAS MOVED FROM BUILDING A. SEE DEFENDANTS "ANSWER" TO THE COMPLAINT, PARAGRAPH #5.

9. ON 2/7/00 AN INMATE/SMOKER WAS MOVED INTO PLAINTIFF'S CELL. SEE DEFENDANTS "ANSWER" TO THE COMPLAINT, PARAGRAPH #7.

10. ON 2/7/00, PLAINTIFF FILED AN OFFICIAL INMATE GRIEVANCE ROC-0073-00 TO THE GRIEVANCE COORDINATOR, MR. JEFFREY RACKOVAN, THAT HE DID NOT SMOKE, HAS A RESPIRATORY DISEASE (ASTHMA), USES AN INHALER, THAT THE INMATE PUT IN HIS CELL WAS A SMOKER, AND WAS CAUSING HIM BREATHING PROBLEMS, DEPUTY WAKEFIELD, MR. WHITMAN, MR. ALLAR, AND MR. ZURYBIDA WERE SENT A COPY AND/OR MADE AWARE OF THESE PROCEEDINGS. SEE DEFENDNTS "ANSWER" TO THE COMPLAINT, PARAGRAPH #8.

11. ON/ABOUT 2/29/00, PLAINTIFF FILED A GRIEVANCE APPEAL TO SUPERINTENDENT, R.W. MEYERS, THAT HE DID NOT SMOKE, HAS A RESPIRATORY DISEASE (ASTHMA), USES AN INHALER, THAT THE INMATE PUT IN HIS CELL WAS A SMOKER, AND WAS CAUSING HIM BREATHING PROBLEMS. SEE DEFENDANTS "ANSWER" TO THE COMPLAINT, PARAGRAPH #10.

12. ON 3/2/00, PLAINTIFF FILED A GRIEVANCE APPEAL TO THE CENTRAL OFFICE REVIEW COMMITTEE (CORC), ROBERT S. BITNER, THAT HE DID NOT SMOKE HAS A RESPIRATORY DISEASE (ASTHMA), USES AN INHALER, THAT THE INMATE PUT IN HIS CELL WAS A SMOKER, AND WAS CAUSING HIM BREATHING PROBLEMS. SEE DEFENDANTS "ANSWER" TO THE COMPLAINT, PARAGRAPH #10.

13. ON 4/27/00 AND 6/28/00, PLAINTIFF WAS RELEASED FROM THE RHU AND WAS PLACED ON A-BLOCK IN A CELL NOT OF HIS CHOOSING. SEE "EXHIBIT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, EXHIBIT "45A."

14. PLAINTIFF FILED AN INMATE GRIEVANCE, ON/ABOUT 6/28/00, THAT HE WAS RELEASED FROM THE RHU, WAS ASSIGNED TO A-BLOCK, CELL #37, WITH INMATE GREGORY POSTEL, AM-9436, WHO IS A HEAVY SMOKER. SEE DEFENDANTS "ANSWER" TO THE COMPLAINT, PARAGRAPH #15.

¶5. PLAINTIFF WAS PUT INTO CELLS WITH SMOKERS. SEE EXHIBIT "E," AFFIDAVITS FROM THOSE CELLMATE SMOKERS SUBMITTED WITH FIRST BRIEF.

¶6. WHEN AN INMATE IS RELEASED FROM THE RHU HE IS ASSIGNED TO A-BLOCK AND A CELL, THE INMATE DOES NOT CHOSE. SEE DEFENDANT ROBERT W. MEYERS' "ANSWER" TO PLAINTIFF'S "REQUEST FOR ADMISSIONS," PARAGRAPH #(A).

¶7. ON 4/27/00, PLAINTIFF WAS RELEASED FROM THE RHU AND WAS ASSIGNED TO A-BLOCK, CELL 332, WITH ANOTHER INMATE. SEE DEFENDANT ROBERT W. MEYERS' "ANSWER" TO PLAINTIFF'S "REQUEST FOR ADMISSIONS," PARAGRAPH #(B).

¶8. THE MOVE TO A-BLOCK, CELL 332, WAS NOT OF PLAINTIFF'S CHOOSING. SEE DEFENDANT ROBERT W. MEYERS' "ANSWER" TO PLAINTIFF'S "REQUEST FOR ADMISSIONS," PARAGRAPH #(C).

