ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,     :   CIVIL NO. 1:CV-00-0895
          Plaintiff    :
                       :
     v.                :   (Magistrate Judge Smyser)
                       :
ROBERT W. MEYERS, et al :
          Defendants   :

PLAINTIFF'S REPLY TO "REPLY MEMORANDUM FOR DEFENDANTS"

## INTRODUCTION

THIS IS A CIVIL ACTION UNDER 42 U.S.C. §1983 FOR DAMAGES, BROUGHT BY A PRO-SE INMATE AT SCI-ROCKVIEW.

THE DEFENDANTS FILED A MOTION FOR SUMMARY JUDGMENT, A STATEMENT OF MATERIAL FACTS, A SET OF DOCUMENTS AND A MEMORANDUM OF LAW.

PLAINTIFF FILED A RESPONSE TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, A SET OF EXHIBITS AND A MEMORANDUM OF LAW.

DEFENDANTS HAVE NOW SUBMITTED A "REPLY MEMORANDUM FOR DEFENDANTS," AND PLAINTIFF FILES THE FOLLOWING REPLY.

## ARGUMENT IN REPLY

1. PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF.

PLAINTIFF WAS GOING TO CONCEDE THAT THERE WAS NO MORE NEED FOR INJUNCTIVE RELIEF, BUT UNDISPUTED MATERIAL FACTS SHOW THAT THINGS HAVE HAPPENED TO CHANGE THE PLAINTIFF'S MIND, THOSE THING ARE AS FOLLOWS:

(1) ON/ABOUT 8/31/01, PLAINTIFF CAUGHT A BLOCK OFFICER, OFFICER ELLING, SMOKING ON THE BLOCK, WHERE PLAINTIFF IS HOUSED, WHICH IS THE NON-SMOKING BLOCK, AND FILED AN "OFFICIAL INMATE GRIEVANCE."

(2) THE REPLY BACK FOR "OFFICIAL INMATE GRIEVANCE," ROC-0724-01, OFFICER ELLING DENIES SMOKING AND STATES THAT HE KNEW OR WAS TOLD THAT PLAINTIFF HAD IN A LAW SUITE ABOUT SMOKING.

(4) ON 9/29/01, PLAINTIFF FILED AN "OFFICIAL INMATE GRIEVANCE," ROC-0812-01, WHERE BLOCK OFFICER HAVE RETALIATED AGAINST HIM, BY ORDERING HIM TO STAY AWAY FROM HIS FREIND CELL, TAKING TO HIM.

(5) ON 10/6/00, PLAINTIFF WAS RETALIATED AGAINST, WHERE HE WAS MOVED FROM THE NON-SMOKING BLOCK WITHOUT ANY REASON GIVEN.

2. PLAINTIFF'S CLAIM OF RETALIATION

IN RAUSER V. HORN, 241 F.2D 330, 333 (3D. CIR. 2001), THE COURT HELD: AS A THRESHOLD MATTER, A PRISONER ASSERTING RETALIATION CLAIM AGAINST PRISON OFFICIALS MUST PROVE THAT THE CONDUCT WHICH LED TO THE ALLEGED RETALIATION WAS CONSTITUTIONALLY PROTECTED AND THAT HE SUFFERED SOME "ADVERSE ACTION" AT THE HANDS OF PRISON OFFICIALS; A PRISONER SATISFIES THIS REQUIREMENT BY DEMONSTRATING THAT THE ACTION TAKEN BY OFFICIALS WAS SUFFICIENT TO DETER A PERSON OF ORDINARY FIRMNESS FROM EXERCISING HIS CONSTITUTIONAL RIGHTS.

IT IS AN UNDISPUTED MATERIAL FACT THAT PLAINTIFF'S CONDUCT WHICH HE WAS ENGAGED IN WAS CONSTITUTIONALLY PROTECTED, A RIGHT OF ACCESS TO THE COURTS;

(1) PLAINTIFF HAS A CONSTITUTIONAL RIGHT TO ACCESS OF COURT;
(2) PLAINTIFF FILED THIS ACTION ON/ABOUT 5/18/00; AND
(3) PLAINTIFF WAS ON ORDERS FROM THE THE COURT TO GIVE A DEPOSITION ON/ABOUT THE DATE HE WAS TRANSFERRED TO SCI-WAYMART AND WHERE SAID TRANSFER INTERFERED WITH AND CAUSED SAID DEPOSITION TO BE CANCELED.

