IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    PLAINTIFF

V.

ROBERT W. MEYERS, ET AL
    DEFENDANTS

CIVIL NO. 1:CV-00-0895

(MAGISTRATE JUDGE SMYSER)

ORIGINAL

FILED
HARRISBURG
NOV 0 7 2001
MARY E. D'ANDREA, C
Per_____
DEPUTY CLERK

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

### ARGUMENT

### THE COURT SHOULD APPOINT COUNSEL FOR PLAINTIFF.

IN DECIDING WHETHER TO APPOINT COUNSEL FOR INDIGENT LITIGANT, THE COURT SHOULD CONSIDER "THE FACTUAL COMPLEXITY OF THE CASE, THE ABILITY OF THE INDIGENT TO LOCAT WITNESSES, THE EXISTENCE OF CONFLICTING TESTIMONY, THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM AND THE COMPLEXITY OF THE LEGAL ISSUES." ABDULLAH V. GUNTER, 949 F.2D 1032, 1035 (8TH CIR. 1991) (CITATION OMITTED), CERT. DENIED, 112 S.CT. 1995 (1992). IN ADDITION, COURTS HAVE SUGGESTED THAT THE MOST IMPORTANT FACTOR IS WHETHER THE CASE APPEARS TO HAVE MERIT. COOPER V. A. SARGENT, CO., INC., 877 F.2D 170, 173 (2D CIR. 1989). EACH OF THOSE FACTORS WEIGHS IN FAVOR OF APPOINTING COUNSEL IN THIS CASE.

1. FACTUAL COMPLEXITY. THE PLAINTIFF ALLEGES THAT ON SEVERAL OCCASIONS HE WAS CELLED WITH HEAVY SMOKERS WITHOUT HIS CONSENT, AND AGAINST D.O.C. POLICY. THAT THE PLAINTIFF HAS A RESPIRATORY DISEASE (ASTHMA) AND THE SMOKE IRRITATES HIS ASTHMA CAUSING HIM BREATHING PROBLEMS. THAT THE PLAINTIFF PLEAD WITH, WROTE REQUEST TO, AND FILED GRIEVANCES WITH ALL AND/OR MOST OF THE DEFENDANTS, ABOUT THIS PROBLEM, AND DEFENDANTS CHOSE TO DISREGARD HIS PLEAS. THE SHEER NUMBER OF CLAIMS AND/OR DEFENDANTS MAKES THIS A FACTUALLY COMPLEX CASE.

IN ADDITION, ONE OF THE PLAINTIFF'S CLAIMS IS THAT HIS ASTHMA HAS GOTTEN WORSE BECAUSE OF THE DEFENDANTS RECKLESS DISREGARD. IT WILL PROBABLY BE NECESSARY TO PRESENT A MEDICAL EXPERT WITNESS OR TO CROSS-EXAMINE MEDICAL WITNESSES CALLED BY THE DEFENDANTS, OR BOTH. THE PRESENCE OF MEDICAL OR OTHER ISSUES REQUIRING EXPERT TESTIMONY SUPPORTS THE APPOINTMENT OF COUNSEL. MOORE V. MABUS, 976 F.2D 268, 272 (5TH CIR. 1992); JACKSON V. COUNTY OF MCLEAN, 953 F.2D 1070,1073 (7TH CIR. 1992); TUCKER V. RANDALL, 948 F.2D 388, 292 (7TH CIR. 1991).

2. CONFLICTING TESTIMONY. THE PLAINTIFF'S ACCOUNT OF THE EVENTS AND HIS MEDICAL CONDITION ARE SQUARELY IN CONFLICT WITH THE STATEMENTS OF THE DEFENDANTS. THIS ASPECT OF THE CASE WILL BE A CREDIBILITY CONTEST BETWEEN THE DEFENDANTS AND THE PLAINTIFF (AND SUCH INMATE WITNESSES AS CAN BE LOCATED). THE EXISTENCE OF THESE CREDIBILITY ISSUES SUPPORTS THE APPOINTMENT OF COUNSEL. GATSON V. COUGHLIN, 679 F. SUPP. 270, 273 (W.D.N.Y. 1988).

3. THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM. THE PLAINTIFF IS AN INDIGENT PRISONER WITH NO LEGAL TRAINING, A FACTOR THAT SUPPORTS THE APPOINTMENT OF COUNSEL. <u>WHISENANT V. YUAM</u>, 739 F.2D 160, 163 (4TH CIR. 1984). IN ADDITION, HE IS CURRENTLY UNDER CELL RESTRICTION AND WHEN HE IS BROUGHT TO COURT HE WILL BE CONFINED TO SEGREGATION WITH VERY LIMITED TO NO ACCESS TO LEGAL MATERIALS. <u>RAYES V. JOHNSON</u>, 969 F.2D 700, 703-04 (8TH CIR. 1992) (CITING LACK OF READY ACCESS TO A LAW LIBRARY AS A FACTOR SUPPORTING APPOINTMENT OF COUNSEL).

4. LEGAL COMPLEXITY. THE LARGE NUMBER OF DEFENDANTS, SOME OF WHOM ARE SUPERVISORY OFFICIALS, PRESENTS COMPLEX LEGAL ISSUES OF DETERMINING WHICH DEFENDANTS WERE SUFFICIENTLY PERSONALLY INVOLVED IN THE CONSTITUTIONAL VIOLATIONS TO BE HELD LIABLE. IN ADDITION, THE PLAINTIFF AND/OR DEFENDANT HAS ASKED FOR A JURY TRIAL, WHICH REQUIRES MUCH GREATER LEGAL SKILL THAN THE PLAINTIFF HAS OR CAN DEVELOP. SEE <u>ABDULLAH V. GUNTER</u>, 949 F.2D 1032, 1036 (8TH CIR. 1991) (CITING JURY DEMAND AS A FACTOR SUPPORTING APPOINTMENT OF COUNSEL), CERT. DENIED, 112 S.CT. 1995 (1992).

5. MERIT OF THE CASE. THE PLAINTIFF'S ALLEGATIONS, IF PROVED, CLEARLY WOULD ESTABLISH A CONSTITUTIONAL VIOLATION.

## CONCLUSION

FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT THE PLAINTIFF'S MOTION AND APPOINT COUNSEL TO REPRESENT HIM OR ASSIST HIM.

DATED: 11-3-01

TERRANCE MONTAGUE, BZ-2751
BOX A, BELLEFONTE, PA 16823-0820