ORIGINAL
FILED
HARRISBURG
NOV 21 2001
MARY E. D'ANDREA, C
/s/ _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,
    Plaintiff

v.

ROBERT W. MEYERS, et al.,
    Defendants

No. 1:CV-00-0895

(Magistrate Judge Smyser)

## PRETRIAL MEMORANDUM FOR DEFENDANTS

There was no pretrial attorneys conference because plaintiff is proceeding pro se.

**A.** **Jurisdiction**

Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. §1343 as this is a civil rights action brought under 42 U.S.C. §1983.

**B.** **Summary of Contentions**

Plaintiff alleges that his Eighth Amendment rights were violated by employees of the Pennsylvania Department of Corrections ("DOC") because he was placed in a cell at the State Correctional Institution at Rockview with a cellmate who smokes cigarettes and his requests to be moved to a non-smoking block were not granted until April 2001 when he was transferred to a non-smoking block. In particular, plaintiff alleges that he suffers from asthma, that as a result of exposure to environmental

tobacco smoke his asthma was aggravated, and that the DOC employees were deliberately indifferent to plaintiff's medical need by not transferring him when he desired. Plaintiff seeks both damages and injunctive relief. The defendants maintain that they were not deliberately indifferent to a serious medical need of the plaintiff. While they acknowledge that plaintiff has an asthmatic condition, his condition was treated appropriately. In addition, defendants were not advised of a medical necessity for plaintiff to be placed on a non-smoking block during the relevant period of time. While he was housed on the smoking block, efforts were made to accommodate plaintiff's requests to share a cell with a non-smoker, consistent with the security and housing needs of the institution. When plaintiff was medically cleared for the non-smoking block, he elected to remain on the smoking block rather than abide by the rules on the non-smoking block. Defendants assert, therefore, that plaintiff cannot satisfy the objective and subjective components of the Eighth Amendment standard. Furthermore, defendants maintain that plaintiff cannot satisfy the standards for a permanent injunction since there are no plans to place plaintiff on a smoking block.

C.  **Statement of Undisputed Facts**

Since there was no pretrial attorneys conference, there was no joint statement of facts prepared; however, the DOC defendants believe the following facts are undisputed:

1. Plaintiff is serving a 4 - 15 year sentence for convictions of aggravated assault, possession of instruments of crime and other offenses.

2. Plaintiff was transferred to SCI-Rockview from SCI-Greensburg in May of 1999.

3. Between May of 1999 and April of 2001, plaintiff was housed in various locations at SCI-Rockview, including A-block, the Restricted Housing Unit (RHU), the infirmary and the mental health unit, and a three-week transfer to SCI-Waymart.

4. Plaintiff was given the opportunity to transfer to the non-smoking block in February 2001, but he declined.

5. Plaintiff was transferred to the non-smoking block on April 30, 2001.

D.  **Damages**

Plaintiff claims entitlement to compensatory and punitive damages. Defendants maintain that plaintiff is entitled to no damages.

E.  **Witnesses**

   1. Robert W. Meyers
   2. Terry L. Whitman
   3. Jeffrey A. Rackovan
   4. John M. Allar
   5. Robin L. Kerstetter
   6. Larry Lidgett, R.N.

F.  **Experts**

None to be called by defendants.

G.  **Specific Comments About Pleadings**

None.

H.  **Summary of Legal Issues**

   1. Whether defendants were deliberately indifferent to a serious medical need of the plaintiff?

      Wilson v. Seiter, 501 U.S. 294, 298 (1991)

      Hudson v. McMillian, 503 U.S. 1, 8 (1992)

      Helling v. McKinney, 509 U.S. 25, 36 (1993).

   2. Whether defendants are entitled to qualified immunity from damages?

      Saucier v. Katz, 533 U.S. 194 (2001)

      Harlow v. Fitzgerald, 457 U.S. 800 (1982).

3. Whether plaintiff can satisfy the standards for permanent injunctive relief?

Rosetti v. Shalala, 12 F.3d 1216, 1224 (3d Cir. 1993) (standing).

Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001) (merits).

4. Whether plaintiff is entitled to punitive damages?

Memphis Community School District v. Stachura, 477 U.S. 299, 306 (1986).

Smith v. Wade, 461 U.S. 30, 54 (1983).

**I.   Stipulations Desired**

1. Documents are authentic.

2. Photocopies may be used in lieu of originals.

**J.   Estimated Number of Trial Days**

Defendants estimate the case can be tried in one (1) to one and a half (1½) days.

**K.   Other Matters**

None.

**L.   Exhibit List**

Attached.

M. **Special Verdict Questions**

   None submitted

N. Certification

   Counsel for defendants certify that the persons with settlement authority have been notified of the requirements of the Local Rules.

O. **Discovery Certification**

   Not applicable.

P. **Non-Jury Trials**

   Not applicable.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By: _____
MARYANNE M. LEWIS
Deputy Attorney General


By: _____
GREGORY R. NEUHAUSER
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section


OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

DATE:  November 21, 2001

EXHIBIT LIST - MONTAGUE v. MEYERS, et al.

MAGISTRATE JUDGE SMYSER

MIDDLE DISTRICT, PENNSYLVANIA

NO. 1:CV-00-0895

DATE: _____

| Pltf. | Deft. | Description of object or item | Identified | Evidence | Ruling | Witness on stand |
|---|---|---|---|---|---|---|
|  | A | SCI-Rockview Contract for Residence On the Smoke Free Unit. |  |  |  |  |
|  | B | Medical Records of Terrance Montague from May, 1999 to May 2001. |  |  |  |  |
|  | C | Inmate Requests to Staff Member (Inmate Grievances) submitted by Terrance Montague from May, 1999 to October 31, 2001. |  |  |  |  |
|  | D | Inmate Misconduct Report No. A 49157. |  |  |  |  |
|  | E | Inmate Bed Assignment System Log for Terrance Montague from May, 1999 to April 30, 2001. |  |  |  |  |
|  | F | Transcript of Deposition of Terrance Montague dated April 27, 2001. |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE,<br>    Plaintiff | :<br>:<br>: No. 1:CV-00-0895 |
| v. | :<br>: (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, et al.,<br>    Defendants | :<br>: |

### CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **November 21, 2001**, I caused to be served a true and correct copy of the foregoing document **Pretrial Memorandum for Defendants,** by depositing it in the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

                                                  /s/ Gregory R. Neuhauser
                                                **GREGORY R. NEUHAUSER**
                                                **Senior Deputy Attorney General**