*per dr*

87
12/7/01

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,       :
            Plaintiff    :   CIVIL NO. 1:CV-00-0895
                         :
       v.                :
                         :
ROBERT W. MEYERS,        :   (Magistrate Judge Smyser)
ROBERT S. BITNER,        :
DAVID J. WAKEFIELD,      :
TERRY L. WHITMAN,        :
JACK ALLAR,              :
LARRY LIDGETT,           :
LT. DECKER,              :
MAJOR YANCY, and         :
JEFFERY A. RACKOVAN,     :
            Defendants   :

**FILED**
**HARRISBURG, PA**

DEC 0 6 2001

MARY E. D'ANDREA, CLERK
PER_____
              DEPUTY CLERK

## MEMORANDUM AND ORDER

1.   **Background**

  a.   **Procedural History**

    The plaintiff, Terrance Montague ("Montague"), is an
inmate at the Commonwealth of Pennsylvania's State Correctional
Institute at Rockview ("SCI-Rockview").  Montague, proceeding
*pro se*, commenced this 42 U.S.C. § 1983 action by filing a
complaint on May 18, 2000.  (Doc. 1.)  The plaintiff filed a
supplemental complaint on July 6, 2000.  (Doc. 8.)  The
plaintiff alleges that the defendants violated his rights by
requiring him to share a cell with inmates who smoke and that
the smoke aggravates his asthma.  (*Id.*)

The parties consented to proceed before a magistrate judge, and on July 14, 2000, this case was reassigned to the undersigned magistrate judge. (Doc. 9.)

On July 31, 2000, the defendants filed an answer to the complaint and the supplemental complaint.  (Doc. 10.)

The plaintiff on January 26, 2001, filed a motion for leave to supplement his complaint. (Doc. 30.)  By an Order dated February 23, 2001, we granted the plaintiff twenty days to file a supplemental complaint.  (Doc. 41.)  On March 1, 2001, the plaintiff filed a supplemental complaint which alleged that his transfer to the State Correctional Institution at Waymart ("SCI-Waymart") was in retaliation for the filing of the instant action.  (Doc. 42.)  On March 12, 2001, the defendants filed an answer to the supplemental complaint. (Doc. 44.)  On June, 27, 2001, the defendants filed a motion for summary judgment.  (Doc. 48.)

By an Order dated October 25, 2001, we granted summary judgment in the defendants' favor with respect to the plaintiff's retaliation claim and denied the motion in all

-2-

other respects.    (Doc. 76.)    On November 7, 2001, the plaintiff
filed this motion for the appointment of counsel.    (Doc. 79.)

### b.    Underlying Facts

The plaintiff is an inmate incarcerated at SCI-Rockview.
*Defendants' Statement of Material Facts* and the *plaintiff's
response thereto* ("SMF") at ¶1.    The defendants are Martin
Horn, the former Secretary of the Pennsylvania Department of
Corrections, Robert W. Meyers, the Superintendent at SCI-
Rockview, and various other officials and employees of SCI-
Rockview.    *Id.* at ¶2.

The plaintiff was transferred to SCI-Rockview from the
State Correctional Institution at Greensburg in May of 1999.
*Id.* at ¶4.    Between May of 1999 and April of 2001 the plaintiff
was housed in various locations within SCI-Rockview, including
A-Block, the Restricted Housing Unit (RHU) and the infirmiry.
*Id.* at ¶5.

On December 27, 2000, the plaintiff was transferred to
SCI-Waymart for an assessment of needs and treatment
possibilities.    *Id.* at ¶12 & Doc. 53 at 45a.    The plaintiff

-3-

returned to SCI-Rockview from SCI-Waymart on January 11, 2001. Doc. 53 at 45a.

The plaintiff was transferred to the non-smoking block on April 30, 2001. *SMF at* ¶7.

### c. The Court's Authority to Appoint Counsel

Under 28 U.S.C. § 1915(e)(1)(1999), the Court may request an attorney to represent any person unable to employ counsel. *See* 28 U.S.C. § 1915(e)(1) (1999). Section 1915(e) gives the Court broad discretion to request an attorney to represent an indigent civil litigant; however, such litigants have no statutory right to appointed counsel. *See Mallard v. U.S. Dist. Ct. for the Southern Dist. of Iowa*, 490 U.S. 296 (1989).

If the Court determines that the plaintiff's claim has arguable merit in fact and law, it should then consider a number of additional factors that bear on the need for appointed counsel. *See Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993) ("Section 1915 . . . gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case basis."), *cert. denied*, 510 U.S. 1196 (1994). The Third Circuit

-4-

Court of Appeals has enumerated the following factors: (1) the ability of the plaintiff to present his own case; (2) the complexity of the legal issues; (3) the scope of the need for factual investigation and the ability of the plaintiff to pursue such investigation; (4) the likelihood of the case's turning on credibility determinations; (5) the likelihood of testimony from expert witnesses; and, (6) whether the plaintiff can attain and afford counsel on his own behalf. *Parham v. Johnson*, 126 F.3d 454, 457-58 (3d Cir. 1997); *see also, Tabron*, 6 F.3d at 155-56.

