# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,  :
           Plaintiff  :
                              :    No. 1:CV-00-0895
   v.                             :
                              :    (Magistrate Judge Smyser)
ROBERT W. MEYERS, et al.,  :
           Defendants  :

## DEFENDANTS' TRIAL BRIEF

## STATEMENT OF THE CASE

This is a civil action for damages brought by an inmate of a Pennsylvania correctional institution under the Civil Rights Act of 1871, 42 U.S.C. §1983. Plaintiff is Terrance Montague, who is incarcerated at the State Correctional Institution at Rockview (SCI-Rockview). Defendants are various officials and employees at SCI-Rockview, including the Superintendent, Robert Meyers, and the former Secretary of the Pennsylvania Department of Corrections, Martin Horn. Plaintiff claims that he has been subjected to cruel and unusual punishment at SCI-Rockview because he has been exposed to environmental tobacco smoke ("ETS"). He seeks damages for the temporary period of time he allegedly was required to double cell with a smoker.

## LEGAL STANDARD

### I. Eighth Amendment Claim

Plaintiff's claim that he was forced to be exposed to ETS should be analyzed under the Eighth Amendment's ban against cruel and unusual punishment. The fundamental principles of Eighth Amendment analysis reveal that "only 'the unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by [the Amendment]." Ingraham v. Wright, 430 U.S. 651, 670 (1977) (citations omitted). Accord, Whitley v. Albers, 475 U.S. 312, 319 (1986).

The right at issue here - - to be free from cruel and unusual punishment while incarcerated - - has both objective and subjective components. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component or prong, i.e., whether the wrongdoing is harmful enough to establish a constitutional violation, is both "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)).

In the context of the prison environment, "extreme deprivations are required to sustain a conditions-of-confinement claim." McMillian, at 9. This is because part of the penalty facing those who violate the norms of society is routine discomfort. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). The Eighth Amendment does not

require that inmates be provided with comfortable prisons and is violated only when an inmate is deprived of the "minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347-349, Loe v. Wilkinson, 604 F. Supp. 130, 133-34 (M.D. Pa. 1984) (Nealon, J.). The Eighth Amendment further requires that prison officials not be deliberately indifferent to a prisoner's serious medical need. In the context of plaintiff's claim in this case, he must prove two elements: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1978). The first element requires a determination as to whether the medical need was "sufficiently serious." A medical need is "serious" under the Constitution if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that a lay person easily would recognize the necessity for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 ( 3rd Cir. 1987), *cert. denied,* 486 U.S. 1006 (1988).

The second element of the Eighth Amendment standard, "deliberate indifference," determines whether the defendants acted with a sufficiently culpable state of mind. In Farmer v. Brennan, 511 U.S. 825 (1994), the Court described the standard for determining deliberate indifference as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official *knows of and disregards an excessive risk to inmate health or safety*; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

511 U.S. at 837 (emphasis added).

In Helling v. McKinney, 509 U.S. 25 (1993), the Supreme Court held that an Eighth Amendment claim could be based upon possible future harm to health, as well as present harm, arising from exposure to environmental tobacco smoke. The Supreme Court declared that the objective component of an Eighth Amendment claim based upon exposure to environmental tobacco smoke is satisfied if (1) the prisoner is being exposed to unreasonably high levels of environmental tobacco smoke; (2) scientific and statistical evidence establishes a likelihood that an injury to the prisoner's health will be caused by the exposure; and (3) the risk of harm is so grave that it "violates contemporary standards of decency to expose anyone to such a risk." Helling, 509 U.S. at 36.

In this case, the evidence will show that for the short period of time the plaintiff allegedly was required to be celled with a smoker, he was not exposed to such unreasonably high levels of ETS that it constituted a grave risk violative of

contemporary standards of decency. The evidence will also show that any short-term exposure to ETS did not cause him any significant harm.

Furthermore, the evidence will demonstrate that efforts were made to change cellmates as needed until such time as plaintiff would agree to the conditions for transfer to a non-smoking block. The evidence will also show that he could have been transferred to a smoke-free cellblock earlier than he was transferred, but plaintiff elected to remain on A-block. In sum, the evidence presented will establish that the defendants were not deliberately indifference to a serious medical need.

**B.   Punitive Damages Are Not Appropriate In This Case**

Plaintiff's claim for punitive damages is unwarranted in this case and the Court should refuse to instruct the jury on that aspect of damages. For a Section 1983 plaintiff to qualify for a punitive award, the defendant's conduct must be at a minimum, reckless or callous. Savarese v. Agriss, 883 F.2d 1194, 1204 (3rd Cir. 1989). The evidence will not support a finding that any defendant's conduct rises to this level and, therefore, the claim for punitive damages should not be submitted to the jury.

**C.   Evidentiary Matters**

At the January 8, 2002 meeting between plaintiff and defendants' counsel, plaintiff informed counsel that he intended to use articles and pamphlets from

various organizations concerning the effects of ETS as exhibits at trial. Undersigned counsel informed plaintiff that she would object to these exhibits as hearsay and irrelevant. The documents counsel believes plaintiff will attempt to use as evidence are inadmissible because they are hearsay.

Generally, magazine articles or newspaper articles are found to be inadmissible. May v. Cooperman, 780 F.2d 240 (3d Cir. 1985). While pamphlets and journal articles containing learned treatises are admissible, it is only through expert testimony that a proper foundation is laid. See Fed.R.Evid. 803 (18).

In this case, plaintiff attempts to introduce pamphlets that would establish a reliable authority as evidence of the health risks concerning the ETS. These pamphlets and articles do not fall under any of the exceptions to the hearsay rule, nor do they fall under the catch-all exception to the hearsay rule. Federal Rule of Evidence 807 states that statements not specifically covered by another exception, but having equivalent guarantees of trustworthiness, may be admissible if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purpose of these rules and the interest of justice will be served by admission of the statement into evidence. Fed.R.Evid. 807.

Here, the articles, while arguably may have circumstantial guarantees of trustworthiness, the authors were presumably not writing under oath, and are not subject to cross examination. There is no way to establish whether the statements contained in those articles and pamphlets can be applied to the facts in this case. These articles and pamphlets are therefore inadmissible hearsay and should not be permitted as evidence at trial.

Moreover, defendants do not dispute the potential health risks that can result from the expose to high levels of ETS. The issue in this case is whether defendants were deliberately indifferent to plaintiff's medical needs and whether his alleged required exposure to ETS caused him harm. These pamphlets, while addressing the potential damages of ETS, do not address plaintiff's claim and would serve only to confuse the issue, mislead the jury and unfairly prejudice the defendants. See Fed. R. Evid. 403. Therefore, these exhibits should be excluded from trial because they are inadmissible hearsay and irrelevant.

Finally, Montague indicated that he intended to include federal case law as an exhibit. Clearly, case law is not evidence and should be excluded.

Respectfully submitted,

**D. MICHAEL FISHER**
Attorney General

By: _____
**MARYANNE M. LEWIS**
Deputy Attorney General

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Office of Attorney General**
**15th Flr., Strawberry Sq.**
**Harrisburg, PA 17120**
**FAX: (717) 772-4526**
**Direct Dial: (717) 787-9719**
**DATE: January 25, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE,<br>Plaintiff | :<br>:<br>:    No. 1:CV-00-0895 |
| v. | :<br>:    (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, et al.,<br>Defendants | :<br>: |

## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on this date, I caused to be served a true and correct copy of the foregoing document, Defendants' Trial Brief, by depositing it in the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

                                              MARYANNE M. LEWIS
                                              **Deputy Attorney General**

DATE: January 25, 2002