IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE, | : |
| Plaintiff | : |
| v. | : No. 1:CV-00-0895 |
| | : (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, et al., | : |
| Defendants | : |

## DEFENDANTS' POINTS FOR CHARGE

1.  The burden of proof on a plaintiff in a civil action such as this case is to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendants on the claim.

> Celotex Corp. v. Cattrett,
> 477 U.S. 317, 322 (1986)

> Devitt, Federal Jury Practice and Instructions,
> §72.02 (4th ed.), pg. 31

# DEFENDANTS' POINTS FOR CHARGE

2. The Eighth Amendment to the United States Constitution imposes a duty to provide convicted prisoners with adequate food, clothing and shelter. In addition, the Eighth Amendment requires that prison officials not be deliberately indifferent to a prisoner's serious medical need. In the context of plaintiff's claim in this case, he must prove two elements: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need.

>Hudson v. McMillian,
>503 U.S. 1, 8 (1992)
>
>Estelle v. Gamble,
>429 U.S. 97, 104 (1978)

## DEFENDANTS' POINTS FOR CHARGE

3.      A medical need is "serious" under the Constitution if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that a lay person easily would recognize the necessity for a doctor's attention. A plaintiff alleging constitutionally inadequate medical treatment must submit evidence of a serious medical need.

>   Monmouth County Correctional Institutional Inmates v. Lanzaro,
>   834 F.2d 326, 347 ( 3rd Cir. 1987), *cert. denied*,
>   486 U.S. 1006 (1988).
>
>   Boring v. Kozakiewicz, 833 F.2d 468 (3rd Cir. 1987),
>   *cert. denied,* 485 U.S. 991 (1988).

## DEFENDANTS' POINTS FOR CHARGE

4.  The second element of the Eighth Amendment standard, "deliberate indifference," determines whether the defendants acted with a sufficiently culpable state of mind. In order to prove deliberate indifference, a plaintiff must demonstrate that the prison official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also actually draw the inference.

The fact that a decision by a prison official may turn out, in hindsight, not to achieve the desired result does not mean the official was deliberately indifferent. Because of the unique problems facing those who administer prisons, their decisions ordinarily should not be second-guessed.

>
> Farmer v. Brennan,
> 511 U.S. 825, 832 (1994).
>
> Turner v. Safley,
> 482 U.S. 78, 89 (1987).

## **DEFENDANTS' POINTS FOR CHARGE**

5.     Although there are several defendants in this action, it does not follow from that fact alone that if one is liable, all are liable. Each defendant is entitled to a fair consideration of his or her own defense, and is not to be prejudiced by the fact—if it should become a fact—that you find against another defendant. Unless otherwise stated, all instructions given govern the case as to each defendant.

        Devitt, Federal Jury Practice and Instructions,
        §71.06 (4th ed.), pg. 22

## DEFENDANTS' POINTS FOR CHARGE

6. Liability under the Civil Rights Act may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. To be found liable, a defendant must be personally involved in the conduct which caused a violation of the plaintiff's constitutional rights. An action against supervisory government officials requires a showing that those officials actually participated in, or had actual knowledge of and acquiesced in, the events forming the basis of the unconstitutional claim.

>Rode v. Dellarciprete,
>845 F.2d 1195, 1207 (3rd Cir. 1988).
>
>Egan v. Concini,
>585 F. Supp. 801, 804 (M.D. Pa. 1984).

## DEFENDANTS' POINTS FOR CHARGE

7. In evaluating the credibility of a plaintiff, or any other witness, you may consider the fact that he has been convicted of felonies to determine what weight to give his testimony. The law permits you to consider that a person who has transgressed society's norms by committing a felony may be less likely than most to be deterred from lying under oath. The determination of credibility is one for you, the jury, to make.

>Stutzman v. CRST, Inc.,
>997 F.2d 291, 298-99 (7th Cir. 1993).
>
>Zinman v. Black & Decker (U.S.), Inc.,
>983 F.2d 431, 434 (2d Cir. 1993).
>
>Cummings v. Malone,
>995 F.2d 817, 826 (8th Cir. 1993).

## DEFENDANTS' POINTS FOR CHARGE

8. To find a defendant liable, you must find that the defendant's act or omission was the proximate cause of the plaintiff's injury. An injury is proximately caused by an act or a failure to act whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or reasonable probably consequence of the act or omission.

        Devitt, <u>Federal Jury Practice and Instructions</u>,
        §§103.14, 80.18 (4th ed.).

## **DEFENDANTS' POINTS FOR CHARGE**

9.  Plaintiff is making a claim for compensatory damages from the defendant. To recover compensatory damages from a defendant, the plaintiff must prove actual injury caused by a deprivation of constitutional rights. Where there is no injury present, no compensatory damages may be awarded.

        Memphis Community School District v. Stachura,
         477 U.S. 299, 307-08 (1986).

        Carey v. Piphus,
        435 U.S. 247, 254 (1978).

## **DEFENDANTS' POINTS FOR CHARGE**

10.     You may not award compensatory damages for the abstract value of a constitutional right. Absent proof of actual injury, you may not award compensatory damages. If you find, however, that a constitutional right has been violated but the plaintiff has not proved actual injury, you may award what are known as "nominal" damages. Nominal damages are an amount such as one dollar.

> Memphis Community School District v. Stachura,
>  477 U.S. 299, 307-08 (1986).
>
> U.S. ex.rel. Tyrell v. Speaker,
>  535 F. 2d 823, 827 (3rd Cir. 1976).

## DEFENDANTS' POINTS FOR CHARGE

11.    Plaintiff is also making a claim for punitive damages.  Punitive damages may be awarded only if you find a defendant or defendants violated plaintiff's rights **and** that the defendants' actions were so extraordinary that you believe they should be punished for malicious conduct in an amount over and above that which compensates a plaintiff for his injuries.  The purpose of punitive damages is not to compensate the plaintiff, but to punish the defendants for willful or malicious conduct and to deter others from similar behavior.

Memphis Community School District v. Stachura,
 477 U.S. 299, 307-08 (1986).

Smith v. Wade,
461 U.S. 30, 54 (1983).

## DEFENDANTS' POINTS FOR CHARGE

12. In order to award punitive damages against any defendant, you must find that the defendant demonstrated a reckless or callous indifference to the plaintiff's rights or that the defendant had an evil motive or intent in taking the action he took. You must focus on the nature of the defendant's conduct; that is, to award punitive damages, you must be persuaded that the defendant's conduct was the sort that calls for punishment and deterrence.

        Smith v. Wade,
        461 U.S. 30, 54 (1983).

Respectfully submitted,

**D. MICHAEL FISHER**
Attorney General

By: _____
**MARYANNE M. LEWIS**
Deputy Attorney General

**SUSAN J. FORNEY**
Chief Deputy Attorney General
Chief, Litigation Section

**Office of Attorney General**
**15th Flr., Strawberry Sq.**
**Harrisburg, PA 17120**
**FAX: (717) 772-4526**
**Direct Dial: (717) 787-9719**
**DATE: January 25, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE, | : |
| Plaintiff | : |
| | : No. 1:CV-00-0895 |
| v. | : |
| | : (Magistrate Judge Smyser) |
| ROBERT W. MEYERS, et al., | : |
| Defendants | : |

### CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on this date, I caused to be served a true and correct copy of the foregoing document, Defendants' Points for Charge, by depositing it in the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

MARYANNE M. LEWIS
**Deputy Attorney General**

**DATE: January 25, 2002**