*1 to ct.*

**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF PENNSYLVANIA
P.O. BOX 827
FEDERAL BUILDING
HARRISBURG, PA 17108-0827

J. ANDREW SMYSER
MAGISTRATE JUDGE

(717) 221-3980
FAX 221-3979

February 15, 2002

Terrance Montague
BZ-2761
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200

Terrance Montague
BZ-2761
SCI-Rockview
P.O. Box A
Bellefonte, PA 16823

**FILED**
HARRISBURG, PA

FEB 19 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

    **Re:** *Montague v. Meyers*
         *Civil No. 1:00-CV-0895*

Mr. Montague:

    Magistrate Judge Smyser is in receipt of your letter dated February 11, 2002 and filed on February 15, 2002. In your letter you state that you and your witnesses are still being held at SCI-Camp Hill even though there are buses leaving from SCI-Camp Hill going to other prisons. In your letter you also state that you are not allowed to use the law library at SCI-Camp Hill and, therefore, you are not able to file an appeal.

    Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure an application to the court for an order must be made by a written motion. Your letter does not comply with the Federal Rules, and no action will be taken on your

letter. However, attached for your information are copies of Federal Rules of Appellate Procedure 3 & 4, which deal with filing a Notice of Appeal.

                                        Sincerely,

                                        *Melissa Sayres*

                                        Melissa Sayres
                                        Law Clerk to Magistrate
                                        Judge Smyser


cc: Maryanne M. Lewis, Esquire (w/o enclosure)

# FEDERAL RULES OF APPELLATE PROCEDURE

Effective July 1, 1968, as amended to December 1, 1999

## TITLE I. APPLICABILITY OF RULES

### Rule 1. Scope of Rules; Title

**(a) Scope of Rules.**
  (1) These rules govern procedure in the United States courts of appeals.
  (2) When these rules provide for filing a motion or other document in the district court, the procedure must comply with the practice of the district court.

**(b) Rules Do Not Affect Jurisdiction.** These rules do not extend or limit the jurisdiction of the courts of appeals.

**(c) Title.** These rules are to be known as the Federal Rules of Appellate Procedure.

(As amended Apr. 30, 1979, eff. Aug. 1, 1979; Apr. 25, 1989, eff. Dec. 1, 1989; Apr. 29, 1994, eff. Dec. 1, 1994; Apr. 24, 1998, eff. Dec. 1, 1998.)

### Rule 2. Suspension of Rules

On its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b).

(As amended Apr. 24, 1998, eff. Dec. 1, 1998.)

## TITLE II. APPEAL FROM A JUDGMENT OR ORDER OF A DISTRICT COURT

### Rule 3. Appeal as of Right—How Taken

**(a) Filing the Notice of Appeal.**
  (1) An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4. At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).
  (2) An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.
  (3) An appeal from a judgment by a magistrate judge in a civil case is taken in the same way as an appeal from any other district court judgment.
  (4) An appeal by permission under 28 U.S.C. §1292(b) or an appeal in a bankruptcy case may be taken only in the manner prescribed by Rules 5 and 6, respectively.

Rule 3         FEDERAL RULES OF APPELLATE PROCEDURE           2

**(b) Joint or Consolidated Appeals.**

(1) When two or more parties are entitled to appeal from a district-court judgment or order, and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant.

(2) When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals.

**(c) Contents of the Notice of Appeal.**

(1) The notice of appeal must:

(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";

(B) designate the judgment, order, or part thereof being appealed; and

(C) name the court to which the appeal is taken.

(2) A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise.

(3) In a class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class.

(4) An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

(5) Form 1 in the Appendix of Forms is a suggested form of a notice of appeal.

**(d) Serving the Notice of Appeal.**

(1) The district clerk must serve notice of the filing of a notice of appeal by mailing a copy to each party's counsel of record—excluding the appellant's—or, if a party is proceeding pro se, to the party's last known address. When a defendant in a criminal case appeals, the clerk must also serve a copy of the notice of appeal on the defendant, either by personal service or by mail addressed to the defendant. The clerk must promptly send a copy of the notice of appeal and of the docket entries—and any later docket entries—to the clerk of the court of appeals named in the notice. The district clerk must note, on each copy, the date when the notice of appeal was filed.

(2) If an inmate confined in an institution files a notice of appeal in the manner provided by Rule 4(c), the district clerk must also note the date when the clerk docketed the notice.

(3) The district clerk's failure to serve notice does not affect the validity of the appeal. The clerk must note on the docket the names of the parties to whom the clerk mails copies, with the date of mailing. Service is sufficient despite the death of a party or the party's counsel.

**(e) Payment of Fees.** Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.

| 3 | FEDERAL RULES OF APPELLATE PROCEDURE | Rule 4 |

(As amended Apr. 30, 1979, eff. Aug. 1, 1979; Mar. 10, 1986, eff. July 1, 1986; Apr. 25, 1989, eff. Dec. 1, 1989; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 29, 1994, eff. Dec. 1, 1994; Apr. 24, 1998, eff. Dec. 1, 1998.)

