IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUDGE'S COPY

copy 118

TERRANCE MONTAGUE,               :
               PLAINTIFF         :     CIVIL NO. 1:CV-00-0895
                                 :
          V.                     :     (MAGISTRATE JUDGE SMYSER)
                                 :
ROBERT W. MEYERS, ET AL          :
               DEFENDANTS        :

MOTION FOR NEW TRIAL AND/OR
AMENDMENT OF JUDGMENT UNDER RULE 59

PLAINTIFF TERRANCE MONTAGUE PURSUANT TO FED.R.CIV.P. RULE 59
REQUEST THIS COURT FOR A NEW TRIAL (IF POSSIBLE WITHOUT A JURY) AND/OR
AMENDMENT OF JUDGMENT ON THE FOLLOWING REASONS AND GROUNDS:

    1. REASON:
    A) THE EVIDENCE ON THE RECORD AND ADDUCTED AT TRIAL CLEARLY
SHOWS AND PROVES THAT PLAINTIFF HAS A SERIOUS MEDICAL NEED,
WHERE HE WAS DIAGNOSED BY A PHYSICIAN AS HAVING A RESPIRATORY
DISEASE (ASTHMA), DEFENDANT'S WENT AGAINST THE DEPARTMENT OF
CORRECTIONS' SMOKING POLICY, AND PLAINTIFF'S PLEAS FOR HELP
AND/OR FOR MEDICAL, AND ON A NUMBER OF OCCASIONS CELLED PLAINTIFF
WITH HEAVY SMOKERS, WHERE THESE CELL-MATE'S TOBACCO SMOKE
IRRITATED PLAINTIFF'S ASTHMA CAUSING HIM BREATHING PROBLEMS,
WHERE THESE LIVING CONDITION CAUSE PLAINTIFF PAIN, DISCOMFORT,
AND/OR WAS A THREAT TO GOOD HEALTH.

    2. GROUNDS:
    A) DEFECTS IN DUE PROCESS;
    B) VERDICT WAS AGAINST THE WEIGHT AND SUFFICIENCY OF THE
EVIDENCE; AND/OR
    C) UNJUST RESULT OR MISCARRIAGE OF JUSTICE.

DATED: 2-18-02 _____          _Terrance Montague_____
                                        TERRANCE MONTAGUE, BZ-2751
                                        BOX A, BELLEFONTE, PA 16823-0820

FILED
FEB 2 2 2002
PER_____
HARRISBURG, PA  DEPUTY C

BRIEF IN SUPPORT

RULE 59 OF THE FED.R.CIV.P. PROVIDES FOR THE FILING AND GRANTING
OF THIS MOTION FOR AFORESAID REASONS AND GROUNDS.

    1. IN SUPPORT OF REASONS:
    A) UNDER THE CONSTITUTION, PRISON OFFICIALS NEED PROVIDE CARE
ONLY FOR "SERIOUS MEDICAL NEEDS. ESTELLE V. GAMBLE, 429 U.S. 97,
104, 97 S.CT. 285 (1976). TO PROVE A SERIOUS MEDICAL NEED PLAINTIFF
MUST PROVE THAT HIS MEDICAL CONDITION WAS DIAGNOSED BY A PHYSICIAN
AS MANDATING TREATMENT OR IS SO OBVIOUS THAT EVEN A LAY PERSON WOULD
EASILY RECOGNIZE THE NECESSITY FOR A DOCTOR'S ATTENTION. RAMOS V.
LAMM, 639 F.2D 559, 575 (10TH CIR. 1980), CERT. DENIED, 450 U.S.
1041 (1981). OR THAT IT SIGNIFICANTLY AFFECTED PLAINTIFF'S DAILY
ACTIVITIES. TILLERY V. OWENS, 719 F.SUPP. 1256, 1286 (W.D.PA. 1989)
907 F.2D 418 (3D CIR. 1990). OR THAT HE LIVED UNDER CONDITIONS THAT
CAUSE PAIN, DISCOMFORT, OR THREAT TO GOOD HEALTH. DEAN V. COUGHLIN,
623 F.SUPP. 392, 404 (S.D.N.Y. 1985) BORETTI V. WISCOMB, 930 F.2D
1150, 1154-55 (6TH CIR. 1991). THAT PLAINTIFF, IN THIS INSTANT ACTION
HAS SHOWN, THAT THE EVIDENCE ON RECORD AND ADDUCTED AT TRIAL CLEARLY
AND OVERWHELMINGLY SHOWS AND PROVES HE HAD A SERIOUS MEDICAL NEED
AND THAT THE CONDITIONS THAT HE WAS FORCED TO LIVE UNDER VIOLATED
THE EIGHTH AMENDMENT PROHIBITION ON UNNECESSARY AND WANTON INFLICTION
OF PAIN. ESTELLE V. GAMBLE, 429 U.S. 97, 104, 97 S.CT. 285 (1976).

    2. IN SUPPORT OF GROUNDS:
    A) DEFECTS IN DUE

DEFECTS IN DUE PROCESS WILL JUSTIFY A NEW TRIAL. VIRGIN ISLANDS
NAT. BANK V. TROPICAL VENTURES, INC, D.C. VIRGIN ISLANDS, 1973,
358 F.SUPP. 1203.

JUDGE IS UNDER A DUTY TO GRANT A NEW TRIAL WHENEVER NEEDED TO
PREVENT INJUSTICE, AND SINCE JUDGE MAY DO THIS IN HIS SOUND
DISCRETION HE MAY EXERCISE THAT LESS DRASTIC ALTERNATIVE OF
MAKING SUA SPONTA INTERLOCUTORY RULING ON DUE PROCESS QUESTIONS.
ID.

B) WEIGHT AND SUFFICIENCY OF EVIDENCE

ON MOTION FOR NEW TRIAL, TRIAL JUDGE IS FREE TO WEIGH EVIDENCE
HIMSELF AND NEED NOT VIEW IT IN LIGHT MOST FAVORABLE TO VERDICT
WINNER.  BEVEVION V. SAYDJARI, C.A.N.Y. 1978, 574 F.2D 679.

ON MOTION FOR NEW TRIAL, TRIAL JUDGE, EXERCISING MATURE JUDICIAL
DISCRETION, SHOULD VIEW VERDICT IN OVERALL SETTING OF TRIAL,
CONSIDER CHARACTER OF EVIDENCE AND COMPLEXITY OR SIMPLICITY
OF LEGAL PRINCIPLES WHICH JURY WAS BOUND TO APPLY TO FACTS,
AND ABSTAIN FORM INTERFERING WITH VERDICT UNLESS IT IS QUITE
CLEAR THAT JURY HAS REACH SERIOUSLY ERRONEOUS RESULT; JUDGE'S
DUTY IS ESSENTIALLY TO SEE THAT THERE IS NO MISCARRIAGE OF
JUSTICE. ID.

TO PREVAIL ON MOTION FOR NEW TRIAL, LOSING PARTY MUST DEMONSTRATE
THAT VERDICT WAS CLEARLY OR OVERWHELMINGLY AGAINST WEIGHT OF
THE EVIDENCE.  PREBBLE V. BRODRICK, C.A.WYO. 1979, 535 F.2D
605.

C) UNJUST RESULT OR MISCARRIAGE OF JUSTICE

ALTHOUGH A TRIAL COURT HAS MUCH DISCRETION IN DECIDING WHETHER
TO GRANT A NEW TRAIL, THE COURT MUST NOT INTERFERE WITH THE
JURY VERDICT ON SUCH GROUNDS UNLESS IT IS QUITE CLEAR THAT THE
JURY HAS REACHED A SERIOUSLY ERRONEOUS RESULT WHICH WOULD AMOUNT
TO A MISCARRIAGE OF JUSTICE IF IT WERE LEFT STANDING.  MELE
V. ALL-STAR INS. CORP, D.C.PA. 1978, 453 F.SUPP. 1338.

DATED: _2-18-02_____

_Terrance Montague_____
TERRANCE MONTAGUE, BZ-2761
BOX A, BELLEFONTE, PA 16823-0820