ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,  :
  :
  Plaintiff :
  :  No. 1:CV-00-0895
v. :
  :  (Magistrate Judge Smyser)
ROBERT W. MEYERS, et al., :
  :
  Defendants :

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR NEW TRIAL
AND/OR ARREST OF JUDGMENT**

FILED
HARRISBURG, PA
MAR 0 8 2002
MARY E. D'ANDREA, C
Per _____

**STATEMENT OF THE CASE**

This is a civil action for damages brought by an inmate of a Pennsylvania correctional institution under the Civil Rights Act of 1871, 42 U.S.C. §1983. Plaintiff is Terrance Montague, who is incarcerated at the State Correctional Institution at Rockview (SCI-Rockview). Defendants are various officials and employees at SCI-Rockview, including the Superintendent, Robert Meyers, and the former Secretary of the Pennsylvania Department of Corrections, Martin Horn.

At trial, plaintiff claimed that he had been subjected to cruel and unusual punishment at SCI-Rockview because he has been exposed to environmental tobacco smoke ("ETS"). He sought damages for the temporary period of time he allegedly

was required to double cell with a smoker. The defendants maintained that any short-term exposure to ETS did not cause plaintiff any significant harm, that efforts were made to change cellmates as needed until such time as plaintiff would agree to the conditions for transfer to a non-smoking block and that the defendants were not deliberately indifferent to a serious medical need.

## PROCEDURAL HISTORY

The complaint in this case was filed on May 28, 2000 and defendants filed their answer on July 31, 2000. By order dated February 23, 2001, the Court granted leave to plaintiff to file a supplemental complaint, which he did on February 23, 2001. Defendants answered the supplemental complaint on March 15, 2001. On June 26, 2001, defendants filed a motion for summary judgment and their brief in support of that motion on July 10, 2001. This Court by order dated October 25, 2001, granted defendants' motion for summary judgment with respect to the retaliation claim and denied the motion in all other respects. A jury trial was held on February 4-6, 2002 and the jury returned a verdict in favor of all the defendants, finding no violation of plaintiff's Eighth Amendment rights in that the plaintiff did not have a serious medical need.

Plaintiff filed a motion for new trial and/or amendment of judgment under Fed.R.C.P. 59 on February 18, 2002. This brief is filed in opposition to that motion.

2

# STATEMENT OF RELEVANT FACTS[1]

In May, 1999, plaintiff was transferred from SCI-Greensburg to SCI-Rockview. Between May 1999 and April 2001, plaintiff was housed in various locations, including A-block, the Restricted Housing Unit (RHU), the infirmary and the mental health unit at SCI-Rockview, as well as a temporary transfer to SCI-Waymart. With respect to the periods of time about which plaintiff complains in his complaint, plaintiff was housed in Cell 2017 on A-block from 12/27/99 to 1/4/00; on 1/4/00 plaintiff was transferred to the RHU. From 2/7/00 to 2/29/00, plaintiff was housed in Cell 5018 on A-block. On 2/29/00, plaintiff was moved to Cell 5014 and then to Cell 3018. From 4/27/00 to 5/3/00, plaintiff was housed in Cell 3032 and then was moved to Cell 1038. Plaintiff was transferred to B-block, the non-smoking block on April 30, 2001.

Until Montague was transferred to the non smoking block, the Unit Manager on A-block attempted to accommodate plaintiff's requests to be celled with an inmate of his choice, within the constraints of trying to accommodate the housing needs of over 400 inmates on the block.

---

[1] No transcript of the trial testimony has been prepared because plaintiff has not ordered it. Our statement of facts is based upon recollection of witnesses' testimony.

3

During the relevant time period, Montague was seen numerous times by the medical department concerning his complaints about his asthma and his exposure to second hand tobacco smoke. Information in Montague's medical records reveal that while he was housed at Rockview his asthma was well controlled. Moreover, the Unit Manager of A Block was never advised by a physician, the medical director or the medical staff that Montague had a medical restriction that required a non-smoking cellmate, a single cell or immediate transfer to the non-smoking block.

Montague was given the opportunity to transfer to the non-smoking block in February 2001, but he declined. When he agreed to abide by the rules and procedures of the non-smoking block, which include the non-possession of tobacco products, he was transferred to the non-smoking block.

## QUESTIONS PRESENTED

I.  **Was the Evidence Presented at Trial Sufficient for a Jury to Properly Find Defendants Did Not Violate Plaintiff's Rights Under the Eighth Amendment?**

II. **Should the Jury's Verdict be Set Aside for Alleged Defects in Due Process?**

III. **Should the Jury's Verdict Be Set Aside for Alleged Unjust Result or Miscarriage of Justice?**

## ARGUMENT

I. **THE EVIDENCE WAS SUFFICIENT FOR A JURY TO PROPERLY FIND DEFENDANTS DID NOT VIOLATE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT.**

In reviewing a motion for judgment as a matter of law following a trial, the court must determine whether, viewing the evidence in the light most favorable to the verdict winner, no reasonable jury could decide in that person's favor. Santi v. CNA Ins. Companies, 88 F.3d 192 (3d Cir. 1996). While this test is deferential to the jury's findings, it requires that there be more than a scintilla of evidence. Gomez v. Allegheny Health Services, Inc., 71 F.3d 1070 (3d Cir. 1995). The question is not whether there is literally no evidence supporting the verdict, but whether there is evidence upon which a reasonable jury could properly have found its verdict. Patzig v. O'Neill, 577 F.2d 841, 846 (3d Cir. 1978). Further, to prevail on a motion to amend or alter a judgment, or for a new trial, the movant must show that the motion is necessary to correct manifest errors of law or fact. See Blackiston v. Johnson, No. Civ.A. 91-5111, 1995 WL 563834 at *2 (E.D.Pa. Sept. 21, 1995), aff'd. mem., 91 F.3d 122 (3d Cir.), cert denied, 519 U.S. 953 (1996).

In considering plaintiff's motion, the court must view the evidence with all reasonable inferences most favorable to the party who obtained the jury verdict.

5

Simone v. Golden Nuggest Hotel and Casino, 844 F.2d 1031 (3d Cir. 1988). Nevertheless, the party with the burden of proof may not satisfy that burden by remaining silent and simply hoping that the jury will disbelieve the witnesses presented by the opposing party. Perfetti v. First National Bank of Chicago, 950 F.2d 449 (7th Cir. 1991), cert. denied, 112 S.Ct. 2991 (1991).

Defendants first submit that the evidence at trial was sufficient for a reasonable jury to find that defendants did not violate plaintiff's rights under the Eighth Amendment. The evidence presented at trial was sufficient for the jury to properly find that Montague did not have a serious medical need and therefore entitled to no relief.

During the course of the trial, testimony and medical documentation were presented to the jury concerning Montague's asthma including diagnostic testing, the results of the testing, receipt of medical treatment and recommendations made by the medical staff at SCI-Rockview. Larry Lidgett, the Health Care Administrator at SCI-Rockview, testified that while Montague is a mild asthmatic, his asthma is well controlled at SCI-Rockview. Lidgett further testified that Montague is evaluated by the asthma clinic at Rockview every three months and that his records note excellent air exchange and no abnormal findings. The testimony and medical records demonstrated that whenever Montague complained to the medical department about

6

breathing difficulty and exposure to tobacco smoke, he was examined by the medical staff. The objective results of the examinations consistently found no acute distress, that Montague's breathing was not compromised and that he had excellent oxygen levels. Furthermore, the evidence established that while recommendations were made by the medical staff to place Montague on the non-smoking block, no physician ordered or mandated that he be moved onto a non-smoking block, the infirmary or a single cell. Accordingly, there was credible evidence supporting the jury's decision that Montague did not have a serious medical need.

Moreover, the jury in this case was properly instructed that in order to find an Eighth Amendment violation, they must find that the plaintiff was suffering from a serious medical need and the prison officials were deliberately indifferent to that need. In accordance with Monmouth County Correctional Institution v. Lanzaro, 843 F.2d 326, 347 (3rd Cir. 1988), cert. denied, 486 U.S. 1006 (1988), and Boring v. Kozakiewicz, 833 F.2d 468 (3rd Cir.1988), cert. denied, 485 U.S. 991 (1988), the jury was further instructed that a medical need is serious under the Constitution if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention. The Court further instructed the jury that a plaintiff alleging constitutionally inadequate medical treatment must submit evidence of a serious medical need.

7

In addition to the medical evidence, testimony at trial established that the Unit Manager on A-block, Mr. Allar, attempted to accommodate plaintiff's requests to be celled with an inmate of his choice. The evidence revealed that it was the plaintiff who did not follow the rules and regulations of the block in order to find a non-smoking cellmate. Ironically, testimony at trial established that Montague, after complaining that his asthma was aggravated because he was housed with smokers, refused an earlier opportunity to be housed on the non-smoking block.

Obviously, by finding that Montague did not have a serious medical need, the jury concluded that the defendants were not deliberately indifferent to that need. In this case, the jury's verdict was appropriate and based upon sufficient evidence.

## II.  THE JURY'S VERDICT SHOULD NOT BE SET ASIDE FOR ALLEGED DEFECTS IN DUE PROCESS

In his motion and brief, Montague makes the bald assertion that defects in due process will justify a new trial. He neglects to state, however, the particular defects in due process that occurred at his trial.

Montague, as the party seeking a new trial bears the burden to show the precise Fourteenth Amendment due process defects he alleges transpired at trial. In accordance with F.R.C.P. 59, the motion must state with particularity the reasons for relief. See F.R.C.P. 59(a). Here, plaintiff has failed to state any reasons suggesting

8

how his due process rights were violated at trial. Accordingly, the jury's verdict should not be set aside for alleged defects in due process.

### III. THE JURY'S VERDICT SHOULD NOT BE SET ASIDE FOR ALLEGED UNJUST RESULT OR MISCARRIAGE OF JUSTICE.

Finally, Montague alleges that the jury's verdict was an unjust result or a miscarriage of justice. New trials may be granted where the verdict is contrary to the great weight of evidence and a new trial is necessary to prevent a miscarriage of justice. Greenleaf v. Garlock, Inc., 174 F.3d 362, 365-66 (3d Cir. 1999). For the reasons set forth in Argument I of this brief, defendants maintain that sufficient evidence was presented at trial to support the jury's verdict that Montague did not have a serious medical need. Therefore, the jury's verdict should not be set aside for an alleged unjust result or miscarriage of justice.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a new trial and/or amendment of judgment under Rule 59 should be denied.

>Respectfully submitted,
>
>D. MICHAEL FISHER
>Attorney General
>
>By: _____
>MARYANNE M. LEWIS
>Deputy Attorney General
>
>SUSAN J. FORNEY
>Chief Deputy Attorney General
>Chief, Litigation Section

Office of Attorney General
15th Flr., Strawberry Sq.
Harrisburg, PA  17120
FAX:  (717) 772-4526
Direct Dial:  (717) 787-9719

DATE: March 8, 2002

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE, :
:
  Plaintiff :
: No. 1:CV-00-0895
v. :
: (Magistrate Judge Smyser)
ROBERT W. MEYERS, et al., :
:
  Defendants :

### CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on this date, I caused to be served a true and correct copy of the foregoing Defendants' Brief in Opposition to Plaintiff's Motion for New Trial and/or Arrest of Judgment, by depositing it in the United States mail, first-class postage prepaid to the following:

Terrance Montague, BZ-2761
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

_____
MARYANNE M. LEWIS
Deputy Attorney General

**DATE: March 8, 2002**