ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE MONTAGUE,        :   CIVIL NO. 1:CV-00-0895
          PLAINTIFF       :
                          :
     V.                   :   (MAGISTRATE JUDGE SMYSER)
                          :
ROBERT W. MEYERS, ET AL   :
          DEFENDANTS      :

(122)
3-21-02
sc

FILED
HARRISBURG

MAR 20 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

PLAINTIFF'S RESPONSE TO DEFENDANT'S BRIEF
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
NEW TRIAL AND/OR ARREST OF JUDGMENT

STATEMENT OF THE CASE

1. AFFIRMED.

2. DENIED AS STATED. AT TRIAL, PLAINTIFF CLAIMED THAT HE HAD BEEN SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT AT SCI-ROCKVIEW BECAUSE HE HAS BEEN DIAGNOSED BY THE MEDICAL DEPARTMENT WITH ASTHMA, AND WAS BEING EXPOSED TO ENVIRONMENTAL TOBACCO SMOKE ("ETS"), WHICH IRRITATING HIS ASTHMA TO THE POINT OF CAUSING HIM BREATHING PROBLEMS, WHERE HIS ASTHMA HAS BECOME WORSE SINCE HE HAS BEEN HOUSED UNDER THESE CONDITIONS, WHERE DEFENDANTS WERE VIOLATING THERE OWN "SMOKING POLICY" AND STATE LAW BY HOUSING HIM WITH SMOKERS. HE SOUGHT DAMAGES FOR THE PERIODS OF TIME HE WAS REQUIRED TO DOUBLE CELL WITH SMOKERS, THAT CAUSED HIM SAID PROBLEMS, PAIN AND DISCOMFORT, FOR HIS WORSENED CONDITION, AND FOR FUTURE HARM CAUSED WHERE HIS ASTHMA MORE LIKELY THEN NOT WILL BECOME WORSER STILL.
WHERE PLAINTIFF WAS MADE TO LOOK FOR A CELLMATE THAT DID NOT SMOKE, AND WOULD AGREE TO CELL WITH HIM, WHERE PLAINTIFF DID LOOK AND COULD FIND NO ONE. WHERE DEFENDANTS DID NOT OFFER PLAINTIFF HOUSING ON THE NON-SMOKING BLOCK AND REFUSED TO LOOK INTO PLAINTIFF'S MEDICAL RECORD OR ACKNOWLEDGE THAT PLAINTIFF EVEN HAD ASTHMA UNTIL HE FILED THIS COMPLAINT AND PROVED SAME TO THE COURT THOUGH DISCOVERY. WHERE PLAINTIFF WAS IN A SINGLE CELL WITHOUT A SMOKER AS A CELLMATE AND WAS OFFERED HOUSING ON THE NON-SMOKING BLOCK, BUT FOUND OUT THAT THERE WAS UNDERCOVER SMOKERS ON THE BLOCK AND WAS AFRAID THAT HE WOULD WIND-UP WITH A SMOKER AS A CELLMATE, AND WHERE PLAINTIFF MAINTAINS THAT DEFENDANTS WERE DELIBERATELY INDIFFERENT TO A SERIOUS MEDICAL NEED BY THEIR RECKLESSNESS, AND/OR RECKLESS DISREGARD.
THE DEFENDANTS HAVE MAINTAINED THAT ANY SHORT-TERM EXPOSURE TO ETS DID NOT CAUSE PLAINTIFF ANY SIGNIFICANT HARM, THAT EFFORTS WERE MADE TO CHANGE CELL MATES AS NEEDED UNTIL SUCH TIME AS PLAINTIFF WOULD AGREE TO THE CONDITIONS FOR TRANSFER TO A NON-SMOKING BLOCK AND THAT THE DEFENDANTS WERE NOT DELIBERATELY INDIFFERENT TO A SERIOUS MEDICAL NEED.

PROCEDURAL HISTORY

3. AFFIRMED.

4. AFFIRMED.

STATEMENT OF RELEVANT FACTS

5. AFFIRMED.

6. AFFIRMED.

7. AFFIRMED.

I.   THE EVIDENCE WAS SUFFICIENT FOR A JURY
     TO PROPERLY FIND DEFENDANTS DID NOT
     VIOLATE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT.

8. PLAINTIFF CAN NEITHER AFFIRM OR DENY THIS PARAGRAPH IS A MATTER OF LAW FOR THE COURT TO DECIDE.

9. PLAINTIFF CAN NEITHER AFFIRM OR DENY THIS PARAGRAPH IS A MATTER OF LAW FOR THE COURT TO DECIDE.

10. DENIED. THE EVIDENCE AT TRIAL WAS NOT SUFFICIENT FOR A REASONABLE JURY TO FIND THAT DEFENDANTS DID NOT VIOLATE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT. THE EVIDENCE PRESENTED AT TRIAL WAS NOT SUFFICIENT FOR THE JURY TO PROPERLY FIND THAT MONTAGUE DID NOT HAVE A SERIOUS MEDICAL NEED AND THEREFORE PLAINTIFF IS ENTITLED TO RELIEF.

11. OBJECTION. AT TRIAL AND AS WELL AS HERE THE DEFENDANTS HAVE UNFAIRLY USED LARRY LIDGETT AS A MEDICAL EXPERT-WITNESS TO INTERPRET PLAINTIFF'S MEDICAL RECORD AND TO EVALUATE PLAINTIFF'S MEDICAL CONDITION, WHERE LIDGETT IS A DEFENDANT IN THIS ACTION, HAS IN THIS ACTION (AT FIRST) DENIED THAT PLAINTIFF EVER HAD ASTHMA, AND WHERE DEFENDANTS HAVE STIPULATED BEFORE TRIAL THAT THERE WOULD BE NO MEDICAL EXPERT TESTIMONY CAUSING THIS COURT TO DENY PLAINTIFF'S REQUEST FOR A MEDICAL EXPERT WHO WOULD HAVE FAIRLY INTERPRET PLAINTIFF'S MEDICAL RECORD AND EVALUATE PLAINTIFF'S MEDICAL CONDITION. PLAINTIFF POINTS TO THIS ACT AS BEING A DENIAL OF DUE PROCESS. PLAINTIFF WOULD ALSO LIKE TO REMIND THE COURT THAT THE MEDICAL STAFF AND/OR A DOCTOR OR NURSE (IN PRISON) CAN ONLY RECOMMEND THE PLACEMENT OR HOUSING OF AN INMATE BECAUSE OF SECURITY CONCERNS.

12. PLAINTIFF CAN NEITHER AFFIRM OR DENY THIS PARAGRAPH IS A MATTER OF LAW FOR THE COURT TO DECIDE. BUT, PLAINTIFF CAN CLEARLY SHOW THAT HE HAS SUBMITTED EVIDENCE OF A SERIOUS MEDICAL NEED.

13. DENIED AS STATED. THE RULES AND REGULATIONS OF THE BLOCK WERE NOT IN ACCORDANCE WITH THE "SMOKING POLICY," JUST AS IT WOULD BE CRUEL AND UNUSUAL TO CELL A PERSON WITH A BAD HEART AND A PACEMAKER INTO A ROOM WITH A MICROWAVE THAT IS BEING ALL THE TIME UNTIL THAT PERSON COULD FIND OTHER ACCOMMODATIONS, IT WAS CRUEL AND UNUSUAL TO CELL PLAINTIFF WHO'S ASTHMA IS IRRITATED AND CAUSES BREATHING PROBLEMS BY SMOKE IN A CELL WITH A HEAVY SMOKER.

14. DENIED. MONTAGUE DID PROVE THAT HE DID HAVE A SERIOUS MEDICAL NEED AS OUTLINED IN PARAGRAPH #2 AND PLAINTIFF'S MOTION FOR NEW TRIAL AND/OR ARREST OF JUDGMENT.

II. THE JURY'S VERDICT SHOULD NOT BE SET ASIDE FOR ALLEGED DEFECTS IN DUE PROCESS.

15. PLAINTIFF POINTS TO THE DEFECTS IN DUE PROCESS AS BEING THAT: (1) PLAINTIFF HAD AN ALL WHITE JURY, WHERE HE IS BLACK; (2) DEFENDANTS TRICKED THE COURT AND HAD LARRY LIDGETT TESTIFY AS A MEDICAL EXPERT-WITNESS, WHERE PLAINTIFF WAS DENIED AN EXPERT-WITNESS BECAUSE DEFENDANTS SAID THEY WOULD PRESENT NONE; (3) OR MAYBE ITS THE VENUE BECAUSE OF THE FEELING OF THIS STATE AND/OR THIS COUNTRY POST 9/11, WHERE PEOPLE (INCLUDING THE PLAINTIFF) ARE BACKING THE STATE AND FEDERAL GOVERNMENT IN WHAT WE CONSIDER AS A NECESSARY EVIL, AND PEOPLE WANT TO DO WHAT EVER THEY CAN TO HELP; BUT MAINLY (4) IT WAS THE ERROR OR FAILURE OF THE JURY TO SEE OR GIVE A VERDICT THAT PLAINTIFF HAD PROVED THE INDISPUTABLE MATERIAL FACTS THE THAT HE HAD A SERIOUS MEDICAL NEED AS OUTLINED IN PARAGRAPH #2 AND PLAINTIFF'S MOTION FOR NEW TRIAL AND/OR ARREST OF JUDGMENT.

16. DENIED. SEE PARAGRAPH #15.

III. THE JURY'S VERDICT SHOULD NOT BE SET ASIDE FOR ALLEGED UNJUST RESULT OR MISCARRIAGE OF JUSTICE.

17. FOR THE REASONS SET FORTH IN PLAINTIFF'S MOTION AND IN THIS BRIEF, PLAINTIFF MAINTAINS THAT SUFFICIENT EVIDENCE WAS PRESENTED AT TRIAL TO SUPPORT PLAINTIFF'S "MOTION FOR NEW TRIAL AND/OR ARREST OF JUDGMENT" THAT MONTAGUE DID HAVE A SERIOUS MEDICAL NEED. THEREFORE, THE JURY'S VERDICT SHOULD BE SET ASIDE FOR AN ALLEGED UNJUST RESULT OR MISCARRIAGE OF JUSTICE.

DATED: 3-15-02

*Terrance Montague*
TERRANCE MONTAGUE, BZ-2761
BOX A, BELLEFONTE, PA 16823-0820

NAME: Duane Montague
NUMBER: BZ-2961
BOX A
BELLEFONTE, PA. 16823-0820

INMATE M/
PA DEPT OF
CORRECTIONS

**FILED**
**HARRISBURG**

MAR 2 0 2002

MARY E. D'ANDREA, CLERK
Per_____
　　　　DEPUTY CLERK

CLERK'S OFFICE
U.S. DISTRICT COURT
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108



BELLEFONTE PA
MAR 18 02
PB METER 7107228
$0.34
U.S. POSTAGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE MONTAGUE,<br>　　　　V. PLAINTIFF<br>ROBERT W. MEYERS, ET AL<br>　　　　DEFENDANTS | CIVIL NO. 1: CV-00-0895<br>(MAGISTRATE JUDGE SMYSER) |

CERTIFICATE OF SERVICE

I, TERRANCE MONTAGUE HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF PLAINTIFF'S RESPONSE TO DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL AND\OR ARREST OF JUDGMENT WAS SERVED ON THE FOLLOWING

CLERK'S OFFICE
U.S. DISTRICT COURT
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108
(DATE: 3-15-02)
MARYANNE M. LEWIS
OFFICE OF ATTORNEY GENERAL
COMMONWEALTH OF PENNSYLVANIA
STRAWBERRY SQUARE
HARRISBURG, PA 17120

TERRANCE MONTAGUE
*Terrance Montague*