**UNREPORTED - NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 02-1568
_____

TERRANCE MONTAGUE,
                              Appellant,

v.

ROBERT W. MEYERS, Superintendent at SCI-Rockview; ROBERT S. BITNER, Member of the Central Office Review Committee at SCI-Camp Hill; DAVID J. WAKEFIELD, Deputy Superintendent at SCI-Rockview; TERRY L. WHITMAN, Deputy Superintendent at SCI-Rockview; JACK ALLAR, Unit Manager at SCI-Rockview; LARRY LIDGETT, Health Care Administrator at SCI-Rockview; LT. DECKER, Block Lieutenant at SCI-Rockview; MAJOR YANCY, Major of the Guards at SCI-Rockview; JEFFREY A. RACKOVAN, Grievance Coordinator at SCI-Rockview

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-00895-JAS)
Magistrate Judge:  Honorable J. Andrew Smyser
_____

Submitted Under Third Circuit LAR 34.1(a)
August 8, 2003

Before:   NYGAARD, STAPLETON AND COWEN, <u>Circuit Judges</u>.

(Filed: August 13, 2003)
_____

OPINION
_____

PER CURIAM

      Terrance Montague appeals from the District Court's entry of judgment in favor of

the defendants in his action filed pursuant to 42 U.S.C. § 1983.  For the reasons that follow, we will affirm.

I.

Montague is incarcerated at the State Correctional Institution in Rockview, Pennsylvania.  In May 2000, Montague filed in the District Court a § 1983 complaint against several Department of Corrections officials and employees, alleging that they violated his Eighth Amendment rights by housing him with cellmates who smoked cigarettes.  He requested injunctive relief and monetary damages.  With leave of the court, Montague supplemented his complaint to allege that the defendants transferred him temporarily to SCI-Waymart for a mental health evaluation in retaliation for filing his complaint.

The defendants moved for summary judgment as to each of Montague's claims.  The District Court[1] granted the defendants' motion on Montague's claim of retaliation, but denied it as to his Eighth Amendment claim based on exposure to environmental tobacco smoke.  Before the matter proceeded to trial, Montague asked the District Court to appoint counsel to represent him.  The District Court denied Montague's request after weighing the factors prescribed in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).  A jury found that Montague did not suffer from a serious medical need, and returned a verdict in

---

[1] The parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

favor of the defendants. Montague filed a timely notice of appeal. The District Court subsequently denied Montague's timely motion for a new trial.[2]

## II.

We address first whether the District Court erred by granting the defendants' motion for summary judgment on Montague's retaliation claim. We review de novo an order granting summary judgment. Saldana v. K Mart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c).

In order to demonstrate retaliation in violation of the Constitution, Montague must prove that: (1) the conduct in which he was engaged was constitutionally protected; (2) he suffered an adverse action at the hands of the defendants; and (3) his constitutionally protected conduct was a substantial or motivating factor in the defendants' challenged decision. Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002)(citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). Here, the District Court concluded that Montague had failed to adduce any evidence establishing a causal link between the filing of his

---

[2] We lack jurisdiction to review the District Court's order denying Montague's motion for a new trial because he did not file a notice of appeal or an amended notice of appeal from this order. See Fed. R. App. P. 4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000). We thus find it curious that the Appellees' sole argument on appeal is that the District Court did not abuse its discretion in denying Montague's motion for a new trial.

complaint in May 2000 and his transfer to SCI-Waymart for about three weeks in December 2000. Upon review of the record, we agree for the reasons set forth in the District Court's comprehensive Memorandum and Order. Accordingly, we will affirm its decision to grant summary judgment on Montague's retaliation claim.

Montague's chief argument on appeal is that the evidence does not support the jury's finding that he had no serious medical need for the purpose of establishing an Eighth Amendment violation. He raised this argument to the District Court in his timely motion for a new trial. As noted above, we lack jurisdiction to review the District Court's order denying his motion for a new trial. In reviewing the judgment entered in this matter, however, we find sufficient evidence to support the jury's conclusion that Montague did not suffer a serious medical need. See Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003)(requiring prisoner claiming present injury from environmental tobacco smoke to establish deliberate indifference to a serious medical need). The medical evidence established that Montague's asthma was mild and well-controlled. When he complained about exposure to cigarette smoke, he was examined by medical staff, who consistently reported that his breathing was not compromised and that his oxygen levels were excellent. In short, the jury's finding is supported by credible evidence and we will not disturb it.[3]

---

[3] A prisoner may also assert a claim for potential future harm arising from his exposure to environmental tobacco smoke. See Atkinson, 316 F.3d at 262. Here, the District Court concluded that Montague had not alleged a future injury. We agree.

Finally, we address Montague's suggestion that the District Court erred by denying his motion for appointment of counsel. Our review is limited to determining whether the decision "was clearly an abuse of discretion" under the particular circumstances of the case. Tabron, 6 F.3d at 155 n.4. As described previously, the District Court weighed each of the Tabron factors and concluded that appointment of counsel was not warranted. We note that the fact that Montague's Eighth Amendment claim was proceeding to trial before a jury weighed in favor of appointing counsel. Notwithstanding, we cannot conclude that the District Court abused its broad discretion by denying Montague's request after carefully considering each of the Tabron factors.

III.

For the foregoing reasons, we will AFFIRM the District Court's entry of judgment in favor of the defendants.