¶9. THE INMATE WHO WAS IN CELL #37, WHEN PLAINTIFF MOVED IN, WAS A SMOKER. SEE DEFENDANT ROBERT W. MEYERS' "ANSWER" TO PLAINTIFF'S "REQUEST FOR ADMISSIONS," PARAGRAPH #(F).

20. LARRY LIDGETT, AS THE HEALTH CARE ADMINISTRATOR YOU HAD ACCESS TO PLAINTIFF'S MEDICAL RECORDS. SEE DEFENDANT LARRY LIDGETT'S "ANSWER" TO PLAINTIFF'S "REQUEST FOR ADMISSIONS," PARAGRAPH #(A).

21. SINCE PLAINTIFF'S TRANSFER TO SCI-ROCKVIEW HIS TREATMENTS FOR ASTHMA HAS INCREASED IN DOSAGE, AND/OR STRENGTH. SEE DEFENDANT LARRY LIDGETT'S "ANSWER" TO PLAINTIFF'S "REQUEST FOR ADMISSIONS," PARAGRAPH #(G).

22. SINCE PLAINTIFF HAS BEEN AT SCI-ROCKVIEW HE HAS BEEN GETTING A STEROID INHALER AND A REGULAR INHALER FOR HIS ASTHMAS. SEE DEFENDANT LARRY LIDGETT'S "ANSWER" TO PLAINTIFF'S "REQUEST FOR ADMISSIONS," PARAGRAPH #(I).

23. ON 7/18/00 AND 7/28/00 PLAINTIFF'S UNIT MANAGER, AND/OR COUNSELOR WERE ADVISED BY MEDICAL STAFF THAT PLAINTIFF HAD ASTHMA AND/OR BELONGED ON THE NON-SMOKING BLOCK, AND RECOMMENDED THAT PLAINTIFF WRITE TO THE DEPUTY SUPERINTENDENT. SEE EXHIBIT "O" AND "N," MEDICAL RECORDS AND/OR DEFENDANT LARRY LIDGETT'S "ANSWER" TO PLAINTIFF'S "REQUEST FOR ADMISSIONS," PARAGRAPH #(F).

24. PLAINTIFF MEDICAL RECORDS SHOW THAT ON 5/1/00 AND 7/18/00, PLAINTIFF COMPLAINED TO THE MEDICAL STAFF THAT HE HAD DIFFICULTY BREATHING, WAS NOT ALWAYS RELIEVED BY DEDICATION, THAT THIS PROBLEM IS WORSE ON THE BLOCK DUE TO CIGARETTE SMOKING, WHICH HE HAS ALWAYS HAD PROBLEMS WITH. SEE WXHIBIT "G" AND "M," MEDICAL RECORDS.

WHEREFORE, PETITIONER BY WAY OF FURTHER ANSWERING DEFENDANTS "REPLY MEMORANDUM FOR DEFENDANTS" INCORPORATES THIS MEMORANDUM WITH HIS FIRST RESPONSE AND BRIEF.

DATED: 10-12-01

TERRANCE MONTAGUE, BE-2761
BOX A, BELLEFONTE, PA
¶6823-0820

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,                :    CIVIL NO. 1:CV-00-0895
         PLAINTIFF       :
                                       :
         V.              :    (MAGISTRATE JUDGE SMYSER)
                                       :
ROBERT W. MEYERS, ET AL           :
         DEFENDANTS      :

## AFFIDAVIT IN SUPPORT

1. I TERRANCE MONTAGUE, AM THE ABOVE NAME PLAINTIFF IN THIS ACTION.

2. I REPRESENT THAT THE STATEMENTS MADE IN MY COMPLAINT, THE SUPPLEMENTS TO THE COMPLAINT ARE TRUE AND CORRECT.

3. I REPRESENT THAT THE STATEMENTS MADE IN "PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS WITH ADDITIONAL FACTS IN SUPPORT" ARE TRUE AND CORRECT.

4. I REPRESENT THAT ANY STATEMENTS MADE IN "PLAINTIFF'S REPLY TO REPLY MEMORANDUM FOR DEFENDANTS AND ITS STATEMENT OF UNDISPUTED MATERIAL FACTS ARE TRUE AND CORRECT.

5. I REPRESENT THAT THE FOLLOWING STATEMENTS ARE TRUE AND CORRECT:
   (A) DURING MY STAY AT SCI-WAYMART I WORRIED, STRESSED AND WAS AFRAID TO THE POINT OF METAL ANGUISH ABOUT: (1) BEING CLASSIFIED AS A PERSON WITH MENTAL PROBLEMS, MENTALLY ILLNESS AND/OR CRIMINALLY INSANE; (2) BEING AMONG THE MENTALLY ILL AND CRIMINALLY INSANE; (3) BEING GIVEN MEDICATION AND TREATED FOR A ILLNESS I DID NOT HAVE; (4) BEING KEPT AT SCI-WAYMART AND NEVER LET GO.

   (B) ON 9/29/01, I WENT OVER TO THE SICK-CALL BECAUSE I HAVE BEEN GETTING SHORT OF BREATH, AND MY HEART HAS BEEN BEATING FUNNING, SINCE MY TRANSFER TO SCI-WAYMART, WHERE I THOUGH AT FIRST THAT I WAS JUST OUT OF SHAPE.

   (C) AT SICK-CALL THE PA TOLD ME THAT I HAVE AN ABNORMAL HEART BEAT BECAUSE OF STRESS.

   (D) I AM CURRENTLY UNDER MEDICATION FOR THIS HEART CONDITION.

   (E) THAT I HAVE BEEN TRANSFERRED OFF OF THE NON-SMOKING BLOCK TO C-BLOCK NORTH, WITHOUT MY CONSENT OR ANY REASON GIVEN.

I VERIFY UNDER THE PENALTY OF PERJURY THAT THE FORGOING STATEMENTS ARE TRUE AND CORRECT.

DATED: 10-12-01

_[signature]_
TERRANCE MONTAGUE, BZ-2761
BOX A, BELLEFONTE, PA 16823-0820

My copy

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

    v.

ROBERT W. Meyers, et al.,
    Defendants

No. 1:CV-00-0895

(M.J. Smyser)

## REQUEST FOR ADMISSIONS, 1st. SET

Plaintiff Terrance Montague requests defendant Larry Lidgett within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true:

(a) As the Health Care Administrator you have access to plaintiff's Medical Records.

(b) Plaintiff has a respiratory disease (Asthmas) and uses an inhaler which he gets as part of his medical treatment.

(c) Plaintiff has been on bottom bed and non-smoking Status since he got to SCI-Rockview and/or before he got to SCI-Rockview.

(d) On 6/30/00, at 1140 a.m., plaintiff went over to the medical to use the oxygen tank because he had trouble breathing.

(e) Plaintiff has gone over to medical to use the oxygen tank on other occasions because of his trouble in breathing.

(f) The Medical Staff at SCI-Rockview has been trying to have plaintiff moved to the Non-smoking Block since he got his non-smoking Status.

(g) That since plaintiff's transfer to SCI-Rockview his treatments for Asthmas has increased in dosage, and/or strenght.

(h) Since plaintiff's transfer to SCI-Rockview his Asthmas has become worse.

(i) Since plaintiff has been at SCI-Rockview he has been getting a Steroid Inhaler and a Regular Inhaler for his Asthmas.

Dated: 12-18-00

*Terrance Montague*
Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

    v.

ROBERT W. Meyers, et al.,
    Defendants

No. 1:CV-00-0895

(M.J. Smyser)

### REQUEST FOR ADMISSIONS, 1st. SET

Plaintiff Terrance Montague requests defendant Robert W. Meyers within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following statements is true:

(a) When an inmates is released from the Hole he is assigned to a Block and a cell, the inmate does not chose.

(b) On 4/27/00, plaintiff was released from the Hole and was assigned to A-Block, Cell 332, with another inmate.

(c) The move to A-Block, Cell 332, was not of plaintiff's chossing.

(d) The inmate who was in Cell 332, when plaintiff moved in, was a smoker.

(e) On 6/28/00, Plaintiff was released from the Hole and was assigned to A-Block, Cell 137, with inmate Gregory Postel, AM-9438.

(f) The inmate who was in Cell 137, when plaintiff moved in, was a smoker.

(g) The move to Cell 137 was not of plaintiff's choosing.

Dated: 12-18-00

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

# PROGRESS NOTES

3 copies

[ ] Outpatient                                    [ ] Inpatient

| Date/Time | Prob # | Discipline Abbreviation | Remarks<br>Subjective, Objective, Assessment, Plan |
|---|---|---|---|
| 7/13/00 @ 30 | | Rx | Block A called for sick line. This inmate did not come to dispensary. Block recalled @ 09:15 am — still no show. |
| 7/18/00 0730 | A G | PAC<br>(SaO₂ 98%<br>P 81) | S: Continues to c/o trouble breathing c̄ sharp pain c̄ deep inspiration. Also c/o cough. All of which is worse when he is on the block because his cell mate smokes heavily. Has been here c̄ this c/o before — sick slips have been filed x2 c̄ the /c that this I/M should be on a non smoking block. This I/M claims that his unit manager has called over here and was told by medical that nowhere in his chart did it state he should be on nonsmoking block therefore he has not been moved from current cell. O: VS 120/3 lungs CTA B/L c̄ adventitious breath sounds. ⊕ pain to palp costochondral area. heart RRR s̄ m/r. Ext: ⊖ cyanosis/clubbing, cap refill brisk. |

Progress Notes
Commonwealth of Pennsylvania
Department of Corrections
DC-472

Inmate Name: Montague, Terrance
Inmate Number: BZ2761
DOB: 3/10/71
Institution: SCI Rockview

CHERYL KIMMEN RN

EXHIBIT M

get copy of ins 3

| Date/Time | Prob # | Discipline Abbreviation | Remarks<br>Subjective, Objective, Assessment, Plan |
|---|---|---|---|
| | | PAC | A: Asthma<br>— Costochondritis<br>P: ① I'm allergic to ASA so will put on course of low dose Prednisone x week<br>② Moist heat<br>③ Will talk c M Mullen about this 4m non smoking block status and what else medical needs to do.<br><br>CHERYL KIMMEN PA-C |
| 7/18/00<br>0945 | | PAC | Talked c M Mullen who contacted about manager to have I/m moved to non-smoking block<br><br>CHERYL KIMMEN PA-C |

EXHIBIT

3 copies

| Date/Time | Prob # | Discipline Abbreviation | Remarks<br>Subjective, Objective, Assessment, Plan |
|---|---|---|---|
| 4/18/00<br>10:10 | | | Psychiatry<br>S/O No major c/o<br>Wants to continue medication<br>In good spirits<br>⊖ Suicidal feelings<br>A: Depression<br>P: Continue Rx<br>See psych entry<br>KEVIN W. BURKE M.D. |
| 4/28/00 | | | Issued cockup splint + elbow sleeve mmW |
| 5/1/00<br>1100 | A | PPC | S: c/o c difficulty breathing not always relieved c Maxitrol. States this is worse when on block 2° cigarette smoking, which he has always had problem with<br>O: A&Ox3  P-85  SpO2-97%<br>lungs CTA bilat<br>Heart RRR s m/g/r<br>Ext - ⊘ E/C/C<br>A: Asthma<br>P: See Orders<br>BRIDGET FINN PAC |

EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

    v.

ROBERT W. MEYERS, et al.,
    Defendants

No. 1:CV-00-0895

(M.J. Smyser)

## DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Pursuant to the order of January 23, 2001, defendants respond to plaintiff's requests for admissions directed to Robert Meyers as follows:

A.    DENIED. There is no housing block known as the "hole." If by "hole," plaintiff means the RHU, the request is ADMITTED.

B.    DENIED. There is no housing block known as the "hole." If by "hole," plaintiff means the RHU, the request is ADMITTED.

C.    DENIED. There is no housing block known as the "hole." If by "hole," plaintiff means the RHU, the request is ADMITTED.

D.    DENIED. Reasonable investigation of available institutional records reveal that the inmate was a non-smoker.

E.    DENIED. There is no housing block known as the "hole." If by "hole," plaintiff means the RHU, the request is ADMITTED.

F.    ADMITTED.

G.  ADMITTED.

                    Respectfully submitted,

                    D. MICHAEL FISHER
                    Attorney General

By: _____
                    GREGORY R. NEUHAUSER
                    Senior Deputy Attorney General

                    SUSAN J. FORNEY
                    Chief Deputy Attorney General
                    Chief, Litigation Section

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

DATE:  February 9, 2001