PLAINTIFF SUBMITS AN ENCLOSED AFFIDAVIT (EXHIBIT "A") AS PROOF THAT HE HAS SUFFERED AN "ADVERSE ACTION" AT THE HANDS OF DEFENDANTS, MENTAL ANGUISH, WHICH SATISFIES THIS REQUIREMENT AND/OR DEMONSTRATING THAT THE ACTION TAKEN BY DEFENDANTS WAS SUFFICIENT TO DETER A PERSON OF ORDINARY FIRMNESS.

THEREFORE, MATERIAL ISSUES OF FACT EXIST AS TO WHETHER STATE INMATE'S ASSERTION OF HIS CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS WAS MOTIVATING FACTOR IN DEFENDANTS DECISION TO TRANSFER HIM TO A MENTAL HEALTH FACILITY, PRECLUDING SUMMARY JUDGMENT ON THIS ISSUE.

3. PLAINTIFF'S EIGHT AMENDMENT CLAIM FOR DAMAGES

FIRST OF ALL, PLAINTIFF OBJECTS TO THE WAY DEFENDANTS HAVE TWIST THE FACTS AROUND TO SHOW THEMSELVES IN A FAVORABLE LIGHT, AND PLAINTIFF SUBMITS THIS ARGUMENT WITH THE ENCLOSED LIST OF UNDISPUTED MATERIAL FACTS TO CLEAR UP THIS MATTER.

THE EIGHTH AMENDMENT STANDARDS- IN HELLING V. MCKINNEY, 509 U.S. 25, 113 S.CT. 2475 (1993), THE COURT HELD: THAT PLAINTIFF MUST PROVE BOTH THE SUBJECTIVE AND OBJECTIVE ELEMENTS NECESSARY TO PROVE AN EIGHTH AMENDMENT VIOLATION.

TO PROVE THE SUBJECTIVE ELEMENT, PLAINTIFF MUST PROVE THE SERIOUSNESS OF THE CHALLENGED CONDITIONS, AND TO PROVE THE OBJECTIVE COMPONENT, PLAINTIFF MUST SHOW THE STATE OF MIND OF THE OFFICIALS WHO ARE RESPONSIBLE FOR THOSE CONDITIONS. FARMER V. BRENNON, 114 S.CT. 1970, 1977 (1994); AND WILSON V. SEITER, 501 U.S. 294, 298-300, 111 S.CT. 2321, 2324 (1991).

UNDER LITTLE V. WALKER, 552 F.2D 193, 197 (C.A. ILL), THE COURT HELD THAT: WHILE MERE INADVERTENCE OR NEGLIGENCE ON THE PART OF PRISON OFFICIALS CANNOT SUPPORT A PRISONERS CIVIL RIGHTS ACTION RAISING EIGHTH ISSUES, DELIBERATE INDIFFERENCE REGARDLESS OF HOW EVIDENCED, EITHER BY ACTUAL INTENT OR RECKLESSNESS, WILL PROVIDE A SUFFICIENT FOUNDATION. 42 U.S.C.A. §1983; U.S.C.A. CONST. AMEND 8.

PLAINTIFF POINTS TO THE UNDISPUTED MATERIAL FACTS TO PROVE THE SUBJECTIVE ELEMENT, THE SERIOUSNESS OF THE CHALLENGED CONDITIONS:

(1) THE UNITED STATES GOVERNMENT HAS DECIDED THAT THE ISSUES OF SMOKING WAS SERIOUSNESS ENOUGH TO MAKE SMOKING POLICY AND LAW TO PROTECT THE HEALTH OF ITS INMATES, EMPLOYEES AND THE PUBLIC.

(2) THE COMMONWEALTH OF PENNSYLVANIA AND THE D.O.C. HAVE DECIDED THAT THE ISSUE OF SMOKING WAS SO IMPORTANT, SERIOUS, HAZARDOUS, AND/OR DANGEROUS TO AN INDIVIDUAL HEALTH THAT THEY PUT IN TO EFFECT "MANAGEMENT DIRECTIVE, SMOKING IN COMMONWEALTH BUILDINGS/FACILITIES, 205.19 (7/01/97)," "POLICY, SMOKING IN DEPARTMENT OF CORRECTIONS BUILDING AND FACILITIES, #5.3.6, (7/01/97)," AND "SCI-ROCKVIEW SMOKING POLICY, #5.3.6 ROC# (8/22/94)";

(3) PLAINTIFF DOES NOT SMOKE;

(4) PLAINTIFF HAS A RESPIRATORY DISEASE (ASTHMA) AND USES A INHALER AS PART OF HIS MEDICAL TREATMENT;

(5) ON 5/1/00 AND 7/18/00 PLAINTIFF COMPLAINED TO THE MEDICAL STAFF THAT TOBACCO SMOKE CAUSES HIM PROBLEMS BREATHING. (WHERE THIS IS A FACTOR TO CONSIDER BESIDES THE ISSUE OF LEVELS OF ETS PLAINTIFF HAD TO ENDURE);

(6) SINCE PLAINTIFF'S TRANSFER TO SCI-ROCKVIEW HIS TREATMENTS FOR ASTHMA HAS INCREASED IN DOSAGE, AND/OR STRENGTH;

(7) THE MEDICAL STAFF, ON 7/18/00 AND 7/20/00, WROTE PLAINTIFF UP TWO "MEDICAL CLEARANCE FORM, DC-480," WITH A MEDICAL LIMITATION THAT PLAINTIFF SHOULD BE ON THE NON-SMOKING BLOCK, IS NOT MEDICALLY CLEARED FOR REGULAR HOUSING;

(8) MEDICAL STAFF, ON 7/18/00 AND 7/26/00 CONTACTED PLAINTIFF'S UNIT MANAGER, AND/OR COUNSELOR TO ADVISE THEM THEM THAT PLAINTIFF HAD A MEDICAL PROBLEM AND BELONGED ON THE NONSMOKING BLOCK;

(9) DEFENDANTS REQUIRE PLAINTIFF TO BE IN HIS CELL MORE THAN 14 HOURS A DAY WITH SAID SMOKERS, WHICH DOES NOT TAKE IN THE TIMES WHEN THERE IS NO BLOCK-OUT, YARD-OUT, OR WORK WHEN PLAINTIFF IS THEN REQUIRED AND/OR TOLD TO BE IN HIS CELL BY THE OFFICERS ON DUTY;

(10) SCIENTIFIC AND STATISTICAL INQUIRY HAS PROVEN THE SERIOUSNESS OF THE POTENTIAL HARM AND LIKELIHOOD THAT INJURY TO HEALTH WILL ACTUALLY BE CAUSED BY EXPOSURE TO ETS; AND

(11) SOCIETY CONSIDERS THE RISK THAT PLAINTIFF COMPLAINS OF TO BE SO GRAVE IT VIOLATES CONTEMPORARY STANDARDS OF DECENCY TO EXPOSE ANYONE UNWILLING TO SUCH RISK.

PLAINTIFF AGAIN POINTS TO THE UNDISPUTED MATERIAL FACTS TO PROVE THE OBJECTIVE ELEMENTS, DEFENDANTS STATE OF MIND:

(1) PLAINTIFF TOLD, WROTE REQUEST, AND FILED GRIEVANCES TO DEFENDANTS THAT HE DID NOT SMOKE, HAD A RESPIRATORY DISEASE (ASTHMA), USES AN INHALER, THAT THE INMATE PUT IN HIS CELL WAS A SMOKER, AND WAS CAUSING HIM BREATHIN PROBLEMS, BUT DEFENDANTS DELIBERATELY AND/OR RECKLESSLY IGNORED PLAINTIFF'S PLEAS AND CELLED PLAINTIFF WITH HEAVY SMOKERS A TOTAL OF 4 TIMES, WITH PLAINTIFF COMPLAINING, WRITING INMATE REQUEST, AND FILING GRIEVANCES EACH TIME;

(2) DEFENDANTS HAD KNOWLEDGE OF "MANAGEMENT DIRECTIVE, SMOKING IN COMMONWEALTH BUILDINGS/FACILITIES, 205.19 (7/01/97)," "POLICY, SMOKING IN DEPARTMENT OF CORRECTIONS BUILDING AND FACILITIES, #5.3.6, (7/01/97)," AND/OR "SCI-ROCKVIEW SMOKING POLICY, #5.3.6 ROC# (8/22/94)," AND WERE EDUCATED IN THE HAZARDS AND DANGERS TO A NON-SMOKER WITH A RESPIRATORY DISEASES, BUT STILL DELIBERATELY AND/OR RECKLESSLY IGNORED THE PRESENT AND FUTURE HEALTH RISK TO THE PLAINTIFF

AND VIOLATED SAID SMOKING POLICY(S) BY CELLING PLAINTIFF WITH SMOKER(S), WITHOUT PLAINTIFF'S CONSENT, A TOTAL OF 4 TIMES;

(3) DEFENDANTS AND THEIR OFFICERS HAVE TAKEN ACTION TO PUNISH, AND/OR RETALIATE AGAINST PLAINTIFF FOR FILING THIS ACTION;

(4) DEFENDANTS HAVE DELIBERATELY AND/OR RECKLESSLY IGNORED PLAINTIFF'S "MEDICAL CLEARANCE FORM, DC-480";

(5) DEFENDANTS HAVE DELIBERATELY AND/OR RECKLESSLY IGNORED THE CALLS FROM THE MEDICAL STAFF THAT PLAINTIFF SHOULD BE MOVED TO THE NON-SMOKING BLOCK; AND

(6) DEFENDANTS WAITED UNTIL 2/23/01 TO TALK TO PLAINTIFF ABOUT MOVING TO THE NON-SMOKING BLOCK.

IN REFERENCE TO THE NON-SMOKING BLOCK, WHERE PLAINTIFF IS HOUSED: SEE PARAGRAPH #1, PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF.

## CONCLUSION

FOR THESE REASONS, AND THOSE PRESENTED IN PLAINTIFF FIRST BRIEF IN RESPONSE TO THIS MATTER, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE GRANTED.

Dated: 10-12-01

*Terrance Montague*
Terrance Montague, BS-2764
Box A, Bellefonte, PA
16823-0820

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,   : NO. 1:CV-00-0895
          Plaintiff  :
   v.                : (M.J. SMYSER)
ROBERT W. MEYERS, ET AL.,  :
          Defendants :

## CERTIFICATE OF SERVICE

I TERRANCE MONTAGUE HEREBY SERVED A TRUE AND CORRECT COPY OF PLAINTIFF'S REPLY TO "REPLY MEMORANDUM FOR DEFENDANTS" ALONG WITH AFFIDAVIT IN SUPPORT, ALONG WITH STATEMENT OF UNDISPUTED MATERIAL FACTS, ALONG WITH DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS WAS SERVED UPON THE FOLLOWING BY PLACING IT IN THE INMATE OUT GOING MAIL BOX (DATE: 10-13-01) ALONG WITH EXHIBIT M AND EXHIBIT 6

GREGORY R. NEUHAUSER
OFFICE OF ATTORNEY GENERAL
COMMONWEALTH OF PENNSYLVANIA
STRAWBERRY SQUARE
HARRISBURG, PA 17120

CLERK'S OFFICE
U.S. DISTRICT COURT
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

Terrance Montague

# AFFIDAVIT

I TERRANCE MONTAGUE, BZ-2761 SWEAR WHAT AM SAYING IS THE TRUTH. THAT ON 10-13-01 I SENT A TRUE COPY OF PLAINTIFF'S REPLY TO "REPLY MEMORANDUM FOR DEFENDANTS" WAS SENT OUT with the REST of the DOCUMENT ON 10-13-01 BUT THIS ONE CAME BACK.

*Terrance Montague*