In the United States District Court for the Middle District of Pennsylvania, the need for a list of attorneys available for appointment to represent plaintiffs in potentially meritorious cases has been addressed in Local Rule 83.34.  The Middle District Federal Bar Association has assembled a panel of attorneys who may accept appointments at the request of the Court in these cases.  We must therefore examine the merit of the plaintiff's claim before turning to the other factors enumerated in *Parham* and *Tabron*.

## 2.    Assessing The Merit of the Plaintiff's Claim

The plaintiff claims that by placing him in cells with smokers, the defendants have violated his Eighth Amendment rights.

The plaintiff asserts that as a result of his exposure to environmental tobacco smoke his asthma was aggravated and he had difficulty breathing.  In denying the defendant's motion for summary judgment with respect to the environmental tobacco smoke claims, we concluded that a reasonable jury might find that Montague's medical needs were sufficiently serious and that the defendants were deliberately indifferent to Montague's serious medical needs.

## 3.    Assessing the Other *Tabron* Factors

In this case we find that the plaintiff has established a claim with arguable merit in fact and law; therefore, we must consider the additional factors that bear on the need for appointed counsel enumerated in *Parham* and *Tabron*.

### a.    The Ability of the Plaintiff to Present His Own Case

In this case, Montague has demonstrated his ability to present his own legal claims by filing documents with the Court

-6-

and by following instructions from the Court.  A pretrial conference was held on November 30, 2001, and a trial date is set for February 4, 2002.  This factor, in a sense, favors the appointment of counsel.  But it also is factor that renders it unlikely that counsel would accept an appointment.

### b.    The Complexity of the Legal Issues

The issues in this case are not particularly complex.  The questions are whether the plaintiff had a serious medical need to be placed in a smoke-free environment, and whether the defendants were deliberately indifferent to that need.  The simplicity of the issues weighs against the need to appoint counsel.  On the other hand, the ability of able counsel to cite material inferences and to advocate the smoke exposure issue in the prison environment is a consideration as well.

### c.    The Plaintiff's Ability to Investigate Facts

The Supreme Court has asserted that "whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence."  *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).  Arguably, therefore, the analytical and inferential aspects of fact investigation are

-7-

particularly important in cases such as this. This factor
seems, therefore, to weigh in favor of appointing counsel. On
the other hand, discovery in this case has been completed.

### d. The Likely Importance of Credibility Determinations

When and how long the plaintiff was celled with smoking
inmates will be in dispute. The state of mind of the
plaintiff, what he communicated, what each defendant
knew and when are potentially important issues. Credibility
determinations are likely to be an important consideration
here. Experienced counsel can best cross-examine adverse
witnesses and buttress the credibility of one's own witnesses.
This factor, therefore, seems to weigh in favor of appointing
counsel.

### e. The Likelihood of Requiring Expert Witnesses

We have had a pretrial conference. There are not going to
be any expert witnesses in this case.

-8-

## 4.   Conclusion

AND NOW, this 6th day of December, 2001, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, (Doc. 79), is DENIED.

J. Andrew Smyser
Magistrate Judge

Dated: December   6  , 2001

-9-

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

December 6, 2001

Re:  1:00-cv-00895   Montague v. Meyers

True and correct copies of the attached were mailed by the clerk
to the following:

      Terrance Montague
      SCI-R
      SCI at Rockview
      BZ-2761
      P.O. Box A
      Bellefonte, PA  16823

      Gregory R. Neuhauser, Esq.
      Office of Attorney General
      Strawberry Square
      15th Floor
      Harrisburg, Pa  17120

      Maryanne M. Lewis, Esq.
      Office of the Attorney General
      15th Floor, Strawberry Square
      Harrisburg, PA  17120

cc:
Judge                      (  )          (  ) Pro Se Law Clerk
Magistrate Judge           (  )          (  ) INS
U.S. Marshal               (  )          (  ) Jury Clerk
Probation                  (  )
U.S. Attorney              (  )
Atty. for Deft.            (  )
Defendant                  (  )
Warden                     (  )
Bureau of Prisons          (  )
Ct Reporter                (  )
Ctroom Deputy              (  )
Orig-Security              (  )
Federal Public Defender    (  )
Summons Issued             (  ) with N/C attached to complt. and served by:
                               U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5        (  )
Order to Show Cause        (  ) with Petition attached & mailed certified mail
                               to: US Atty Gen   (  )  PA Atty Gen (  )

DA of County   (  )   Respondents (  )

Bankruptcy Court          (  )
Other_____(  )

MARY E. D'ANDREA, Clerk

DATE: _____12/6/01_____          BY: _____
                                         Deputy Clerk