**[Rule 3.1. Appeal from a Judgment of a Magistrate Judge in a Civil Case]** (Abrogated Apr. 24, 1998, eff. Dec. 1, 1998)

**Rule 4. Appeal as of Right—When Taken**

(a) **Appeal in a Civil Case.**

(1) **Time for Filing a Notice of Appeal.**

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

(B) When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.

(2) **Filing Before Entry of Judgment.** A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) **Multiple Appeals.** If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) **Effect of a Motion on a Notice of Appeal.**

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 10 days (computed using Federal Rule of Civil Procedure 6(a)) after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment altered or amended upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule meas-

Rule 4     FEDERAL RULES OF APPELLATE PROCEDURE     4

ured from the entry of the order disposing of the last such remaining motion.—

(iii) No additional fee is required to file an amended notice.

(5) **Motion for Extension of Time.**

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

(6) **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

(C) the court finds that no party would be prejudiced.

(7) **Entry Defined.** A judgment or order is entered for purposes of this Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure.

**(b) Appeal in a Criminal Case.**

(1) **Time for Filing a Notice of Appeal.**

(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:

(i) the entry of either the judgment or the order being appealed; or

(ii) the filing of the government's notice of appeal.

(B) When the government is entitled to appeal, its notice of appeal must be filed in the district court within 30 days after the later of:

(i) the entry of the judgment or order being appealed; or

(ii) the filing of a notice of appeal by any defendant.

(2) **Filing Before Entry of Judgment.** A notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) **Effect of a Motion on a Notice of Appeal.**

(A) If a defendant timely makes any of the following motions under the Federal Rules of Criminal Procedure, the

| 5 | FEDERAL RULES OF APPELLATE PROCEDURE | Rule 4 |

notice of appeal from a judgment of conviction must be filed within 10 days after the entry of the order disposing of the last such remaining motion, or within 10 days after the entry of the judgment of conviction, whichever period ends later. This provision applies to a timely motion:

    (i) for judgment of acquittal under Rule 29;
    (ii) for a new trial under Rule 33, but if based on newly discovered evidence, only if the motion is made no later than 10 days after the entry of the judgment; or
    (iii) for arrest of judgment under Rule 34.

  (B) A notice of appeal filed after the court announces a decision, sentence, or order—but before it disposes of any of the motions referred to in Rule 4(b)(3)(A)—becomes effective upon the later of the following:

    (i) the entry of the order disposing of the last such remaining motion; or
    (ii) the entry of the judgment of conviction.

  (C) A valid notice of appeal is effective—without amendment—to appeal from an order disposing of any of the motions referred to in Rule 4(b)(3)(A).

  (4) **Motion for Extension of Time.** Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

  (5) **Jurisdiction.** The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(c), nor does the filing of a motion under 35(c) affect the validity of a notice of appeal filed before entry of the order disposing of the motion.

  (6) **Entry Defined.** A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket.

**(c) Appeal by an Inmate Confined in an Institution.**

  (1) If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. §1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

  (2) If an inmate files the first notice of appeal in a civil case under this Rule 4(c), the 14-day period provided in Rule 4(a)(3) for another party to file a notice of appeal runs from the date when the district court dockets the first notice.

  (3) When a defendant in a criminal case files a notice of appeal under this Rule 4(c), the 30-day period for the government to file its notice of appeal runs from the entry of the judgment or order appealed from or from the district court's docketing of the defendant's notice of appeal, whichever is later.

(d) **Mistaken Filing in the Court of Appeals.** If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted.

(As amended Apr. 30, 1979, eff. Aug. 1, 1979; Nov. 18, 1988; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 27, 1995, eff. Dec. 1, 1995; Apr. 24, 1998, eff. Dec. 1, 1998.)

**Rule 5. Appeal by Permission**

(a) **Petition for Permission to Appeal.**

(1) To request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition for permission to appeal. The petition must be filed with the circuit clerk with proof of service on all other parties to the district-court action.

(2) The petition must be filed within the time specified by the statute or rule authorizing the appeal or, if no such time is specified, within the time provided by Rule 4(a) for filing a notice of appeal.

(3) If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order.

(b) **Contents of the Petition; Answer or Cross-Petition; Oral Argument.**

(1) The petition must include the following:

(A) the facts necessary to understand the question presented;

(B) the question itself;

(C) the relief sought;

(D) the reasons why the appeal should be allowed and is authorized by a statute or rule; and

(E) an attached copy of:

(i) the order, decree, or judgment complained of and any related opinion or memorandum, and

(ii) any order stating the district court's permission to appeal or finding that the necessary conditions are met.

(2) A party may file an answer in opposition or a cross-petition within 7 days after the petition is served.

(3) The petition and answer will be submitted without oral argument unless the court of appeals orders otherwise.

(c) **Form of Papers; Number of Copies.** All papers must conform to Rule 32(a)(1). An original and 3 copies must be filed unless the court requires a different number by local rule or by order in a particular case.

(d) **Grant of Permission; Fees; Cost Bond; Filing the Record.**

(1) Within 10 days after the entry of the order granting permission to appeal, the appellant must: